**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No.: 12-CV-81311-Middlebrooks/Brannon

UNITED STATES COMMODITY FUTURES
TRADING COMMISSION,

       Plaintiff,

v.

HUNTER WISE COMMODITIES, LLC,
HUNTER WISE SERVICES, LLC, HUNTER
WISE CREDIT, LLC, HUNTER WISE
TRADING, LLC, LLOYDS COMMODITIES,
LLC, LLOYDS COMMODITIES CREDIT
COMPANY, LLC, LLOYDS SERVICES,
LLC, C.D. HOPKINS FINANCIAL, LLC,
HARD ASSET LENDING GROUP, LLC,
BLACKSTONE METALS GROUP, LLC,
NEWBRIDGE ALLIANCE, INC., UNITED
STATES CAPITAL TRUST, LLC, HAROLD
EDWARD MARTIN, JR., FRED JAGER,
JAMES BURBAGE, FRANK GAUDINO,
BARIS KESER, CHADEWICK HOPKINS,
JOHN KING, and DAVID A. MOORE,

       Defendants.

_____/

**ANSWER OF UNITED STATES CAPITAL TRUST, LLC AND DAVID A. MOORE**

    Now come defendants United States Capital Trust LLC and David A. Moore, by and

through their attorneys, and in response to the complaint filed against them, answer as

follows:

1.  Defendants deny the allegations contained in paragraph 1 of the complaint.

2.  Defendants deny the allegations contained in paragraph 2 of the complaint.

3.  Defendants deny the allegations contained in paragraph 3 of the complaint.

4.  Defendants deny the allegations contained in paragraph 4 of the complaint.

5.  Defendants deny the allegations contained in paragraph 5 of the complaint.

6.  Defendants deny the allegations contained in paragraph 6 of the complaint.

## II. Jurisdiction and Venue

7.  Defendants admit the allegations contained in paragraph 7 of the complaint.

8.  Defendants deny the allegations contained in paragraph 8 of the complaint.

9.  Defendants admit the allegations contained in paragraph 9 of the complaint.

## III. Parties

10. Defendants admit the allegations contained in paragraph 10 of the complaint.

11. Defendants admit the allegations contained in paragraph 11 of the complaint.

### A. The Hunter Wise Defendants

12. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 12 and therefore must deny same.

13. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 13 and therefore must deny same.

14. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 14 and therefore must deny same.

15. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 15 and therefore must deny same.

### B. The Lloyds Commodity Defendants

16. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 16 and therefore must deny same.

17. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 17 and therefore must deny same.

**C. The Dealer Defendants**

18. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 18 and therefore must deny same.

19. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 19 and therefore must deny same.

20. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 20 and therefore must deny same.

21. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 21 and therefore must deny same.

22. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 22 and therefore must deny same.

23. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 23 and therefore must deny same.

24. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 24 and therefore must deny same.

25. Defendants deny the allegations contained in paragraph 25 of the complaint.

26. Defendants admit the allegations contained in paragraph 26 of the complaint.

## IV. STATUTORY BACKGROUND

27. Defendants must deny the allegations contained in paragraph 27 of the complaint, because that paragraph refers to "certain exceptions not applicable here." Without knowing what exceptions are being referred to, defendants cannot admit to the allegations contained in paragraph 27.

28. Defendants admit the allegations contained in paragraph 28 of the complaint.

29. Defendants admit the allegations contained in paragraph 29 of the complaint.

30. Defendants admit the allegations contained in paragraph 30 of the complaint.

## V. FACTS

### A. The Defendants Illegal Retail Commodity Transactions

#### i. Overview of the Defendants Retail Commodity Transactions

31. Defendants deny the allegations contained in paragraph 31 of the complaint.

32. Defendants admit the allegations contained in paragraph 32 of the complaint.

33. Defendants deny the allegations contained in paragraph 33 of the complaint.

34. Defendants deny the allegations contained in paragraph 34 of the complaint.

#### ii. CD Hopkins, Blackstone, Newbridge and USCT Solicit Customers for Illegal Retail Commodity Transactions

35. Defendants deny the allegations contained in paragraph 35 of the complaint.

36. Defendants deny the allegations contained in paragraph 36 of the complaint.

37. Defendants deny the allegations contained in paragraph 37 of the complaint.

38. Defendants deny the allegations contained in paragraph 38 of the complaint.

39. Defendants deny the allegations contained in paragraph 39 of the complaint.

#### iii. Lloyds Commodities Accepts Orders for Illegal Retail Commodity Transactions

40. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 40 of the complaint and therefore must deny same.

41. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 41 of the complaint and therefore must deny same.

42. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 42 of the complaint and must deny same.

43. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 43 of the complaint and must deny same.

44. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 44 of the complaint and must deny same.

**iv. Hunter Wise Executes Illegal Retail Commodity Transactions**

45. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 45 of the complaint and must deny same.

46. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 46 of the complaint and must deny same.

47. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 47 of the complaint and must deny same.

48. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 48 of the complaint and must deny same.

49. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 49 of the complaint and must deny same.

50. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 50 of the complaint and must deny same.

51. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 51 of the complaint and must deny same.

52. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 50 of the complaint and must deny same.

### B. Material Misrepresentations Made to Retail Customers

#### i. Misrepresentations about the Purchase and Delivery of Physical Metals

53. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 53 of the complaint and therefore must deny same.

#### 1. Misrepresentations on Websites

54. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 54 of the complaint and therefore must deny same.

55. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 55 and subparagraphs and therefore must deny same.

56. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 56 and subparagraphs and therefore must deny same.

57. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 57 and subparagraphs and therefore must deny same.

58. Defendants admit that they made the representations contained in paragraph 58 and its subparagraphs but deny they were fraudulent or misrepresentations since they were based on information provided to them by Lloyds Commodities.

#### 2. Misrepresentations in Account Agreements and Applications

59. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 59 and therefore must deny same.

60. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 60 and therefore must deny same.

61. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 61 and therefore must deny same.

62. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 62 and therefore must deny same.

63. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 63 and therefore must deny same.

64. Defendants deny the allegations contained in paragraph 64 of the complaint.

65. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 65 and therefore must deny same.

66. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 66 and therefore must deny same.

### 3. Misrepresentations in "Transfer of Commodity" Notices

67. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 67 and therefore must deny same.

68. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 68 and therefore must deny same.

69. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 69 and therefore must deny same.

70. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 70 of the complaint and its subparagraphs and therefore must deny same.

71. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 71 of the complaint and its subparagraphs and therefore must deny same.

72. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 72 of the complaint and therefore must deny same.

### ii. Misrepresentations about the Purported Loan

73. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 73 and therefore must deny same.

74. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 74 and therefore must deny same.

75. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 75 and therefore must deny same.

76. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 76 and therefore must deny same.

77. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 77 and therefore must deny same.

### iii. Omissions Relating to Profit and Risk

78. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 78 and therefore must deny same.

79. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 79 and therefore must deny same.

80. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 80 and therefore must deny same.

81. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 81 and therefore must deny same.

82. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 82 and therefore must deny same.

83. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 83 and therefore must deny same.

84. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 84 and therefore must deny same.

85. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 85 and therefore must deny same.

### C. Hunter Wise and Lloyds Commodities Aided and Abetted the Dealer Defendants

86. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 86 and therefore must deny same.

87. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 87 and therefore must deny same.

88. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 88 and therefore must deny same.

89. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 89 and therefore must deny same.

90. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 90 and therefore must deny same.

91. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 91 and therefore must deny same.

92. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 92 and therefore must deny same.

93. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 93 and therefore must deny same.

94. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 94 and therefore must deny same.

95. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 95 and therefore must deny same.

96. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 96 and therefore must deny same.

97. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 97 and therefore must deny same.

98. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 98 and therefore must deny same.

99. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 99 and its subparagraphs and therefore must deny same.

100. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 100 and therefore must deny same.

101. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 101 and therefore must deny same.

102. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 102 and therefore must deny same.

103. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 103 and therefore must deny same.

104. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 104 and therefore must deny same.

105.     Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 105 and therefore must deny same.

## V. VIOLATIONS OF THE COMMODITY EXCHANGE ACT AND THE COMMISSION'S REGULATIONS

### COUNT ONE
### VIOLATIONS OF SECTION 4(a) OF THE ACT:
### ILLEGAL, OFF-EXCHANGE TRANSACTIONS
### AGAINST ALL DEFENDANTS

106.     The answers contained in Paragraphs 1 through 105 are restated and incorporated.

107.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 107 of the complaint and therefore must deny same.

108.     Defendants deny the allegations contained in paragraph 108 of the complaint.

109.     Defendants deny the allegations contained in paragraph 109 of the complaint.

110.     Defendants deny the allegations contained in paragraph 110 of the complaint.

111.     Defendants deny the allegations contained in paragraph 111 of the complaint.

112.     Defendants deny the allegations contained in paragraph 112 of the complaint.

113.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 113 and must deny same.

114.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 114 and must deny same.

115.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 115 and must deny same.

116.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 116 and must deny same.

117.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 117 and must deny same.

118.     Defendants deny the allegations contained in paragraph 118 of the complaint.

**COUNT TWO**
**VIOLATIONS OF SECTION 4b OF THE ACT**
**AGAINST HUNTER WISE, MARTIN AND JAGER**

119.     The answers contained in Paragraphs 1 through 118 are restated and incorporated.

120.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 120 and therefore must deny same.

121.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 121 and therefore must deny same.

122.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 122 and therefore must deny same.

123.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 123 and therefore must deny same.

124.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 124 and therefore must deny same.

125.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 125 and therefore must deny same.

126.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 126 and therefore must deny same.

127.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 127 and therefore must deny same.

**COUNT THREE**
**VIOLATIONS OF SECTION 6(c)(1) OF THE ACT AND RULE 180.1**
**AGAINST HUNTER WISE, MARTIN AND JAGER**

128.     The answers contained in Paragraphs 1 through 118 are restated and incorporated.

129.     Defendants have insufficient knowledge to either admit or deny the allegations

contained in paragraph 129 and therefore must deny same.

130.     Defendants have insufficient knowledge to either admit or deny the allegations

contained in paragraph 130 and therefore must deny same.

131.     Defendants have insufficient knowledge to either admit or deny the allegations

contained in paragraph 131 and therefore must deny same.

132.     Defendants have insufficient knowledge to either admit or deny the allegations

contained in paragraph 132 and therefore must deny same.

133.     Defendants have insufficient knowledge to either admit or deny the allegations

contained in paragraph 133 and therefore must deny same.

134.     Defendants have insufficient knowledge to either admit or deny the allegations

contained in paragraph 134 and therefore must deny same.

135.     Defendants have insufficient knowledge to either admit or deny the allegations

contained in paragraph 135 and therefore must deny same.

136.     Defendants have insufficient knowledge to either admit or deny the allegations

contained in paragraph 136 and therefore must deny same.

**COUNT FOUR**
**VIOLATIONS OF SECTION 4b OF THE ACT - FRAUD**
**AGAINST CD HOPKINS, HARD ASSET AND CHAD HOPKINS**

137.     The answers contained in Paragraphs 1 through 118 are restated and incorporated.

138.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 138 and therefore must deny same.

139.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 139 and therefore must deny same.

140.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 140 and therefore must deny same.

141.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 141 and therefore must deny same.

142.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 142 and therefore must deny same.

**COUNT FIVE**
**VIOLATIONS OF SECTION 6(c)(1) OF THE ACT AND RULE 180.1**
**AGAINST CD HOPKINS, HARD ASSET AND CHAD HOPKINS**

143.     The answers contained in Paragraphs 1 through 118 are restated and incorporated.

144.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 144 and therefore must deny same.

145.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 145 and therefore must deny same.

146.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 146 and therefore must deny same.

147.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 147 and therefore must deny same.

148.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 148 and therefore must deny same.

149.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 149 and therefore must deny same.

150.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 150 and therefore must deny same.

## COUNT SIX
## VIOLATIONS OF SECTION 4b OF THE ACT
## AGAINST BLACKSTONE AND KESER

151.     The answers contained in Paragraphs 1 through 118 are restated and incorporated.

152.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 152 and therefore must deny same.

153.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 153 and therefore must deny same.

154.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 154 and therefore must deny same.

155.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 155 and therefore must deny same.

156.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 156 and therefore must deny same.

157.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 157 and therefore must deny same.

## COUNT SEVEN
## VIOLATIONS OF SECTION 6(c)(1) OF THE ACT AND REGULATION 180.1
## AGAINST BLACKSTONE AND KESER

158.     The answers contained in Paragraphs 1 through 118 are restated and incorporated.

159.    Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 159 and therefore must deny same.

160.    Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 160 and therefore must deny same.

161.    Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 161 and therefore must deny same.

162.    Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 162 and therefore must deny same.

163.    Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 163 and therefore must deny same.

164.    Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 164 and therefore must deny same.

165.    Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 165 and therefore must deny same.

**COUNT EIGHT**
**VIOLATIONS OF SECTION 4b OF THE ACT**
**AGAINST NEWBRIDGE AND KING**

166.    The answers contained in Paragraphs 1 through 118 are restated and incorporated.

167.    Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 167 and therefore must deny same.

168.    Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 168 and therefore must deny same.

169.    Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 169 and therefore must deny same.

170.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 170 and therefore must deny same.

171.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 171 and therefore must deny same.

### COUNT NINE
### VIOLATIONS OF SECTION 6(c)(1) OF THE ACT AND REGULATION 180.1 AGAINST NEWBRIDGE AND KING

172.     The answers contained in Paragraphs 1 through 118 are restated and incorporated.

173.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 173 and therefore must deny same.

174.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 174 and therefore must deny same.

175.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 175 and therefore must deny same.

176.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 176 and therefore must deny same.

177.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 177 and therefore must deny same.

178.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 178 and therefore must deny same.

179.     Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 179 and therefore must deny same.

**COUNT TEN**
**VIOLATIONS OF SECTION 4b OF THE ACT**
**AGAINST UNITED STATES CAPITAL TRUST AND MOORE**

180.     The answers contained in Paragraphs 1 through 118 are restated and incorporated.

181.     Defendants deny the allegations contained in paragraph 181 of the complaint.

182.     Defendants deny the allegations contained in paragraph 182 of the complaint.

183.     Defendants deny the allegations contained in paragraph 183 of the complaint.

184.     Defendants deny the allegations contained in paragraph 184 of the complaint.

185.     Defendants deny the allegation contained in paragraph 185 of the complaint.

**COUNT ELEVEN**
**VIOLATIONS OF SECTION 6(c)(1) OF THE ACT AND RULE 180.1**
**AGAINST UNITED STATES CAPITAL TRUST AND MOORE**

186.     The answers contained in Paragraphs 1 through 118 are restated and incorporated.

187.     Defendants deny the allegations contained in paragraph 187 of the complaint.

188.     Defendants deny the allegations contained in paragraph 188 of the complaint.

189.     Defendants deny the allegations contained in paragraph 189 of the complaint.

190.     Defendants deny the allegations contained in paragraph 190 of the complaint.

191.     Defendants deny the allegations contained in paragraph 191 of the complaint.

192.     Defendants deny the allegations contained in paragraph 192 of the complaint.

193.     Defendants deny the allegations contained in paragraph 193 of the complaint.

**COUNT TWELVE**
**VIOLATIONS OF SECTION 4d OF THE ACT FOR FAILURE TO REGISTER**
**AGAINST HUNTER WISE, MARTIN AND JAGER**

194.     The answers contained in Paragraphs 1 through 118 are restated and incorporated.

195.     Defendants have insufficient knowledge to admit or deny the allegations

contained in paragraph 195 and therefore must deny same.

196.      Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 196 and therefore must deny same.

197.      Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 197 and therefore must deny same.

198.      Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 198 and therefore must deny same.

199.      Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 199 and therefore must deny same.

200.      Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 200 and therefore must deny same.

**COUNT THIRTEEN**
**AIDING AND ABETTING UNDER SECTION 13(a) OF THE ACT**
**AGAINST HUNTER WISE, MARTIN, AND JAGER, LLOYDS COMMODITIES,**
**BURBAGE AND GAUDINO**

201.      The answers contained in Paragraphs 1 through 193 are restated and incorporated.

202.      Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 202 and therefore must deny same.

203.      Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 203 and therefore must deny same.

204.      Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 204 and therefore must deny same.

205.      Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 205 and therefore must deny same.

**WHEREFORE,** defendants respectfully request that the complaint filed against them be

DISMISSED WITH PREJUDICE with costs charged the account of plaintiff.


Respectfully submitted,


/s/Bradford Cohen, Esq.

/s/Gary M. Sinclair, Esq.
PRO HAC VICE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No.: 12-CV-81311-Middlebrooks/Brannon

UNITED STATES COMMODITY FUTURES
TRADING COMMISSION,

        Plaintiff,

v.

HUNTER WISE COMMODITIES, LLC,
DAVID A. MOORE, ET AL.

        Defendants.

_____/

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on Tuesday, January 22, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

<u>/s/Bradford Cohen, Esq.</u>

<u>/s/Gary M. Sinclair, Esq.</u>
PRO HAC VICE

**SERVICE LIST
UNITED STATES COMMODITY FUTURES
TRADING COMMISSION v. HUNTER WISE COMMODITIES, LLC, ET AL.
CASE NO: 12-CV-81311-Middlebrooks/Brannon**

*Attorney for the Commodity Futures Trading Commission*

Carlin Metzger
Special Bar ID # A5501599
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, IL 60661
Telephone: (312) 596-0536
cmetzger@cftc.gov

*Attorney for Defendants Hunter Wise Commodities LLC, Hunter Wise Services, LLC, Hunter Wise Credit LLC, Hunter Wise Trading LLC, Harold Edward Martin, Jr., and Fred Jager*

J.B. Grossman
J.B. Grossman, P.A.
200 E. Las Olas Blvd., Suite 1660
Fort Lauderdale, FL 33301
jbg@jbgpa.com

*Attorney for Defendants Newbridge Alliance, Inc., and John King*

Jeffrey C. Pepin
Law offices of Paul J. Burkhart, PL
800 Village Square Crossing
Palm Beach Gardens, Florida 33410
jpepin@paulburkhart.net
Telephone 561-880-0155
Fax: 561-656-2070

*Attorney for Blackstone Metals Group, LLC and Baris Keser*

Richard B. Carey, Esq.
1711 Worthington Rd, Ste 107
West Palm Beach, FL 33409
richard@rcareylaw.com

*Attorney for Defendants David Moore and United States Capital Trust, LLC.*

Bradford M. Cohen
Fla. Bar 118176
1132 SE 3rd Ave
Fort Lauderdale, FL 33316
Phone: (954) 523-7774
Facsimile: (954) 523-2656
lawronin@aol.com

Gary M. Sinclair, Esq.
Illinois ARDC No. 2619067
2043 N. Mohawk Street
Chicago, IL 60614
Telephone (773) 871-4389
gary@garyslaw.com
PRO HAC VICE

*Attorney for Defendants Lloyds Commodities, LLC, Lloyds Services, LLC, Lloyds Commodities Credit Company, LLC, James Burbage and Frank Gaudino*

James D. Sallah
Sallah & Cox, LLC
2101 NW Corporate Boulevard, Suite 218
Boca Raton, FL 33453
jds@sallahcox.com
Telephone: 561-989-9080
Fax: 561-989-9020

This notice was served via U.S. Mail upon Defendants C.D. Hopkins Financial, LLC, Hard Asset Lending Group, LLC, and Chadewick Hopkins at the last known address for Chadewick Hopkins at:

Chad Hopkins
27 Coastal Drive
Berlin, Maryland 21811