UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-81311-CIV-MIDDLEBROOKS/BRANNON

UNITED STATES COMMODITY
FUTURES TRADING COMMISSION,

    Plaintiff,

vs.

HUNTER WISE COMMODITIES, LLC,
et al.,

    Defendants.
_____/

## ORDER TEMPORARILY APPOINTING SPECIAL CORPORATE MONITOR

THIS CAUSE comes before the Court upon Plaintiff United States Commodity Futures Trading Commission's ("CFTC") Motion for Preliminary Injunction ("Motion") (DE 4), filed December 6, 2012. On February 22, 2013, the Court held a hearing. Having reviewed all of the filings as well as the arguments and evidence presented at the hearing, I find that the Motion is due to be granted. In the Motion, the CFTC requested that I appoint a receiver. At the conclusion of the hearing, those parties present requested that, given the expediency required under the circumstances and the potential harm to the Defendants by appointment of a receiver, that, at least for the present, I appoint a Special Monitor in lieu of a receiver. The parties agreed to the entry of the instant Order pending my entry of a more comprehensive order on the Motion for Preliminary Injunction next week addressing the remaining legal issues.

**WHEREAS** the CFTC and the Entity Defendants[1] agree that assets of the Entity Defendants should be preserved and options to maximize the value of the Entity Defendants's operations and assets is in the best interest of creditors, investors, and shareholders of the Entity Defendants;

**WHEREAS** the CFTC and the Entity Defendants agree that it is in the interest of creditors, investors, and shareholders for an examination of the Entity Defendants's finances and options and recommendations be made to the Court about alternatives to maximize the operations and asset value of the Entity Defendants;

**WHEREAS** for the purpose of (a) performing an assessment of the viability of the Entity Defendants' ongoing business enterprises and options and alternatives for the future of the Entity Defendants and (b) recommending to the Court the appropriate course of action for the Entity Defendants, the temporary appointment of a Special Monitor is desirable;

**WHEREAS** for the purpose of (a) preserving assets of the Entity Defendants and (b) permitting the Entity Defendants to continue normal business operations, the temporary appointment of a Corporate Manager is desirable; and

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Entity Defendants, and venue properly lies in this district.

Accordingly, it is hereby

---

[1] For purposes of this Order, the term "Entity Defendants" includes: Hunter Wise Commodities, LLC, Hunter Wise Services, LLC, Hunter Wise Credit, LLC, Hunter Wise Trading, LLC, Lloyds Commodities, LLC, Lloyds Commodities Credit Company, LLC, Lloyds Services, LLC, C.D. Hopkins Financial, LLC, Hard Asset Lending Group, LLC, Blackstone Metals Group, LLC, Newbridge Alliance, Inc., and United States Capital Trust, LLC.

**ORDERED AND ADJUDGED** that the Motion for Preliminary Injunction (DE 4) is **GRANTED**[2] as follows:

### I. Appointment of Special Monitor and Corporate Manager

1. Until further order of this Court, Melanie Damian is hereby approved and appointed to serve without bond as Special Monitor and Corporate Manager for the Entity Defendants.

2. The current Board of Directors and all officers of the Entity Defendants will be available to assist and advise the Special Monitor and Corporate Manager, but will not exercise its traditional functions or assume its traditional duties during the interim period that the Special Monitor and Corporate Manager are appointed. The Entity Defendants may add additional Board members with the approval of the Court during this interim period.

### II. Asset Freeze

3. The Court hereby temporarily takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the Entity Defendants for the purpose of preserving the assets of the Entity Defendants.

4. Except as otherwise specified herein, all assets of the Entity Defendants are frozen until further order of this Court. Accordingly, all persons and entities with direct or indirect control over any assets of the Entity Defendants, other than the Corporate Manager, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of, or withdrawing such assets. This freeze shall include, but not be limited to, assets of the Entity Defendants that are on deposit with financial

---

[2]Although the Court is granting the Motion at this time, a more comprehensive order is forthcoming.

...

institutions such as banks, brokerage firms and mutual funds.

### III. General Powers and Duties

5. The Corporate Manager shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, and managers of the Entity Defendants under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements.

6. The powers of the trustees, directors, officers, managers, employees, investment advisors, accountants, and other agents of the Entity Defendants are hereby suspended. Such persons and entities shall have no authority with respect to the Entity Defendants's operations or assets, except to the extent as may hereafter be expressly granted by the Corporate Manager. The Corporate Manager shall assume and control the operation of the Entity Defendants and shall pursue and preserve all of its claims.

7. No person holding or claiming any position of any sort with the Entity Defendants shall possess any authority to act by or on behalf of the Entity Defendants, unless so instructed by the Corporate Manager.

8. Subject to the specific provisions in Sections IV through XV, below, the Corporate Manager shall have the following general powers and duties:

    A.    To use reasonable efforts to determine the nature, location and value of all property interests of the Entity Defendants, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Entity Defendants own, possess, have a beneficial interest in, or control directly or indirectly;

    B.    To take custody, control and possession of all the Entity Defendants' property and records relevant thereto; to sue for and collect, recover, receive and take into possession from third parties all property of the Entity Defendants and

records relevant thereto;

C. To manage, control, operate and maintain the Entity Defendants and hold in her possession, custody and control all property of the Entity Defendants, pending further Order of this Court;

D. To use property of the Entity Defendants, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging her duties as Corporate Manager in maintaining the ordinary operations of the entities;

E. To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Entity Defendants with respect to maintaining the ordinary operations of the Companies;

F. To engage and employ persons in her discretion to assist her in carrying out her duties and responsibilities hereunder and to continue the normal operations of the Companies, including, but not limited to, accountants, attorneys, financial or business advisers, real estate agents, forensic experts, or brokers;

G. To take such action as necessary and appropriate for the preservation of property of the Entity Defendants or to prevent the dissipation or concealment of property of the Entity Defendants;

H. To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Entity Defendants; and

I. To take such other action as may be approved by this Court.

9. Within 5 days of the entry of this Order, the Corporate Manager shall report to the CFTC as to what actions she will undertake to fulfill his duties as the Corporate Manager.

### IV. Access to Information

10. The Entity Defendants and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants and employees of the Entity Defendants, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the

Special Monitor and Corporate Manager forthwith all paper and electronic information of, and/or relating to, the Entity Defendants and/or its property; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

11. The Entity Defendants's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Special Monitor and Corporate Manager all questions which the Special Monitor and Corporate Manager may put to them and produce all documents as required by the Special Monitor and Corporate Manager regarding the business of the Entity Defendants, or any other matter relevant to the operation or administration of the Entity Defendants or the collection of funds due to American Realty. In the event that the Special Monitor or Corporate Manager deems it necessary to require the appearance of the aforementioned persons or entities, the Special Monitor or Corporate Manager shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

## V. Access to Books, Records and Accounts

12. The Special Monitor and Corporate Manager are authorized to take immediate possession of all bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Entity Defendants.

13. Any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of the Entity Defendants are hereby directed to deliver the same to the Special Monitor and Corporate Manager, their agents and/or employees.

14. All banks, brokerage firms, financial institutions, and other persons or entities which have

possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the Entity Defendants that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

> A. Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of The Entity Defendants except upon instructions from the Corporate Manager;
>
> B. Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Corporate Manager's control without the permission of this Court; and
>
> C. Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Corporate Manager or at the direction of the Corporate Manager.

## VI. Access to Personal Property

15. The Corporate Manager is authorized to take immediate possession of all personal property of the Entity Defendants, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies and equipment. The Corporate Manager shall make all records of the Entity Defendants available to the Special Monitor.

16. The Corporate Manager is authorized to open all mail directed to or received by or at the offices or post office boxes of the Entity Defendants, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

17. Upon the request of the Corporate Manager, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Corporate Manager in carrying out his duties to take possession, custody and control of, or identify the location of, any assets, records or other materials belonging to the Entity Defendants.

## VII. Notice to Third Parties

18. The Special Monitor and Corporate Manager shall promptly give notice of their appointments, as the Special Monitor and Corporate Manager deem necessary or advisable to effectuate the operation of their appointments.

19. All persons and entities owing any obligation or debt to the Entity Defendants shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Corporate Manager and its receipt for such payments shall have the same force and effect as if the Entity Defendants had received such payment.

20. The Corporate Manager is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of the Entity Defendants (the "Corporate Manager's Mail"), including all mail addressed to, or for the benefit of, the Entity Defendants. The Postmaster shall not comply with, and shall immediately report to the Corporate Manager, any change of address or other instruction given by anyone other than the Corporate Manager concerning the Corporate Manager's Mail. The Entity Defendants shall not open any of the Corporate Manager's Mail and shall immediately turn over such mail, regardless of when received, to the Corporate Manager. All personal mail of any individual, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Corporate Manager, shall be released to the named addressee by the Corporate Manager. The

foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented or used by the Entity Defendants. The Entity Defendants shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

21. The Corporate Manager is authorized to assert, prosecute and/or negotiate any claim under any insurance policy held by or issued on behalf of the Entity Defendants, or its officers, directors, agents, employees or trustees, and to take any and all appropriate steps in connection with such policies.

## VIII. Injunction Against Interference

22. The Entity Defendants and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Special Monitor and Corporate Manager, which would:

A. Interfere with the Corporate Manager's efforts to take control, possession, or management of any the Entity Defendants property; such prohibited actions include 'but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any of the Entity Defendants' property;

B. Hinder, obstruct or otherwise interfere with the Special Monitor and Corporate Manager in the performance of their duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

C. Dissipate or otherwise diminish the value of any the Entity Defendants' property; such prohibited actions include but are not limited to, releasing

      claims or disposing, transferring, exchanging, assigning or in any way conveying any of the Entity Defendants' property, enforcing judgments, assessments or claims against any Entity Defendants or its property, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by The Entity Defendants or which otherwise affects any of its property; or

D.     Interfere with or harass the Special Monitor and Corporate Manager, or interfere in any manner with the exclusive jurisdiction of this Court over The Entity Defendants.

23. All Defendants, including the individual Defendants in this action, shall cooperate with and assist the Special Monitor and Corporate Manager in the performance of their duties.

24. The Special Monitor and Corporate Manager shall promptly notify the Court and CFTC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

### IX. Stay of Litigation

25. Except for the instant action, the Declaratory Action currently pending between the Hunter Wise Defendants and the CFTC in the Eastern District of Illinois, and any police or regulatory actions and actions of the CFTC related to the above-captioned enforcement action, and with the further exception as noted in Paragraph 28, the following proceedings are stayed until further Order of this Court:

      All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Special Monitor and Corporate Manager, in their capacities as Special Monitor and Corporate Manager; (b) any Entity Defendants property, wherever located; (c) The Entity Defendants, including subsidiaries, partnerships, and entities owned or controlled by The Entity Defendants; or, (d) any of the Entity Defendants's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such

proceedings are hereinafter referred to as "Ancillary Proceedings").

26. The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

27. All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of the Entity Defendants against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

28. "Ancillary Proceedings" specifically excludes any pending litigation in which any Defendant is a party. With respect to those proceedings, the Monitor shall review them and recommend further action within 30 days.

## X. Managing Assets

29. The Corporate Manager may establish one or more custodial accounts at a federally insured bank to receive and hold all funds of the Entity Defendants. Such deposit accounts shall be entitled "Corporate Manager's Account for [Entity Defendant]."

## XI. Conflicts of Interest

30. The Special Monitor and Corporate Manager have a continuing duty to ensure that there are no conflicts of interest between the Special Monitor, Corporate Manager, their agents, and the Entity Defendants.

## XII. Limitations on Liability of Special Monitor, Corporate Manager and Directors

31. Until further Order of this Court, the Special Monitor and Corporate Manager shall not


be required to post bond or give an undertaking of any type in connection with their fiduciary obligations in this matter.

32. During the interim period of this Order, the Special Monitor, Corporate Manager and their agents, or any member of the Board of Directors of the Entities ("Director") acting within scope of such agency are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Special Monitor, Corporate Manager or their agents or Director be liable to anyone for their good faith compliance with their duties and responsibilities as Special Monitor, Corporate Manager or their agents, or Director, nor shall the Special Monitor, Corporate Manager or their agents or Director be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties. This provision does not apply to any actions or failure to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of the Director's duties prior to the Commission's lawsuit in this matter.

33. This Court shall retain jurisdiction over any action filed against the Special Monitor, Corporate Manager or their agents or a Director based upon acts or omissions committed in their representative capacities.

34. In the event the Special Monitor or Corporate Manager decides to resign, the Special Monitor or Corporate Manager shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Special Monitor and Corporate Manager shall then follow such instructions as the Court may provide. Board members may resign with notice to or approval of the Court.

### XIII. Recommendations and Reports

35. Upon her appointment, the Special Monitor shall perform an assessment of the viability of the Entity Defendants as a going business enterprise and options and alternatives for the future of the Entities.

36. Within 30 days of the entry date of this Order, the Special Monitor shall file with the Court and serve on the parties a report of his conclusions and recommendations.

37. The Court will hold a hearing on the recommendation of the Special Monitor after appropriate notice to interested parties who have standing to assert their support or objection to the recommendation of the Special Monitor.

### XIV. Fees, Expenses and Accountings

38. The Special Monitor and Corporate Manager need not obtain Court approval prior to the disbursement of the Entity Defendants's funds for expenses in the ordinary course of the administration and management of the Entity Defendants. Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

39. The Corporate Manager shall consult with the CFTC in advance of any expenditure of $2,000 or more and/or the disposition or acquisition of any real or personal property.

40. As the Court determines, the Special Monitor and Corporate Manager are entitled to compensation deemed to be reasonable and appropriate for their work and the work of their agents. The Special Monitor and Corporate Manager shall petition the Court for payment of such compensation.

### XV. Preservation of Rights and Privileges

41. Nothing in this Order shall be construed to require that any Defendants abandon or waive

any constitutional or legal privilege which they may have available to them.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 22nd day of February, 2013.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record