UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-81311-CIV-MIDDLEBROOKS/BRANNON

UNITED STATES COMMODITY
FUTURES TRADING COMMISSION,

    Plaintiff,

vs.

HUNTER WISE COMMODITIES, LLC,
et al.,

    Defendants.
_____/

## ORDER ON MOTION TO REINSTATE AND UNFREEZE ASSETS

THIS CAUSE is before the Court upon Defendants Harold Edward Martin Jr. And Fred Jager's ("Martin" and "Jager," respectively) Motion to Reinstate J.B. Grossman, P.A. as Legal Counsel for the Hunter Wise Entity Defendants and to Unfreeze Assets to Pay Attorney Fees (DE 92) ("Motion"), filed March 7, 2013. Plaintiff United States Commodity Futures Trading Commission ("CFTC") filed a Response (DE 103) on March 25, 2013, to which Martin and Jager filed a Reply (DE 105) on April 1, 2013. I have reviewed the record in this case and am otherwise fully advised in the premises.

Although Martin and Jager's Motion is styled as a motion to reinstate and unfreeze assets, the Motion is actually a motion to reconsider the preliminary injunction entered against the defendants in this case. (See DE 92 at 3) (setting forth the legal standard for a motion for reconsideration). Generally, reconsideration is an "extraordinary remedy to be employed sparingly," and "there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent

manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369-70 (S.D. Fla. 2002) (citations omitted).

Martin and Jager are claiming that this Motion is "designed to correct an error of fact, and a manifest injustice that violates the due process rights of the [Hunter Wise] Entity Defendants." (DE 92 at 3). In essence, the Motion argues that it would amount to a Fifth Amendment due process violation if the Hunter Wise Entity Defendants are not allowed to hire J.B. Grossman, P.A. – their choice of counsel – going forward in this litigation.

After considering the arguments, the Court finds that Martin and Jager have failed to meet their burden to "set forth facts or law of a strongly convincing nature" that entitle them to relief. *Burger King*, 181 F. Supp. 2d at 1369. Thus, it is inappropriate to revisit the preliminary injunction and Ms. Damian's decision to terminate J.B. Grossman, P.A.'s representation of the Hunter Wise Entity Defendants. Notwithstanding, the Motion is due to be denied for failing to comply with the pre-filing conference requirements of Local Rule 7.1. *See* S.D. Fla. L.R. 7.1(a)(3) ("Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion . . . .").

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Motion to Reinstate J.B. Grossman, P.A. as Legal Counsel for the Hunter Wise Entity Defendants and to Unfreeze Assets to Pay Attorney Fees (DE 92) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this __19__ day of April, 2013.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record