IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 12-CV-81311-Middlebrooks/Brannon

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| HUNTER WISE COMMODITIES, LLC, HUNTER WISE SERVICES, LLC, HUNTER WISE CREDIT, LLC, HUNTER WISE TRADING, LLC, LLOYDS COMMODITIES, LLC, LLOYDS COMMODITIES CREDIT COMPANY, LLC, LLOYDS SERVICES, LLC, C.D. HOPKINS FINANCIAL, LLC, HARD ASSET LENDING GROUP, LLC, BLACKSTONE METALS GROUP, LLC, NEWBRIDGE ALLIANCE, INC., UNITED STATES CAPITAL TRUST, LLC, HAROLD EDWARD MARTIN, JR., FRED JAGER, JAMES BURBAGE, FRANK GAUDINO, BARIS KESER, CHADEWICK HOPKINS, JOHN KING, and DAVID A. MOORE, | : |
| Defendants. | : |

**PLAINTIFF CFTC'S MOTION TO DISQUALIFY J.B. GROSSMAN
AND J.B. GROSSMAN, P.A. AS COUNSEL**

Plaintiff United States Commodity Futures Trading Commission ("CFTC"), through its attorneys, hereby moves the Court to disqualify J.B. Grossman ("Grossman") and his law firm, J.B. Grossman, P.A., as counsel for defendants Harold Edward Martin, Jr. ("Martin") and Fred Jager ("Jager"), due to: (1) the likelihood that Grossman will be a material fact witness at trial, in contravention of Florida Rule of Professional Conduct 4–3.7; and (2) a conflict of interest involving

1

a former client, in contravention of Florida Rule of Professional Conduct 4–1.9. In support of this Motion, Plaintiff states as follows:

I. **Factual Background**

1. Grossman and his law firm have represented many of the defendants named in this litigation, including Hunter Wise Commodities, LLC ("Hunter Wise"),[1] Lloyds Commodities, LLC ("Lloyds"),[2] and C.D. Hopkins Financial, LLC ("Hopkins").[3]

2. Grossman's representation of these defendants concerned the legality and structure of their retail commodity transactions business, the very basis for the CFTC's Complaint in this matter.[4]

---

[1] *See* November 11, 2009 Legal Representation Agreement between defendant Hunter Wise and Grossman's prior law firm, GrossmanGreenberg LLC, signed by defendant Martin and Grossman, respectively, attached as Exhibit A.

[2] *See* September 20, 2010 Legal Representation Agreement between defendant Lloyds and its affiliate and GrossmanGreenberg LLC, signed by defendant James Burbage and Grossman, respectively, attached as Exhibit B.

[3] See December 8, 2011 Legal Representation Agreement between defendant Hopkins and its affiliates and J.B. Grossman, P.A., signed by defendant Chadewick Hopkins and Grossman, respectively, attached as Exhibit C.

[4] For example, Hunter Wise's retainer agreement states that it hired Grossman's law firm primarily:

> to be available to provide advisory legal comment to its precious metals dealer undertakings and financing of same as well as other sundry factors it should consider in maintaining and developing a precious metals dealer business as same may be subject to derivative, securities and other relevant laws of the United States, including but not limited to the Commodity Exchange Act….

Exhibit A, p. 1. Similarly, Lloyds' and Hopkins' retainer agreements state that Grossman's law firm was hired:

> to be available to provide the Client with legal advice on being a dealer in precious and industrial metals, to comment on business factors the Client should consider in developing [a] metals dealer business and the Client's due diligence in the proper formatting of business and business documents under the applicable derivative, securities and other relevant laws of the United States; including but not limited to the Commodity Exchange Act….

Exhibits B and C, p. 1.

3. Multiple defendants have indicated that Grossman advised them how to structure their business operations and that the manner in which they conducted business was legal.

4. For example, defendant Martin[5] testified in his deposition on June 7, 2013 that Grossman advised him that Hunter Wise did not have to change the way it did business in order to comply with the Dodd-Frank Act. (Martin Dep. 47:3-12, June 7, 2013.)

5. Martin further testified that Grossman designed at least one of the commodity transfer forms that this Court found misleading during the February 22, 2013 preliminary injunction hearing. (Martin Dep. 46:21-47:2, 161:22-163:4, June 7, 2013; Tr. of Prelim. Inj., D.E. 85-87, 185:11-186:24, 188:12-189:10, Feb. 22, 2013.)

6. In addition, defendants James Burbage ("Burbage") and Frank Gaudino ("Gaudino")[6] have asserted as an affirmative defense their reliance on counsel in mitigation of the charges against them.[7] Specifically, they state: "Counsel opined that the transactions at issue were exempt from Section 4(a) of the Commodity Exchange Act and that Hunter Wise had the ability to deliver the metals purchased through the transactions to the retail customers of the Dealer Defendants." (Defs.' Answer and Affirm. Defenses, D.E. 167, 23 ¶ 5, July 16, 2013.)

---

[5] Defendants Martin and Jager are the principal owners of Hunter Wise. (Compl., D.E. 1, 5 ¶ 14, Dec. 5, 2012; Defs.' Answer with Affirm. Defenses, D.E. 164, 2 ¶ 14, July 12, 2013.)

[6] Defendants Burbage and Gaudino are the owners of Lloyds. (Compl., D.E. 1, 6 ¶ 17, Dec. 5, 2012; Defs.' Answer and Affirm. Defenses, D.E. 167, 3 ¶ 17, July 16, 2013.)

[7] Plaintiff CFTC charged Burbage and Gaudino in Count One of its Complaint with violating Section 4(a) of the Commodity Exchange Act ("Act") by unlawfully engaging in certain activities other than on or subject to the rules of a board of trade, exchange, or contract market, and in Count Thirteen of its Complaint with violating Section 13(a) of the Act for aiding and abetting such unlawful activities by other defendants. (Compl., D.E. 1, 27-29, 44-45, Dec. 5, 2012.) Establishing a violation of Section 4(a) of the Act does not require proof of scienter. (Pl.'s Mot. for Partial Summ. J., D.E. 149, 2 Part III, June 17, 2013.) However, establishing a violation of Section 13(a) of the Act does require proof of scienter, such that Burbage's and Gaudino's assertion of an advice of counsel defense may affect an analysis of their aiding and abetting liability.

7.  Although Grossman may not dispute that he provided Martin, Burbage, and Gaudino with such advice or that he drafted at least one of Hunter Wise's commodity transfer forms, evidence obtained during discovery demonstrates that Grossman advised Gaudino that Hunter Wise lacked physical metal and that Martin intended to make false and misleading representations to retail customers in Hunter Wise's commodity transfer form.[8]

8.  For example, in a July 21, 2011 phone call between Grossman and Gaudino that was taped by Gaudino, Grossman stated that "it was the guy [attorney John Giovannone][9] that wanted them to prove that there's metal at the end of the rainbow. And I was explaining that there isn't metal, there's an offset hedge." Gaudino replied, "Right."

9.  And in a November 21, 2011 phone call between Grossman and Gaudino that was taped by Gaudino, the following conversation occurred:

| | |
|---|---|
| Grossman: | I will speak to Ed [Martin] in a little while….He's of course looking for the new Transfer of Commodities. |
| Gaudino: | Right. |
| Grossman: | And, uh, he and I have a difference of opinion. I'll have to do some work for him. Um, he wants us to say that there's really metal there. |
| Gaudino: | Mm-hmm. |
| Grossman: | And there is metal, but you can't say that each individual person has metal stored on his behalf. |
| Gaudino: | Right. |
| Grossman: | You know, that, all you can say is that, that, um, there is sufficient hedge on with another party— |

---

[8] Burbage, Gaudino, and the Special Corporate Monitor waived the attorney client privilege on behalf of the Lloyds defendants with respect to Grossman's advice regarding "the set up, structure, business model, [sic] for Lloyds Commodities." *See* June 19, 2013 Email from Joshua Katz to Carlin Metzger, attached as Exhibit D; April 3, 2013 Email from Melanie Damian to Carlin Metzger and Kenneth D. Murena, attached as Exhibit E. The evidence cited here was produced pursuant to that waiver.

[9] John Giovannone of Greenberg Traurig LLP also represented Hunter Wise at the time.

| | |
|---|---|
| Gaudino: | Right. |
| Grossman: | —to meet anybody's call.  So got [to] work that through. |
| Gaudino: | All right. |
| Grossman: | I—I—I tell you what, I'm a little concerned that if you say that every person has metal held on his behalf, it's almost an untruth. |
| Gaudino: | Right.  Yeah, [because] I mean, that's nearly impossible.  We all know that. |
| Grossman: | Right. |

10. Grossman is therefore likely to be called as a fact witness at trial regarding Hunter Wise's commodity transfer forms, the advice he provided Martin and Jager regarding the legality and structure of Hunter Wise's business,[10] and the advice he provided Burbage and Gaudino regarding the legality and structure of Lloyds' business.

11. Accordingly, Grossman's continued representation of Martin and Jager in this matter contravenes Florida Rule of Professional Conduct 4–3.7.

12. In addition, Grossman concurrently represented the Hunter Wise and Lloyds defendants in matters directly relevant to this litigation from at least September 2010 until the institution of this litigation in December 2012.[11]

13. Because Burbage and Gaudino have asserted an advice of counsel defense, and further because they claim that they were not unreasonable in their belief that Hunter Wise's transactions involved actual delivery (Defs.' Resp. in Opp'n to Pl.'s Mot. for Partial Summ. J., D.E. 172, 6, July 19, 2013), they will likely need to call Grossman, Martin, and/or Jager at trial regarding

---

[10] Although Grossman has indicated that Martin and Jager do not intend to raise an advice of counsel defense (Defs.' Mot. for a Protective Order, D.E. 173, 2, July 19, 2013), this does not preclude them—or any other party—from calling Grossman as a witness regarding Hunter Wise's commodity transfer forms.  Moreover, Martin and Jager remain free to raise an advice of counsel defense at any time, absent a court order to the contrary.

[11] *See* Exhibits A and B.

their representations about Hunter Wise's business. Burbage's and Gaudino's interests are thus materially adverse to those of the Hunter Wise defendants.

14.     Plaintiff CFTC is unaware of any written waiver of Grossman's conflict of interest executed by Lloyds, Burbage, and/or Gaudino regarding this litigation.[12]

15.     Grossman's continued representation of Martin and Jager therefore contravenes Florida Rule of Professional Conduct 4–1.9.

## II.     Applicable Law

"Attorneys practicing in the Southern District of Florida are governed in their professional conduct by the Rules Regulating the Florida Bar." *Suchite v. Kleppin*, 784 F. Supp. 2d 1343, 1345 (S.D. Fla. 2011). A district court "may not simply rely on a general inherent power to admit and suspend attorneys" when disqualifying counsel pursuant to "an allegation of ethical violation." *Schlumberger Tech., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997). Instead, "[t]he court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule…." *Id*. The moving party bears the burden of establishing grounds for disqualification. *Suchite*, 784 F. Supp. 2d at 1346.

---

[12] The Legal Representation Agreement between Lloyds and Grossman's law firm states:

> If Counsel is representing multiple clients jointly in this (these) Matter(s), it is each Client's responsibility to advise Counsel if any information concerning the Matter is confidential and is to be withheld from the other Clients.
>
> Otherwise, all relevant communications received from any representative or agent of the Client will be fully disclosed to the others. If such a situation arises, the Counsel will advise the other Clients that confidence exists (without divulging it) and will determine if any of the other Clients has any objection to the Counsel receiving, retaining, and withholding from them such information. Counsel retains the right to withdraw from representing any one or more of the Clients involved if in the sole discretion of Counsel if [*sic*] a conflict of interest arises by reason of such confidences which mandates such a withdrawal.

Exhibit B, p. 1-2.

6

### A.   Lawyer as Witness

Florida Rule of Professional Conduct 4–3.7 sets forth the rule of lawyer as witness. Specifically, it provides, in relevant part:

> **(a) When Lawyer May Testify.** A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
>
> (3) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (4) disqualification of the lawyer would work substantial hardship on the client.

The Comment to Rule 4–3.7 explains that "[a] witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." Pursuant to Florida Rule of Professional Conduct 4–3.7(b), disqualification of an attorney pursuant to Rule 4–3.7 does not impute to his law firm absent a conflict of interest under Rule 4–1.7 or Rule 4–1.9.[13]

As set forth in Part I, *supra*, Burbage and Gaudino have raised as an affirmative defense that their counsel opined, among other things, that Hunter Wise had the ability to deliver metals purchased by its dealers' retail customers, while taped phone calls between Grossman and Gaudino indicate otherwise. In addition, Martin testified that Grossman designed at least one of the commodity transfer forms used by Hunter Wise. Grossman is therefore likely to be called as a witness at trial to testify regarding these issues, which are not uncontested, solely related to matters

---

[13] The Comment to Rule 4–3.7 clarifies that where "the testifying lawyer would also be disqualified by rule 4-1.7 or 4-1.9 from representing the client in the matter, other lawyers in the firm will be precluded from representing the client by rule 4-1.10 unless the client gives informed consent under the conditions stated in rule 4-1.7."

7

of formality, or related to the nature and value of legal services rendered.  Exceptions (1)-(3) to disqualification under Rule 4–3.7 are therefore inapplicable.  With respect to the final exception to disqualification under Rule 4–3.7, Plaintiff CFTC concedes that disqualification of Grossman may pose some hardship to Martin and Jager, but not the substantial hardship required to preclude disqualification.  More than a month before trial remains for Martin and Jager to obtain new counsel or move for a continuance.[14]  Furthermore, the likelihood that Grossman will be called as a witness at trial poses a significant possibility that a mistrial may occur if he remains counsel in this matter.  This Court should therefore disqualify Grossman as counsel for Martin and Jager pursuant to Rule 4–3.7.[15]

### B. Conflict of Interest Involving a Former Client

Florida Rule of Professional Conduct 4–1.9 sets forth the conflict of interest rule for former clients and states, in relevant part:

> A lawyer who has formerly represented a client in a matter shall not thereafter:
>
> **(a)** represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent….

"Rule 4–1.9 is designed to protect client confidentiality and is 'aimed at the problem of attorneys switching sides.'"  *Estright v. Bay Point Improvement Assoc., Inc.*, 921 So. 2d 810, 811 (Fla. 1st Dist. Ct. App. 2006), quoting *Kenn Air Corp. v. Gainesville-Alachua Cnty. Reg'l Airport Auth.*, 593 So. 2d 1219, 1222 (Fla. 1st Dist. Ct. App. 1992) (internal quotation marks omitted).

---

[14] Plaintiff CFTC opposes a stay of this proceeding pending resolution of Martin's and Jager's appeal of the Court's preliminary injunction ruling on the grounds that such a stay would be unnecessary and inefficient.  (Pl.'s Opp'n to Defs.' Mot. to Stay, D.E. 165, July 15, 2013.)  However, Plaintiff CFTC would not oppose a reasonable continuance of trial in the event this Court disqualifies Grossman and his law firm as counsel for Martin and Jager.

[15] In Part II.B., *infra*, Plaintiff CFTC sets forth the existence of a conflict of interest involving a former client in contravention of Rule 4–1.9.  Pursuant to Rule 4–3.7(b), disqualification should therefore be imputed to Grossman's firm, J.B. Grossman, P.A.

The Comment to Rule 4–1.9 states that "[m]atters are 'substantially related' for purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client."  The Terminology section of the Rules defines "informed consent" as "the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct."  Pursuant to Florida Rule of Professional Conduct 4–1.10, if one lawyer in a firm is prohibited from representing a client pursuant to Rule 4–1.9, none of the firm's lawyers shall represent the client "unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers of the firm."

As set forth in Part I, *supra*, Grossman represented the Hunter Wise and Lloyds defendants regarding the legality and structure of their retail commodity transactions business.  The subjects of that advice are substantially related, as they involve the same underlying business and transactions.  As further set forth in Part I, *supra*, Burbage and Gaudino have argued that they were not unreasonable in their belief that Hunter Wise's transactions involved actual delivery.  To support this claim, it is likely that they will need to call Grossman, Martin, and/or Jager at trial regarding their representations about Hunter Wise's business.  The interests of Burbage and Gaudino, Grossman's former clients, are therefore materially adverse to those of Martin and Jager, Grossman's current clients.  There is no indication that Grossman obtained Lloyds', Burbage's, and/or Gaudino's informed consent by "communicat[ing] adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of

conduct."[16] Finally, because the conflict of interest presented here is not based on any of Grossman's personal interests, his conflict extends to his law firm, J.B. Grossman, P.A. Accordingly, this Court should disqualify Grossman and J.B. Grossman, P.A. pursuant to Rule 4–1.9.

WHEREFORE, the CFTC respectfully requests this Court to disqualify J.B. Grossman and J.B. Grossman, P.A. as counsel for defendants Harold Edward Martin, Jr. and Fred Jager pursuant to Florida Rules of Professional Conduct 4–3.7 and 4–1.9 and for such other and further relief as the Court deems necessary and appropriate.

### CERTIFICATION PURSUANT TO S.D. FLA. L.R. 7.1(a)(3)

Pursuant to S.D. Fla. L.R. 7.1(a)(3), I hereby certify that counsel for Plaintiff CFTC conferred with Grossman, counsel for Martin and Jager, in a good faith effort to resolve the issues raised herein, but was unable to do so.

Dated:  July 26, 2013               Respectfully submitted,

                                    Attorney for Plaintiff
                                    U.S. Commodity Futures Trading
                                    Commission

                                    /s/ *Rosemary Hollinger*
                                    Rosemary Hollinger (rhollinger@cftc.gov)
                                    Special Bar ID # A5500849
                                    525 W. Monroe St., Suite 1100
                                    Chicago, IL 60661
                                    Telephone: (312) 596-0520

---

[16] Any purported grant of consent contained in the retainer agreement between Lloyds and Grossman's law firm (*see* n.12, *supra*, and Exhibit B, p. 1-2) fails to meet this standard for informed consent.  Because that retainer agreement was executed in September 2010, Grossman would have been unable to provide Lloyds with the requisite explanation of material risks involved in his representation of Martin and Jager at trial in this matter.

10

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will simultaneously transmit an electronic copy of the foregoing to counsel for the Defendants:

*Attorney for Fred Jager and Ed Martin*
J.B. Grossman
J.B. Grossman, P.A.
200 E. Las Olas Blvd., Suite 1660
Fort Lauderdale, FL 33301
jbg@jbgpa.com

*Attorney for John King*
Jeffrey C. Pepin
Law offices of Paul J. Burkhart, PL
800 Village Square Crossing
Palm Beach Gardens, Florida 33410
jpepin@paulburkhart.net
Telephone 561-880-0155
Fax: 561-656-2070

*Attorney for Baris Keser*
Richard B. Carey, Esq.
1711 Worthington Rd, Ste. 107
West Palm Beach, FL 33409
richard@rcareylaw.com

*Attorney for James Burbage and Frank Gaudino*
James D. Sallah
Sallah & Cox, LLC
2101 NW Corporate Boulevard, Suite 218
Boca Raton, FL 33453
jds@sallahcox.com
Telephone: 561-989-9080
Fax: 561-989-9020

*Attorneys for David A. Moore*
Gary Sinclair
2043 N. Mohawk Street
Chicago, IL 60614
gary@garyslaw.com

Telephone: 773-871-4389

Bradford M. Cohen
1123 SE 3rd Ave,
Fort Lauderdale, FL 33316
lawronin@aol.com
Telephone: 954-523-7774
Fax: 954-253-2656

*Attorney for the Corporate Monitor on behalf of all Entity Defendants*
**DAMIAN & VALORI, LLP**
KENNETH DANTE MURENA, P.A.
FLORIDA BAR NO. 147486
Counsel for Special Monitor / Corporate Manager
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

/s/ *Rosemary Hollinger*
Rosemary Hollinger (rhollinger@cftc.gov)
Special Bar ID # A5500849
U.S. Commodity Futures Trading Commission
525 W. Monroe St., Suite 1100
Chicago, IL 60661
Telephone: (312) 596-0520