**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 12-81311-CV-MIDDLEBROOKS/BRANNON**

UNITED STATES COMMODITY FUTURES
TRADING COMMISSION,

        Plaintiff,

vs.

HUNTER WISE COMMODITIES, LLC, *et al.*,

        Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO DISQUALIFY J.B. GROSSMAN**
**AND J.B. GROSSMAN, P.A. AS COUNSEL**

THIS CAUSE comes before the Court upon Motion by Plaintiff Commodity Futures Trading Commission ("CFTC") to Disqualify J.B. Grossman ("Grossman") and J.B. Grossman, P.A. ("Law Firm") as Counsel (DE 182) ("Motion"), filed on July 26, 2013. Defendants Harold Edward Martin, Jr. ("Martin") and Fred Jager ("Jager") filed a Response in Opposition to the instant Motion on August 12, 2013. (DE 200). The CFTC filed a Reply on August 22, 2013. (DE 205). I have reviewed the record and I am otherwise fully advised in the premises.

**I.       Background**

On December 5, 2012, the CFTC filed its Complaint (DE 1) alleging thirteen Counts against Entity Defendants Hunter Wise,[1] Lloyds,[2] Hopkins,[3] Blackstone,[4] Newbridge,[5] and

---

[1] For purposes of this Order, "Hunter Wise" refers to Hunter Wise Commodities, LLC, Hunter Wise Services, LLC, Hunter Wise Credit, LLC, and Hunter Wise Trading, LLC. Hunter Wise's principals, Martin and Jager, are individual defendants in this matter.
[2] For purposes of this Order, "Lloyds" refers to Lloyds Commodities, LLC, Lloyds Commodities Credit Company, LLC, and Lloyds Services, LLC. Lloyds' principals, James Burbage ("Burbage") and Frank Gaudino ("Gaudino") are individual defendants.

USCT[6] ("Entity Defendants") for violations of several sections of the Commodity Exchange Act, Pub. L. No. 74-765, 49 Stat. 1491 (1936), as amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act. Pub. L. 111-203, 124 Stat. 1376 (2010). Grossman and his Law Firm represented Hunter Wise, Lloyds, and Hopkins during the period the CFTC alleges the Defendants[7] violated the Commodity Exchange Act by offering or entering into retail commodity transactions that were not offered or entered into on a regulated commodity exchange. Grossman and his Law Firm no longer represent any of the Defendants in this matter, except for Martin and Jager.

On June 7, 2013, the CFTC deposed Martin. (*See* DE 182 ¶ 4-5). CFTC represents Martin testified that he received legal advice from Hunter Wise's former attorneys[8] confirming the legality of Hunter Wise's retail commodity transactions at issue in this case. *Id.* In addition, Burbage and Gaudino filed their Answer and Affirmative Defenses (DE 167) on July 16, 2013 in which they contend that they cannot be held liable for their conduct in part because they relied on counsel. (*See* DE 167 ¶¶ 5-7).

---

[3] For purposes of this Order, "Hopkins" refers to C.D. Hopkins Financial, LLC and Hard Asset Lending Group, LLC. Their sole principal Chadewick Hopkins is an individual defendant in the suit.

[4] For purposes of this Order, "Blackstone" refers to Blackstone Metals Group, LLC. Blackstone's principal Baris Keser is an individual defendant in this matter.

[5] For purposes of this Order, "Newbridge" refers to Newbridge Alliance, Inc. Its principal is John King, who is an individual defendant.

[6] For purposes of this Order, "USCT" refers to United States Capital Trust, LLC. Its principal, David Moore, is an individual defendant in this matter.

[7] For purposes of this Order, "Defendants" refers to the Entity Defendants and the individual defendants collectively.

[8] For purposes of this Order, the term "Hunter Wise's former attorneys" refers to Grossman of J.B. Grossman PA or the former firm Grossman Greenberg; Attorney John Giovannone of Greenberg Traurig; and Attorney Timothy Carey of Winston and Strawn, and formerly of Dewey Leboeuf.

On June 19, 2013, Burbage and Gaudino provided a waiver of attorney-client privilege limited to advice and counsel Grossman provided to them regarding Lloyds.  (DE 182 at 4 n.8, 182-4).  Further, the Special Monitor waived attorney-client privilege as to the Entity Defendants on July 2, 2013.[9]  *Id.*; (DE 182-5).  Pursuant to the attorney-client waivers, the CFTC obtained more evidence of Grossman's involvement in the alleged misconducts.[10]  *See id.* ¶¶ 7-9.  On July 2, 2013, CFTC moved the Court to re-open discovery[11] in this matter in order to depose Hunter Wise's former attorneys, including Grossman.  (*See* DE 158).  The Court granted CFTC's Motion to Re-Open Discovery (DE 163) on July 12, 2013 to allow the CFTC to depose Hunter Wise's former attorneys.[12]

On July 26, 2013, the CFTC filed the instant Motion seeking to have Grossman and his Law Firm disqualified from representing Martin and Jager.  The CFTC argues that a conflict of interest exists in violation of Rule Regulating the Florida Bar 4-1.9[13] because Grossman and the

---

[9] In the Court's Omnibus Order (DE 204), the Court found that the Special Corporate Monitor was authorized to waive attorney-client privilege on behalf of the Entity Defendants pursuant to the Court's Order Temporarily Appointing Special Corporate Monitor (DE 77) and Order on Plaintiff's Motion for Preliminary Injunction (DE 78). (*See* DE 204).

[10] The evidence the CFTC cites includes a recorded phone call between Grossman and Gaudino, (*see* DE 182 ¶ 9), and a letter Grossman sent to Burbage and Gaudino on behalf of his Law Firm withdrawing as their counsel due to a conflict arising from his continued representation of them and Jager and Martin in this matter. (*See* DE 205 at 5).

[11] The discovery period closed on June 3, 2013.  CFTC requested discovery be re-opened until July 26, 2013. (*See* DE 158).

[12] The CFTC represents that it will depose Grossman on September 12, 2013. (*See* DE 205 at 2 n.2).

[13] Rule 4-1.9 provides, in pertinent part:

> A lawyer who has formerly represented a client in a matter shall not thereafter:
>> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.

R. Regulating Fla. Bar 4-1.9.

Law Firm continue to represent Martin and Jager to the detriment of his former clients. In addition, the CFTC contends that Grossman played a central role in designing at least one allegedly fraudulent commodity transfer form used in the illegal transactions and that he will likely be a material fact witness at trial, thereby breaching Rule Regulating the Florida Bar 4-3.7.[14] The CFTC contends his actions and the conflict of interest between his current and former clients in this action warrant disqualification. Martin and Jager argue that the CFTC does not have standing to move for Grossman and his Law Firm's disqualification as counsel. They also contend that Grossman's former clients provided informed consent to his representation of Jager and Martin in this matter and that Grossman is not a material witness that should warrant disqualification.

## II.        Legal Standard

Attorneys practicing in the Southern District of Florida are governed in their professional conduct by the Rules Regulating the Florida Bar. *See* S.D. Fla. Local Rule 11.1(c). In order to disqualify an attorney, the court must identify a specific Rule of Professional Conduct that the attorney violated. *See Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997). The party bringing a motion to disqualify bears the burden of proving the grounds for

---

[14] Rule 4-3.7 provides, in pertinent part:

> (a) **When Lawyer May Testify**. A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless:
>> (1) the testimony relates to an uncontested issue;
>> (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
>> (3) the testimony relates to the nature and value of legal services rendered in the case; or
>> (4) disqualification of the lawyer would work substantial hardship on the client.

R. Regulating Fla. Bar 4-3.7.

disqualification. *See In re BellSouth Corp.,* 334 F.3d 941, 961 (11th Cir. 2003). In analyzing a motion to disqualify, the court must "be conscious of its responsibility to preserve a reasonable balance between the need to ensure ethical conduct on the part of lawyers appearing before it and other social interests, which include the litigant's right to freely choose counsel." *Woods v. Covington Cnty. Bank,* 537 F.2d 804, 810 (5th Cir. 1976). Disqualifying a party's chosen counsel is a remedy that the court should resort to sparingly. *See Norton v. Tallahassee Mem'l Hosp.,* 689 F.2d 938, 941 n.4 (11th Cir. 1982). Furthermore, "[b]ecause a party is presumptively entitled to the counsel of his choice, that right may be overridden only if compelling reasons exist." *BellSouth Corp.,* 334 F.3d at 961 (internal quotation marks omitted) (citations omitted). Furthermore, the Court should review a motion to disqualify with skepticism because it is often used for tactical purposes. *See Yang Enters., Inc. v. Georgalis,* 988 So.2d 1180, 1183 (Fla. Dist. Ct. App. 1st Dist. 2008).

**III.   Discussion**

    a. *CFTC's Standing*

    Jager and Martin contend that the CFTC does not have standing to seek to have Grossman disqualified as their counsel. A party generally does not have standing to seek disqualification where, as here, there is no privity of contract between the attorney and the party claiming a conflict of interest. *See Anderson Trucking Serv., Inc. v. Gibson,* 884 So.2d 1046, 1050–51 (Fla. Dist. Ct. App. 5th Dist. 2004) (finding that a party did not have standing to seek disqualify opposing counsel which had never previously represented that party). However, the Rules Regulating the Florida Bar authorize opposing counsel to raise the issue. *See* Comments to R. Regulating Fla. Bar 4-1.7. The Florida Supreme Court has noted that that "[c]omments to the Rules of Professional Conduct indicate that under certain circumstances someone other than

the client may request disqualification," as "where a conflict 'is such as clearly to call in question the fair or efficient administration of justice.'" *State Farm Mut. Auto. Ins. Co. v. K.A.W.*, 575 So.2d 630, 632 (Fla. 1991) (hereinafter "K.A.W.") (quoting Comments to R. Regulating Fla. Bar 4–1.7) (citing *In re Gopman*, 531 F.2d 262 (5th Cir. 1976) (finding that the government had standing to assert an alleged conflict of interest involving representation of labor union and union officials as witnesses before a grand jury)).

The CFTC has shown that Grossman's actions create a conflict that clearly calls into question the fair administration of justice. Both his current and former clients allege that Grossman provided them with advice regarding the legality of the transactions disputed in this case. According to Martin's deposition and Burbage and Gaudino's affirmative defense, as well as other evidence the CFTC has obtained, Grossman was intimately involved in the allegedly fraudulent transactions, and he even prepared a form that was used in the disputed retail commodity transactions.

Burbage and Gaudino assert an affirmative defense that they should not be held liable for these alleged illegal transactions because of the advice Grossman provided. Grossman and his Law Firm cited the conflict that Burbage and Gaudino's affirmative defense created in a July 25, 2013 Letter Grossman sent Burbage and Gaudino on behalf of the Law Firm withdrawing as their counsel. In the letter, Grossman informed Burbage and Gaudino that their affirmative defense "puts in jeopardy other clients [his Law Firm] is representing in" the instant matter. (*See* DE 205 at 1). With this letter, clearly confirms a conflict between his former representation of Burbage and Gaudino in transactions disputed in the instant matter and his current representation of Jager and Martin.

Clearly, the conflict in this matter calls into question the fair administration of justice. Accordingly, I find that the CFTC has standing to request Grossman and his Law Firm's disqualification.

  b. *Former Client Conflict of Interest*

  The CFTC asserts that Grossman's earlier representations of the individual Defendants disqualify him in this matter, as he is acting in a manner adverse to former clients. Rule 4-1.9 provides, in pertinent part:

> A lawyer who has formerly represented a client in a matter shall not thereafter:
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.

R. Regulating Fla. Bar 4-1.9. In order to succeed on a motion for disqualification on the basis of a conflict of interest, the party seeking disqualification must show "(1) an attorney-client relationship existed, thereby giving rise to an irrefutable presumption that confidences were disclosed during the relationship, and (2) the matter in which the law firm subsequently represented the interest adverse to the former client was the same or substantially related to the matter in which it represented the former client." *K.A.W.*, 575 So. 2d at 633 (citing *Ford v. Piper Aircraft Corp.*, 436 So. 2d 305, 305 (Fla. 5th Dist. Ct. App. 1983); *Sears, Roebuck & Co. v. Stansbury*, 374 So. 2d 1051, 1051 (Fla. 5th Dist. Ct. App. 1979)).

  As to the first condition, since the CFTC, Martin, and Jager agree that an attorney-client relationship existed between Grossman and Burbage and Gaudino,[15] the CFTC has met its

---

[15] The CFTC provided the retainer agreements between Lloyds and Grossman's Law Firm that was signed by Burbage and Grossman. (*See* DE 182-2). Jager and Martin confirmed that the "Defendants Lloyds Commodities, James Burbage, and Frank Gaudino ('the Former Clients') were previously represented by Grossman" and his Law Firm. (*See* DE 200 at 2 ¶ 3).

burden.  In proving that an attorney-client relationship existed, an irrefutable presumption arises

that confidences were disclosed during the relationship.

As to the second condition, the CFTC must show that the instant action is substantially

related to the attorney's previous representation.  An action is substantially related, the matter

"need only be akin to the present action in a way reasonable persons would understand as

important to the issues involved."  *In re Corrugated Container Antitrust Litig., Inc.*, 659 F.2d

1341, 1346 (5th Cir. 1981), abrogated on other grounds by *Gibbs v. Paluk*, 742 F.2d 181 (5th

Cir. 1984)); *Rentclub, Inc. v. Transam. Rental Fin. Corp.*, 811 F.Supp. 651, 656 (M.D. Fla.

1992).  According to the Florida Supreme Court,

> Matters are "substantially related" for purposes of this rule if they involve the
> same transaction or legal dispute, or if the current matter would involve the
> lawyer attacking work that the lawyer performed for the former client.  For
> example, a lawyer who has previously represented a client in securing
> environmental permits to build a shopping center would be precluded from
> representing neighbors seeking to oppose rezoning of the property on the basis of
> environmental considerations; however, the lawyer would not be precluded, on
> the grounds of substantial relationship, from defending a tenant of the completed
> shopping center in resisting eviction for nonpayment of rent.

*Waldrep v. Waldrep*, 985 So.2d 700, 702 (Fla. 4th Dist. Ct. App. 2008) (quoting *In re*

*Amendments to the Rules Regulating the Fla. Bar*, 933 So.2 d 417, 445 (Fla. 2006)).

The instant case alleges that the retail commodity transactions in which Grossman

represented his former clients, Burbage and Gaudino, were illegal.  Under Lloyds'' retainer

agreement, Lloyd engaged Grossman's Law Firm to advise it "on being a dealer in precious and

industrial metals" under relevant laws including the Commodity Exchange Act.  (*See* 182-2 at 2).

Grossman and his Law Firm were responsible for providing legal advice on commodity

transactions that Burbage and Gaudino engaged in.  Now, the CFTC alleges that those same

transactions violated the Commodity Exchange Act.  In fact, the CFTC contends that Grossman

8

prepared at least one of the forms used in the allegedly fraudulent transactions. Similar to the example described by the Florida Supreme Court in defining "substantially related" above, Grossman is responsible for helping structure the same transactions that are now in dispute.

Since Grossman represented Burbage and Gaudino in the transactions material to the instant matter, I find that the matters are substantially related. Accordingly, the CFTC has met its burden in proving a conflict of interest under Rule 4-1.9 of the Rules Regulating the Florida Bar to warrant disqualification of Grossman and his Law Firm in this matter. [16]

c. *Informed Consent*

Jager and Martin argue that, even if the Court finds that a conflict of interest exists, Burbage and Gaudino consented to Grossman's representation of Jager and Martin in this matter. Jager and Martin claim that Burbage and Gaudino provided implicit consent by waiving their attorney-client privilege. (*See* DE 200 at 7). The CTFC disagrees and contends that implicit consent is not enough to allow counsel to overcome a conflict of interest. The CFTC argues that, in order for Grossman to continue representing Jager and Martin in this matter, he needs to obtain informed consent. (*See* DE 205 at 6). Rule 4-1.9 requires "informed consent" from the

---

[16] In a footnote in their Response, Jager and Martin request an evidentiary hearing and allege that it is necessary whenever an attorney and the parties disagree on the issue of disqualification of counsel. (*See* DE 200 at 5 n.9). However, their argument is flawed. An evidentiary hearing is only required "where material facts are in dispute concerning a motion for disqualification." *Allstate Ins. Co. v. Bowne*, 817 So. 2d 994, 998 (Fla. 4th Dist. Ct. App. 2002). As discussed, Jager and Martin do not dispute that 1) an attorney-client relationship existed between Burbage, Gaudino, and Grossman and 2) that the instant matter and Grossman's previous representation are substantially related. Since there is no dispute as to the pertinent facts, I "do not understand what an evidentiary hearing would accomplish, except to cause the parties unnecessary expense." *Id.* Therefore, I decline to hold an evidentiary hearing on the instant motion.

former client in order of the attorney to continue to represent a current client when a conflict of interest exists.[17]

I agree with the CFTC. Jager and Martin did not provide any evidence to show that Grossman obtained Burbage and Gaudino's informed consent in this matter. The protections afforded in Rule 4-1.9 include not only attorney-client confidentiality, but also counsel's duty of loyalty. *See In re Skyway Commc'ns Holding Corp.*, 415 B.R. 859, 868 (Bankr. M.D. Fla. 2009) (finding that a former client waiving his attorney-client privilege does not mean that he waived his former attorney's conflict of interest); *Brent v. Smathers*, 529 So. 2d 1267, 1269 (Fla. 3d Dist. Ct. App. 1988). In waiving their attorney-client privilege, Burbage and Gaudino did not waive the duty of loyalty Grossman holds as their former counsel. Since they did not provide their informed consent for Grossman to represent Martin and Jager in this matter, I find that Rule 4-1.9 protections continues to apply, a conflict of interest still exists, and Grossman and his Law Firm are disqualified from representing Martin and Jager in this matter.[18]

## IV.    CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that the CFTC's Motion is **GRANTED**. J.B. Grossman and J.B. Grossman, P.A. are hereby **DISQUALIFIED** as counsel in the matter and are relieved of all further responsibilities related to Defendants in these proceedings.

In order for Martin and Jager to obtain new counsel in this matter, it is further hereby

---

[17] "Informed consent" is defined as "the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct." R. Regulating Fla. Bar 4- Preamble.

[18] Since the CFTC has met its burden to demonstrate a conflict of interest in violation of Rule 4-1.9, addressing the CFTC's other claim for disqualification, i.e., Grossman will likely testify as a necessary witness at trial in violation of Rule 4-3.7, is not necessary, and I decline to do so here.

**ORDERED AND ADJUDGED** that

1. The trial period in this matter, currently set for October 7, 2013 is **CONTINUED** to the two-week trial period commencing **December 2, 2013**.[19] The Status Conference/Calendar Call currently scheduled for October 2, 2013 is **RESCHEDULED** to November 27, 2013;[20] and

2. The Pretrial Scheduling dates and deadlines in this matter are reset as follows:

| | |
|---|---|
| November 4, 2013 | Updated Joint Pretrial Stipulations shall be filed. |
| November 11, 2013 | Exchange updated Exhibit List, Witness List, and Deposition Designations. |
| November 15, 2013 | Provide opposing counsel with objections. |
| November 18, 2013 | File final Exhibit List, Witness List, and Deposition Designations, with Objections. |
| November 20, 2013 | Exchange Proposed Jury Instructions. |
| November 21, 2013 | File Motions in Limine. |
| November 25, 2013 | File Proposed Jury Instructions. |

**DONE AND ORDERED** in Chambers, at West Palm Beach, Florida, this 6 day of September, 2013.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT COURT

Copies to:     Counsel of Record
               Melanie E. Damian, Special Monitor and Corporate Manager

---

[19] The CFTC noted that it would not oppose a reasonable continuance of trial to allow Martin and Jager to obtain new counsel.  (*See* DE 182 at 8 n.14).

[20] I advise the Parties that no additional continuances will be granted, absent exigent circumstances.