United States Commodity Futures Trading
Commissionwww.dvllp.com
525 W Monroe Street
Suite 1100
Chicago, IL 60661
**Attention:**   CFTC - Chicago Regional Office

Invoice Date:   August 31, 2014
End of Billing Date:   Aug 31/14

Client #:725
Inv  #:10960

**RE:**   United States Commodity Futures Trading Commission v. Hunter Wise Commodities, LLC, et al.

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| May-01-14 | [Asset analysis and recovery] Review report from Via Mat regarding inventory of metals being stored there (.1). | 0.10 | 26.50 | KDM |
| | [Case administration] Continue reviewing and revising Monitor's Status Report and send to Monitor for review (3.2). | 3.20 | 848.00 | KDM |
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.50 | 72.50 | mm |
| May-02-14 | [Asset analysis and recovery] Review and revise 5th Status Report. | 1.00 | 265.00 | MME |
| | [Asset analysis and recovery] Review and update tracking chart of dealers for consent judgments. | 0.50 | 75.00 | DMC |
| May-04-14 | [Case administration] Emails with Monitor regarding final revisions to Monitor's Status Report, review Monitor's requested revisions, and coordinate making those revisions (.3). | 0.30 | 79.50 | KDM |
| | [Case administration] Review and revise Status Report. | 0.40 | 106.00 | MDV |
| May-05-14 | [Asset analysis and recovery] Review and approve expenses for HW Financial. | 0.30 | 79.50 | MME |

EXHIBIT B

| | | | | |
|---|---|---|---|---|
| | [Asset analysis and recovery] Review Order entered in state court action against Lloyds Asset Management regarding the Burbages bankruptcy case and review docket sheet in bankruptcy case to monitor status of both cases (.2); review email from customer of London Metals Market regarding efforts to serve complaint on that company and its principal, discuss with Monitor, and work on locating their contact information and running an Accurint search (.3); review letter from customer of SJ Woods regarding recent calls from representative of that company, confer with Monitor, and investigate information in letter regarding that dealer and its communications with customers for purposes of responding to customer's inquiries (.4). | 0.90 | 238.50 | KDM |
| | [Case administration] Review final version of Monitor's Status Report, review three Exhibits and follow up on preparation of final Exhibit, and discuss filing of Report with Monitor (.5). | 0.50 | 132.50 | KDM |
| | [Case administration] Additional edits to Status Report. | 0.20 | 53.00 | MDV |
| | [Business operations] (Melissa McCarthy) Respond to Customer inquiries. | 0.50 | 72.50 | mm |
| May-06-14 | [Asset analysis and recovery] Review Complaint and related documents from counsel for investor seeking to sue London Metals Market and its principal (.4); review results from Accurint search of London Metals Market and its principal (.4) make telephone call to counsel for customer seeking to serve them with Complaint regarding our investigation into their whereabouts, preliminary findings and continued search (.2); report to Monitor communications with the customer's counsel and the status of our search for dealer and principal and coordinate continued search (.2); follow up with counsel for Sabertooth on scheduling of mediation (.1). | 1.30 | 344.50 | KDM |

| | | | | |
|---|---|---|---|---|
| | [Business operations] Review Notices from Storage Facility in Irvine, CA regarding payment of storage fees for multiple storage units, coordinate payment thereof, and follow up with storage company to change addresses to which Notices are sent (.2). | 0.20 | 53.00 | KDM |
| | [Case administration] Finish reviewing and finalizing Monitor's Status Report, add language to clarify scope of one Exhibit, review reconciliation of receipts and disbursements to be attached as Exhibit and finalize all Exhibits, review Judgment against Lloyds, Burbage and Gaudino to confirm whether certain accounts were to be unfrozen, and coordinate filing Report with the Court (.9); send Status Report to website manager for posting on monitorship website and to M. McCarthy for purposes of communications with customers and exchange emails with M. McCarthy regarding latest report and questions of customers (.3). | 1.20 | 318.00 | KDM |
| | [Asset analysis and recovery] Review and analyze voluminous documents and correspondence from Alan McGraw in preparation of meeting with K. Murena to determine whether information is sufficient to release gold bars to Alan McGraw (2.0); Organize documents produced by Fredd Brett in preparation of meeting with K. Murena to determine whether funds should be released to Fredd Brett (.5). | 2.50 | 500.00 | SMP |
| | [Business operations] (Mary Dhanji) Work on reconciliation of accounts (0.5); work on SFAR accounting report for Monitor's Fifth Status Report (0.5). | 1.00 | 100.00 | pl |
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.50 | 72.50 | mm |
| May-07-14 | [Asset analysis and recovery] Emails from counsel for certain customers of SJ Woods regarding those customers participation in any distribution from the Estate upon the conversion to a receivership and further | 2.10 | 556.50 | KDM |

efforts to locate the principal of that dealer
for purposes of serving complaint and
exchange emails with Monitor (.2); analyze
various documents provided by A. McGraw
in support of his claim for release of gold bars
frozen at DDS and work with team members
on determining what further documents, if
any, are required to complete investigation,
coordinate and strategize regarding
preparation of timeline of transfers related to
purchase and storage of gold bars, and
provide input for preparation of declaration to
be signed by A. McGraw upon completion of
investigation (1.2); telephone call to counsel
for DDS requesting confirmation and proof of
date gold bars were received and stored by
DDS (.2); analyze various documents
provided by F. Brett in support of his claim
for release of funds frozen at Baird and work
with team members on determining what
further documents, if any, are required to
complete investigation, assist with
preparation of timeline of transfers of funds
from F. Brett to Baird, review and revise draft
of declaration to be signed by F. Brett upon
completion of investigation and coordinate
further revisions and locating and identifying
of specific documents that support each
statement in declaration (.5).

| | | | |
|---|---|---|---|
| [Business operations] Receive update regarding certain bank charges for account of Newbridge and discuss whether to close account and transfer funds to Monitorship account (.2). | 0.20 | 53.00 | KDM |
| [Case administration] Emails with M. McCarthy regarding most recent Monitor's Status Report and preparing and sending letter to customers regarding status of Monitorship and trial in enforcement action (.2). | 0.20 | 53.00 | KDM |
| [Asset analysis and recovery] Review documents by A. McGraw and analyze his request for release of metals and F. Brett's request for release of funds (1.9); prepare | 2.00 | 400.00 | SMP |

correspondence to F. Brett regarding status
(.1).

| | | | | |
|---|---|---|---|---|
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.30 | 43.50 | mm |
| May-08-14 | [Asset analysis and recovery] Telephone call to customer of SJ Woods responding to his letter requesting return of his investments (.1); prepare and send letter responding to that customer and providing him with an update of the status of the monitorship and the enforcement action (.3); telephone call to counsel for customer of London Metal Market regarding his client's claims against that company, its principal and Hunter Wise, the entry of CFTC Restitution Order against that company and its principal, and the status of the Monitorship and enforcement action and efforts to locate them for purposes of collection of restitution amount (.3); confirm that certain London Metal Market customer is on our customer list with contact information for his counsel (.1); email from counsel for investor forwarding various documents related to his client's investments through London Metal Market and begin reviewing those documents (.5); emails to and from counsel for Sabertooth regarding scheduling mediation (.1); email from counsel for DDS regarding various documents related to transfer and purchase of gold bars of which A. McGraw's is requesting the release, review those documents and confer with team members regarding incorporation into timeline for investigation in preparation for upcoming call with A. McGraw (.6). | 2.00 | 530.00 | KDM |
| | [Case administration] Email from forensic accountant regarding change of name of accounting firm and coordinate preparation of notice to be filed with the Court (.1); email from M. McCarthy with draft of letter to be sent to customers of HW and its dealers providing an update regarding the status of the monitorship and the CFTC action, revise the draft and coordinate sending out to all customers (.3). | 0.40 | 106.00 | KDM |

| | | | | |
|---|---|---|---|---|
| | [Asset analysis and recovery] (No charge) Exchange correspondence with Alan McGraw regarding status of our further review of the documents he produced and to schedule telephone conference to discuss remaining matters. | 0.20 | 0.00 | SMP |
| | [Asset analysis and recovery] Continue reviewing and analyzing voluminous documents produced by Alan McGraw (2.8); prepare detailed timeline of events and conclusions regarding gaps in information in preparation of telephone conference with Alan McGraw regarding his request for release of seven gold bars (2.2). | 4.90 | 980.00 | SMP |
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.80 | 116.00 | mm |
| May-09-14 | [Asset analysis and recovery] Review emails and reimbursement requests from HW Financial, confer with Monitor regarding approval thereof and next transfer from HW Financial to Monitor pursuant to Court's Order Unfreezing Accounts of that entity and its affiliates, and send email to counsel for HW Financial regarding amount and timing of next payment to Monitor (.5); email from counsel for HW Financial regarding timing and amount of transfer to Monitor (.1); continue reviewing documents provided by counsel for customer of London Metal Market compiled in connection with his search for that company and its principal and documents related to action commenced against them (.7); coordinate and assist with review of HW database and customer lists for customer's account and information (.5); review letter from counsel for customer of London Metal Market to that customer and me regarding CFTC's restitution order and recommendation to not continue pursuing action against the company and its principal in light of order (.2); prepare and send letter to counsel explaining outcome of our search through our databases for his client, the possible treatment of his client in a claims | 2.90 | 768.50 | KDM |

process approved in this enforcement action, and the effect of the holdings regarding the Monitor's right to collect restitution amount in the CFTC's consent order against London Metal Market (.7); review emails with A. McGraw regarding follow-up questions regarding transfer of funds to purchase gold bars of which he seeks the release from DDS and scheduling of conference call to address issues (.2).

| | | | |
|---|---|---|---|
| [Case administration] Review final version of letter sent to all HW customers with email addresses and coordinate having that letter sent by mail to all other customers without email addresses (.2). | 0.20 | 53.00 | KDM |
| [Asset analysis and recovery] Review JB Grossman Insurance Policy (.3); correspondence with J. Mazer regarding same (.1). | 0.40 | 106.00 | MDV |
| [Business operations] (Melissa McCarthy) Respond to customer inquiries and send out email notification. | 0.50 | 72.50 | mm |
| [Case administration] (Melissa McCarthy) Meet with CFTC regarding status of various claims process issues. | 1.00 | 145.00 | mm |

| | | | | |
|---|---|---|---|---|
| May-12-14 | [Asset analysis and recovery] Review and approve HW Financial expenses. | 0.30 | 79.50 | MME |
| | [Asset analysis and recovery] Emails to and from counsel for F. Jager and HW Financial regarding status of transfer to Monitor pursuant to Order Unfreezing Assets and Monitor's consideration of latest disbursement request, coordinate following up with bank on receipt of wire transfer, and follow up with Receiver regarding review and approval of that request (.4); telephone call with A. McGraw regarding further information and documents needed to establish transfer of gold bars from HWIC-Cayman to DDS, and to ascertain involvement of The Metals Exchange, Dillon | 1.70 | 450.50 | KDM |

| | | | | |
|---|---|---|---|---|
| | Gage, and NTR, for purposes of investigation of his claim for release of bars (.4); review emails with A. McGraw regarding issues discussed during telephone call and documents received from DDS relating to the suppliers of the gold bars, investigate two of those suppliers and coordinate sending A. McGraw contact information for those suppliers (.5); review letter from another investor of SJ Woods J. Wang regarding his dealings and investments with SJ Woods and requesting release of his from the Estate, review documents provided, and begin preparing response letter (.4). | | | |
| | [Asset analysis and recovery] Conference regarding timeline pertaining McGraw metals transaction (.2),Telephone conference with General Counsel for DDS, Scott Schwartz regarding shipment of metals from Dillon Gage and NTR (.2); Telephone conference with K. Murena and Alan McGraw to discuss the holes in the transaction details and additional follow up needed by A. McGraw to resolve certain aspects of the transaction (1.4). | 1.80 | 360.00 | SMP |
| May-13-14 | [Asset analysis and recovery] Email from A. McGraw forwarding Daily Flash Report from HWIC-Cayman reflecting metals purchased through the Metals Exchange and review that Report and related documents and coordinate further efforts to confirm final transfer of gold bars in question to DDS (.5); receive confirmation of receipt of funds into Monitor's trust account from HW Financial pursuant to Order Unfreezing Accounts (.1); exchange emails with M. McCarthy regarding communications with person claiming ownership of funds frozen at Baird regarding status of our investigation, review his latest email, and follow up on final stage of investigation and preparation of Declaration in support of that person's claim (.3). | 0.90 | 238.50 | KDM |
| | [Case administration] Emails with M. McCarthy regarding contact information for certain customers of HW and follow up on | 0.20 | 53.00 | KDM |

sending our latest status update letter to those who do not have email addresses (.2).

| Date | Description | Hours | Amount | Initials |
|------|-------------|-------|--------|----------|
| | [Asset analysis and recovery] Receipt and review e-mail from Alan McGraw with Flash Report from the Metal Exchange in support of purchase by the Metal Exchange of his 7 gold bars and prepare correspondence to A. Mcgraw with contact information for Dillon Gage and NTR (.2). | 0.20 | 40.00 | SMP |
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 1.50 | 217.50 | mm |
| May-14-14 | [Asset analysis and recovery] Continue working on investigating assets and location of dealers and principals against which CFTC restitution judgments were entered, review Accurint reports, coordinate performing further Accurint searches, and coordinate updating of tracking chart (1.1). | 1.10 | 291.50 | KDM |
| May-15-14 | [Asset analysis and recovery] Email from A. McGraw regarding emails between him and representative of the Alternative Exchange regarding his dealings with HWIC-Cayman and further investigation into transfer of metals from that company to DDS, review those emails, and strategize regarding connection between Alternative Exchange and HWIC-Cayman and Dillon Gage and NTR (.4). | 0.40 | 106.00 | KDM |
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.80 | 116.00 | mm |
| May-16-14 | [Asset analysis and recovery] Review Opinion and Order (1.0); reviewing Final Judgment (.2); telephone call with CFTC (.2); meet with counsel, and insurance counsel regarding status and strategy (1.0); review HW Financial requests and bank records (.3). | 2.70 | 715.50 | MME |
| | [Asset analysis and recovery] Review the District Court's Opinion and Final Order and Order of Final Judgment, Permanent Injunction, Civil Monetary Penalties and | 4.00 | 1,060.00 | KDM |

Other Equitable Relief (1.2); strategize with
Monitor and team members regarding Court's
findings of fact, conclusions of  law and
relief granted and the duties of the Monitor in
her capacity as equity Receiver over the
entity defendants, including securing and
marshaling assets of Defendants, notifying
banks and counsel for Defendants, pursuing
claims against dealers, and formulating a
claims and distribution process (1.0); emails
to and from and telephone call to counsel for
CFTC regarding Opinion and Final Judgment
(.3); emails to and from and telephone call
from counsel for F. Jager and his HW entities
regarding entry of Opinion and Final
Judgment, forward those Orders to counsel,
and schedule call to discuss Court's rulings
(.3); review Default Final Judgment against
CD Hopkins Financial, Hard Asset Lending
Group, Chadewick Hopkins, Blackstone
Metals Group and Baris Keser and confer
with Monitor/Receiver (.3); meet with
Receiver, special insurance counsel, and other
team members, and exchange emails with
special insurance counsel, regarding tolling
agreements with and claims to be asserted
against former counsel to HW, demands
made for insurance policies, the principle
terms of those policies, the demands to be
made to the insurance companies under the
D&O and malpractice policies, and the
preparation of complaints for malpractice
(.7); strategize with Receiver and team
members regarding research on statute of
limitations issue, location of advice of
counsel, and effect of bar admissions (.2).

| | | | |
|---|---|---|---|
| [Business operations] Review email from Monitor/Receiver to CFO of HW Financial regarding discrepancy between previous disbursement request and follow up request for the same mid-month payroll and confer with Monitor/Receiver regarding investigating that discrepancy and accessing HW Financial's accounts online (.2); access online bank accounts at First Foundation Bank of HW Financial, Holdings, and Securities and F. Jager's personal accounts to confirm transfers in and out of those accounts | 1.80 | 477.00 | KDM |

and reconcile them with HW Financial's disbursement requests and the Monitor/Receiver's disbursement approvals to confirm compliance with Court's Order Unfreezing Certain Accounts and to ensure there were no unauthorized transfers out in light of recent entry of Final Judgment (.8); review with Monitor/Receiver various disbursement requests and her written approvals and strategize with Monitor/Receiver regarding certain discrepancies with HW Financial's online bank records (.4); prepare and send email to from CFO of HW Financial regarding discrepancy discovered between certain disbursement requests and online bank records and request investigation and explanation (.2); email from CFO of HW Financial regarding his investigation into that discrepancy, confirmation that excessive funds were transferred out of account without authority, and his efforts to have those transfers reversed, and confer with Monitor/Receiver regarding following up on that reversal (.2).

| | | | |
|---|---|---|---|
| [Case administration] Forward Opinion and Final Judgment to M. McCarthy, exchange emails regarding those Orders, and coordinate preparation of letter to customers summarizing those Orders and explaining the commencement of the receivership and forthcoming distribution plan (.4); forward Opinion and Final Judgment to website manager and coordinate posting them on the website (.1); coordinate calendaring of deadlines set forth in Final Judgment (.1); review Order granting Fourth Interim Fee Application, confer with Monitor, and coordinate payment of all professionals' fees and costs (.2). | 0.80 | 212.00 | KDM |
| [Case administration] (No charge) Begin reviewing and revising invoices and coordinate preparation of Fifth Interim Fee Application (.3). | 0.30 | 0.00 | KDM |
| [Asset analysis and recovery] Phone call with CFTC regarding Court Order (.2); strategize | 0.80 | 212.00 | MDV |

with Monitor regarding how to proceed (.3);
strategize with insurance counsel (.2);
correspondence with insurance counsel (.1).

| May-19-14 | [Asset disposition] Emails to and from counsel for CFTC regarding liquidation of physical metals (.2); inquire with depositories regarding process for liquidation of metals and current values of inventories (.5). | 0.70 | 185.50 | KDM |
|---|---|---|---|---|
| | [Asset analysis and recovery] Email from person seeking release of certain funds frozen at Baird & Associates and coordinate reviewing of those documents for purposes of completing investigation into the ownership and source of those funds (.2); emails to and from CFO of HW Financial regarding reversal of certain transfers out of HW Financial account with detailed explanation of reason for unauthorized transfers and confirmation of return of those funds to HW Financial's account, review confirmations provided by CFO, and access accounts of HW Financial, Holdings, and Securities to confirm return of funds and to monitor accounts to ensure that no further unauthorized transfers were made (.7); prepare and send email to Receiver confirming return of unauthorized transfers to HW Financial's account, confirmation that no further unauthorized transfers were made from any accounts, and strategize regarding execution on assets of Jager, his companies and various other assets (.4). | 1.30 | 344.50 | KDM |
| | [Asset analysis and recovery] Review dockets for the Lloyds actions and verify which Defendants did not enter into a stipulation and prepare list for A. Fernandez to review for purposes of following up with Plaintiffs' attorneys. | 0.50 | 50.00 | pl |
| | [Business operations] (Melissa McCarthy) Work on database maintenance to be prepare for claims process. | 0.30 | 43.50 | mm |
| | [Case administration] (Melissa McCarthy) Work on customer notification of final order. | 0.80 | 116.00 | mm |

| May-20-14 | [Asset disposition] Emails with S. Schwartz at DDS regarding Court's Opinion and Final Judgment and liquidation of metals and transfer to receivership account (.2). | 0.20 | 53.00 | KDM |
|---|---|---|---|---|
| | [Asset analysis and recovery] Emails to and from Receiver regarding monitoring of accounts of HW Financial, Holdings and Security to ensure compliance with Court's orders and strategy for executing on Final Judgment and recovering assets from all defendants and access accounts online to monitor transfers in and out of accounts (.5); emails with counsel for CFTC and Receiver regarding collection from owners of HWC and review various corporate records reflecting each owner's interest and transfers among owners (.5); strategize with team members regarding preparation of demand letters to former counsel for HW, to former officers and directors, and to insurance carriers, preparation of complaints against former counsel and former officers and directors, and information regarding certain managers and owners of HWC for purposes of preparing complaints (.6); review Court's Order on Scrivener's Errors (.1). | 1.70 | 450.50 | KDM |
| | [Business operations] Emails and telephone call with M. McCarthy regarding loss of access to HW's computer databases, communications with B. Shoemaker regarding service required to servers and estimate to perform service and maintain the servers, and discuss proposal for performing service and updates to servers and setting up meeting to review and learn the systems so M. McCarthy can maintain and have full access to them (.4). | 0.40 | 106.00 | KDM |
| | [Case administration] Emails to and from and telephone call from M. McCarthy regarding draft of letter to customers regarding outcome of trial, effect of Final Judgment, conversion of monitorship to a receivership, and forthcoming claims administration process and review and revise draft letter (.6). | 0.60 | 159.00 | KDM |

| | | | | |
|---|---|---|---|---|
| | [Asset analysis and recovery] Correspondence with counsel for Delaware Depository regarding Court Order (.2); correspondence with insurance counsel regarding Grossman insurance policy (.2); legal research regarding legal malpractice claims (1.5); prepare letter to JB Grossman (.3). | 2.20 | 583.00 | MDV |
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.50 | 72.50 | mm |
| May-21-14 | [Asset analysis and recovery] Work with team members on contacting counsel for plaintiffs in ancillary actions against the Lloyds entities to inform them of the entry of the Consent Judgment against the Lloyds entities and discuss entering into a Stipulation for dismissal in light of that Judgment and the Court's recent Final Judgment against the Hunter Wise entities and principals, the conversion of the case to a receivership, and the prospective claims process and distribution plan in which their clients can participate (.8); review Stipulation entered into with plaintiffs in other ancillary actions and coordinate updating for purposes of entering into with plaintiffs who have not yet dismissed their actions against the Lloyds entities (.2); review letter to J.B. Grossman demanding copy of updated malpractice insurance policy and confer with team members (.2); review emails with counsel for CFTC regarding pursuing recovery from owners of HW entity defendants and D&O insurance policy (.2). | 1.40 | 371.00 | KDM |
| | [Business operations] Email from Receiver regarding recent disbursement requests from CFO of HW Financial, Holdings and Securities and contact CFO to obtain copies of expenses for which disbursements are requested (.2). | 0.20 | 53.00 | KDM |
| | [Case administration] Review and revise second draft of proposed letter to retail customers informing them of the status of the | 1.80 | 477.00 | KDM |

CFTC enforcement action including the entry of the Final Judgment and send to M. McCarthy to finalize and prepare for transmittal to customers (.6); review monitorship/receivership website, prepare summary of the status of the case to be posted on the home page and send to website manager with request for various other revisions and additions to the website (1.2).

| | | | | |
|---|---|---|---|---|
| | [Asset analysis and recovery] Phone calls to Defendants' attorneys who have not entered stipulations to dismiss actions against Lloyds (0.5); Review consent judgment entered against Lloyds (0.2); Review stipulation regarding ancillary proceedings (0.2). | 0.90 | 135.00 | AF |
| May-22-14 | [Asset analysis and recovery] Review replacement Opinion and Order recently entered by the Court and compare to original Opinion and Order to determine the changes made by the Court (.4); access online First Foundation Bank accounts of HW Financial, Holdings and Securities to monitor the transfers to and from those accounts (.4); strategize regarding assets, including metals, furniture and equipment, to be liquidated at various locations and storage facilities and accounts to be closed, upon the Final Judgment becoming a final order, non-appealable order (.5). | 1.30 | 344.50 | KDM |
| | [Business operations] Exchange emails with CFO of HW Financial regarding recent requests for approval of disbursements sent to the Monitor and provide update to the Monitor (.3); review disbursement requests for purposes of making recommendation to Receiver regarding approval (.4). | 0.70 | 185.50 | KDM |
| | [Case administration] Emails to and from website manager regarding recent revisions and additions to the website, review website to confirm those revisions and additions were made properly, and request further revisions (.4); confer with Monitor's Customer Communications Director regarding updating of website and finalizing of letter to | 0.70 | 185.50 | KDM |

| | | | | |
|---|---|---|---|---|
| | customers regarding the outcome of the trial and the conversion of the case to a receivership and coordinate sending revised letter to Monitor for review and approval (.3). | | | |
| | [Case administration] (No charge) Review and revise invoices for Receiver and her counsel (1.5); assist with certain aspects of preparation of Fifth Fee Application (.3). | 1.80 | 0.00 | KDM |
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.50 | 72.50 | mm |
| May-23-14 | [Asset analysis and recovery] Telephone calls and emails to and from counsel for Jager and his HW entities regarding the Final Judgment, the Court's replacement Opinion and Order and the changes from the original Opinion and Order, the possibility that Defendants will appeal the Final Judgment and Opinion and Order and their ability to post bond, the Receiver's intention to execute on the Judgment, Jager's resignation as President of HW Securities, Jager's payment towards the restitution amount from his income from HW Financial, Holdings and Securities (.8); review email from First Foundation Bank regarding its intention to close the accounts of Jager and his HW entities and telephone calls to and from private banker in charge of those accounts to discuss our monitoring of those accounts and the effect of closing them (.3); prepare and send email to Receiver regarding call with First Foundation Bank (.1); access online First Foundation Bank accounts of HW Financial, Holdings and Securities to monitor the transfers to and from those accounts (.4). | 1.60 | 424.00 | KDM |
| May-24-14 | [Case administration] Email from website manager regarding further revisions to the home page of the website and review website to confirm requested changes were made (.2). | 0.20 | 53.00 | KDM |
| May-26-14 | [Case administration] (No charge) Finish reviewing and revising invoices of counsel for the Receiver (2.6). | 2.60 | 0.00 | KDM |

| May-27-14 | [Business operations] Meet with counsel regarding bank accounts (.2); review and revise letter to First Foundation (.2). | 0.40 | 106.00 | MME |
| | [Case administration] (No charge) Review billing records. | 1.00 | 0.00 | MME |
| | [Asset analysis and recovery] Email from J.B. Grossman regarding legal malpractice insurance policy and inability to replace coverage once prior policy expired and discuss with Receiver and team members (.3); emails with special insurance counsel and team members regarding demands previously sent to J.B. Grossman during the policy period putting him on notice of Monitor's potential claim against him, review and circulate previous letter to J.B. Grossman putting him on notice, and strategize regarding sufficiency of notice and assertion of claim against that policy (.5); coordinate conference call with Receiver, team members and special insurance counsel to discuss all insurance matters and exchange emails with insurance counsel (.2); begin reviewing insurance counsel's coverage analysis for D&O policy in preparation for conference call (.2); strategize with Receiver regarding liquidation of the metals at depositories and secure storage facility, the spot prices of precious metals, and the timing and procedures for liquidating the metals through the depositories and other means (.4); meet with the Receiver regarding the liquidation and auctioning of the furniture and fixtures from the two HW offices in Irvine, CA and Las Vegas, NV and scheduling of trip to those cities to oversee the move out of storage and auction (.2); telephone calls from and to First Foundation Bank regarding Receiver's position with respect to closing of accounts and possibility of keeping them open for purposes of asset recovery for a limited time period, confer with Receiver regarding keeping accounts open, and inform bank of our intention to send letter requesting that the accounts remain open until further | 4.00 | 1,060.00 | KDM |

notice (.4); prepare letter to First Foundation Bank requesting that accounts remain open and provide to Receiver for review and approval (.4); meet with Receiver to strategize regarding pursuing clawback claims against certain third parties, meet with team members regarding investigating certain transfers from HW and the recipients of those transfers, coordinate having forensic accountant gather information regarding those transfers and recipients, and exchange emails with forensic accountant regarding the focus of our investigation (.7); emails to and from counsel for Jager and Martin regarding scheduling a call to discuss the Final Judgment and related matters, confer with Receiver, confirm date and time of call and obtain call-in information, and calendar the call (.3); telephone call from CFTC regarding our recovery from Blackstone and B. Keser, review reconciliations and confer with M. Dhanji to confirm amounts recovered, and prepare and send email to CFTC reporting amounts and status of recovery (.4).

| | | | |
|---|---|---|---|
| [Business operations] Strategize with Receiver regarding review of disbursement requests from HW Financial, recommendation regarding approval of certain disbursements and need for further investigation of certain requested disbursements (.2); confer with Receiver regarding having M. McCarthy meet with B. Shoemaker to learn the computer system and having B. Shoemaker update the server so we can access to databases and exchange emails with M. McCarthy regarding scheduling trip to California to learn and take over the system (.2). | 0.40 | 106.00 | KDM |
| [Case administration] Confer with Receiver regarding letter to be sent to customers regarding outcome of trial and entry of Final Judgment and updates to the website including home page summary of status and frequently asked questions and follow up on sending out letter and adding frequently asked questions (.3). | 0.30 | 79.50 | KDM |

| | | | | |
|---|---|---|---|---|
| | [Case administration] (No charge) Discuss with Receiver proposed revisions to our invoices and follow up on preparation of Fee Application (.2). | 0.20 | 0.00 | KDM |
| | [Asset analysis and recovery] Review correspondence from JB Grossman and forward to insurance counsel. | 0.10 | 26.50 | MDV |
| May-28-14 | [Asset disposition] Emails with potential auctioneer for the liquidation of the office furniture and equipment at storage facilities in Irvine, CA, Las Vegas, NV and Palm Beach County and research for other possible auctioneers in Irvine and Las Vegas for purposes of obtaining competing bids (.5). | 0.50 | 132.50 | KDM |
| | [Asset analysis and recovery] Confer with Receiver and follow up on scheduling the mediation in the Sabertooth matter (.2); confer with Receiver regarding letter to First Foundation Bank requesting that certain account be kept open, finalize letter and coordinate sending letter to the Bank (.3); email from counsel for CFTC regarding information provided related to recovery from Blackstone and confirmation that no funds were recovered from B. Keser and follow up on confirming same (.2); emails from and to S. Baenz regarding information requested related to certain recipients of transfers from Hunter Wise (.2). | 0.90 | 238.50 | KDM |
| | [Business operations] Emails to and from CFO of HW Financial regarding latest disbursement requests and additional information and explanation regarding a particular proposed disbursement and the proposed reduction thereof (.3); confer with Receiver regarding CFO's explanation as to that proposed reduced disbursement and prepare and send email indicating the Receiver's approval of that and the other contemporaneous disbursement requests (.2). | 0.50 | 132.50 | KDM |
| | [Case administration] Email from M. McCarthy regarding letter emailed to all | 0.20 | 53.00 | KDM |

customers with email addresses providing update regarding the outcome of the trial and forthcoming claims process to be proposed by the Receiver and coordinate sending out the same letter by mail to all customers without email addresses (.2).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Phone conference regarding insurance coverage issues regarding claims against Ds & Os and against counsel. | 0.80 | 212.00 | MDV |
| [Asset analysis and recovery] Draft stipulation for ancillary proceeding for Bruce Gordon v. Lloyds (0.5); Email to R. Forkey regarding signed stipulation for ancillary proceedings (0.1). Email stipulation to Scott Hirsch (0.1). | 0.70 | 105.00 | AF |
| [Asset analysis and recovery] Prepare status update letter to customers and prepare envelopes for customer with no valid email address for mailing. | 1.50 | 150.00 | pl |
| [Business operations] (Melissa McCarthy) Work on and send out the email notification to customers. | 0.30 | 43.50 | mm |

| May-29-14 | [Asset analysis and recovery] Telephone call with Fred Jager's attorneys regarding payment of judgment (.5); telephone call with insurance counsel regarding third party claims (1.0); meeting with counsel regarding status and strategy (.3). | 1.80 | 477.00 | MME |
|---|---|---|---|---|
| | [Asset disposition] Emails to and from potential auctioneer for the furniture and equipment from the Defendants' offices in Irvine, Las Vegas and South Florida regarding inventories, descriptions and pictures of the assets to be sold at auction, the location of the facilities where they are being stored (.4); review descriptions and pictures of the furniture and equipment and provide further information to potential auctioneer (.3); coordinate gathering inventories for all the furniture and equipment in the different | 0.90 | 238.50 | KDM |

storage facilities for purposes of obtaining estimates from prospective auctioneers (.2).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Telephone calls and emails to and from First Foundation Bank regarding the Final Judgment and the Agreed Order Unfreezing Certain Accounts and send those Orders to the Bank for purposes of our request to keep the accounts of Jager and his HW companies open (.3); telephone calls and emails with counsel for Jager and his HW entities regarding upcoming conference call to discuss various matters related to Final Judgment and the Receiver's execution thereon (.2); teleconference with Receiver and counsel for Defendants Martin and Jager and Jager's HW entities regarding the Final Judgment, the Receiver's execution thereon, and proposal to permit Jager's HW entities to continue operating for purposes of generating revenues to pay the disgorgement amount, keeping the First Foundation accounts open to facilitate those companies' continued operation, and various related issues (.5); teleconference with Receiver and team members including special insurance counsel to discuss claims against officers and directors of HW, claims against former counsel to HW and other Defendants, demand letters previously sent, and further demand letters and complaints being prepared, and strategize regarding related insurance matters (1.0); strategize with the Receiver regarding recording and executing on the Final Judgment and related matters (.3). | 2.30 | 609.50 | KDM |
| [Asset analysis and recovery] Review and analyze documents submitted by Fred Brett in support of his request for release of funds including detailed review and calculations of documents showing transfers to HWIT and deposits into HWIT account (1.3); Exchange correspondence with Fred Brett regarding scheduling telephone conference (.1); Review and revise draft Declaration for Fred Brett in support of his request for release of funds (.3); Prepare Exhibits to Declaration (.1); Prepare correspondence to K. Murena regarding missing information in support of | 2.00 | 400.00 | SMP |

Fred Brett's request for release of funds (.2).

| | | | | |
|---|---|---|---|---|
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.50 | 72.50 | mm |
| May-30-14 | [Asset analysis and recovery] Review HW financial transactions and e-mails regarding same (.6); telephone call with CFTC regarding status and strategy for collection and distribution (.4); conferences with counsel regarding HWIC account (.3). | 1.30 | 344.50 | MME |
| | [Asset disposition] Emails with prospective auctioneer for the furniture and equipment in the various storage units, send pictures of the contents of certain of those units, and provide further information regarding storage units and accessing them (.3); emails with S. Baenz regarding the storage units in Irvine and the keys to those units and requesting that they send the keys and the HW laptop computer seized from the HW office (.2); continue working on confirming location and ability to access the various storage units in Irvine, Las Vegas, West Palm Beach and Miami and arranging for the keys to be sent to prospective auctioneers for purposes of obtaining proposals for the auctions (.3). | 0.80 | 212.00 | KDM |
| | [Asset analysis and recovery] Review summary of investigation into claim of F. Brett to release of funds in HWIT account at Baird and various documents that he produced in support of his claim and identify missing evidence of the source of funds and that the funds at Baird were earmarked for F. Brett (.6); telephone call with F. Brett regarding the documents he provided, the missing evidence in support of his claim, and contacting Baird and HWIT to obtain that evidence (.5); telephone calls to and from counsel for Baird regarding HWIT's account at Baird, the amount of funds therein, whether any of those funds were earmarked from F. Brett, the transferee of those funds, other claims made to those funds, and procedure for obtaining release of those funds (.6); emails with counsel for Baird regarding | 3.90 | 1,033.50 | KDM |

information related to the HWIT account and contact information for Baird's counsel (.3); follow up on obtaining certified copies of Final Judgment for purposes of recording it in multiple jurisdictions and assist with determining procedure for obtaining judgment lien certificates in certain states (.3); meet with Receiver to discuss seeking release of funds in HWIT account at Baird, possible need to bring legal proceeding in London, and obtaining agreement from controlling shareholders of HWIC-Cayman to release of funds (.3); telephone call and email from former counsel to Lloyds entities for purposes of Sabertooth litigation regarding the status of the enforcement action and the receivership, the effect of Consent Judgment against Lloyds on that litigation, plan to schedule mediation with counsel for Sabertooth, and recommendation for mediators in Los Angeles (.5); coordinate following up with Sabertooth's counsel on the mediation date and proposed mediators, and coordinate scheduling the mediation for the same time as the prospective auction of the office furniture and equipment and M. McCarthy's meeting with B. Shoemaker to learn and gain control over HW's computer system (.3); emails to and from counsel for Jager and his HW entities regarding Jager's financial disclosures and the extent to which it was incomplete and review financial disclosures of Jager and South Peak Texas Investments (.5).

| | | | |
|---|---|---|---|
| [Business operations] Emails to and from CFO of HW Financial regarding latest disbursement requests, including for payroll, review those requests and the underlying documents and confer with the Receiver regarding approval (.3); emails with CFO regarding need for further documents in support of HW Financial's latest disbursement requests (.2). | 0.50 | 132.50 | KDM |
| [Asset analysis and recovery] Telephone conference with Fred Brett and co-counsel Kenneth Murena regarding our investigation into his request for a release of funds for | 1.20 | 240.00 | SMP |

Baird and missing information that would enable us to confirm that funds are his (.5); Telephone conference with General Counsel for Baird, Tony Dobra regarding information pertaining to Fred Brett's request for release of funds and whether they can confirm funds belong to Mr. Brett and related issues (.6); Receipt and review follow up correspondence from Tony Dobra with contact information for lawyer at their firm to discuss issue of seeking release of funds Baird is holding for HWIT Cayman (.1).

| Date | Description | Hours | Amount | Initials |
|---|---|---|---|---|
| May-31-14 | [Case administration] Emails with M. McCarthy regarding HW customers to add to mailing list (.1); emails with CFO of HW Financial regarding documents underlying latest disbursement requests and begin reviewing those documents (.2). | 0.30 | 79.50 | KDM |
| Jun-01-14 | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.80 | 116.00 | mm |
| Jun-02-14 | [Asset disposition] Multiple emails with prospective auctioneer for sale of furniture and equipment of Defendants in storage in South Florida, Las Vegas and Irvine regarding the contents, keys and location of storage units and coordinate sending keys to auctioneer (.5). | 0.50 | 132.50 | KDM |
| | [Asset analysis and recovery] Continue reviewing and gathering the financial disclosures provided for F. Jager and South Peak, send to G. Baldwin and exchange emails regarding scheduling a call to discuss various assets of F. Jager (.9); email from F. Brett regarding his claim to funds in account at Baird in the name of HWIT and belief that the Receiver lacks any claim to those funds or jurisdiction in the UK or Cayman Islands to obtain those funds (.1); strategize regarding the Receiver's claim to funds in HWIT's account pursuant to her claims against its parent HWIC-Cayman and prepare for call with counsel for Jager to discuss these matters (.5); emails with prior counsel for Lloyds entities in Sabertooth litigation | 1.80 | 477.00 | KDM |

regarding his intention to withdraw as
counsel and need to substitute in new local
counsel (.2); email from First Foundation
Bank regarding scheduling a call with the
Receiver to discuss HW Financial's accounts
and discuss with Receiver (.1).

| | | | |
|---|---|---|---|
| [Business operations] Finish reviewing disbursement requests from HW Financial's CFO, confer with Receiver, and send email to CFO regarding Receiver's approval of those requests (.3). | 0.30 | 79.50 | KDM |
| [Case administration] Review letter from HW customer regarding his involvement and losses of his investments with HW and one of its dealers and coordinate updating customers list with his contact information and making sure he receives Receiver's latest letter regarding the status of the enforcement action, the outcome of the trial, and the conversion of the case to a receivership (.3). | 0.30 | 79.50 | KDM |

Jun-03-14   [Asset analysis and recovery] Emails and      1.50      397.50      KDM
telephone calls with First Foundation Bank to
set up conference call with Receiver and
confer with Receiver regarding purpose and
scheduling of call (.3); review emails with F.
Brett regarding his intention to seek a court
order in the UK to direct Baird to release
certain funds to him from the account of
HWIT, his request for an affidavit from us,
and his communications with his solicitor and
a Baird representative (0.3); strategize
regarding our response in light of F. Brett's
failure to provide sufficient documentation to
demonstrate his ownership of the funds in the
account and the commingling of those funds
with all other HWIT investors' funds (.3);
strategize regarding collecting judgment
amount from F. Jager, E. Martin and the
companies they own (.4); exchange emails
and telephone calls with counsel for Jager
regarding issues related to collection of
judgment amount and scheduling subsequent
call to further discuss issue after he has
spoken with his client (.2).

| | | | | |
|---|---|---|---|---|
| | [Asset analysis and recovery] Emails with former counsel for Hunter Wise regarding Subpoena he received directed to the Records Custodian of Hunter Wise in the context of a criminal action and communications with the Assistant State Attorney regarding the testimony he may request at the criminal trial, review the Subpoena, and coordinate calendaring of trial period (.3). | 0.30 | 79.50 | KDM |
| | [Asset analysis and recovery] Research background of Hunter Wise for claims against Ds and Os (2.0); strategize regarding attorney malpractice claims (.1). | 2.10 | 556.50 | MDV |
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.50 | 72.50 | mm |
| Jun-04-14 | [Asset analysis and recovery] Meet with counsel regarding status and strategy of collection issues (.4); telephone call with First Foundation Bank regarding status of accounts (.4). | 0.80 | 212.00 | MME |
| | [Asset disposition] Emails with prospective auctioneer regarding inspection of contents of storage in West Palm Beach and providing inventories for other storage units (.2); confer with Receiver regarding status of obtaining auctioneers for sale of contents of storage units in Irvine, Las Vegas and South Florida (.2). | 0.40 | 106.00 | KDM |
| | [Asset analysis and recovery] Strategize with team members regarding effect of stay provision in Order Appointing Receiver and Preliminary Injunction Order on litigation claims of the Receivership Defendant, whether that provision precluded the Monitor from bringing actions against third parties, the stay provision's tolling of all applicable statutes of limitations for those claims, and review and analyze the stay provision for purposes of determining the   commencement of various statutes of limitation in light of the | 3.30 | 874.50 | KDM |

entry of the Final Judgment and conversion of
the receivership (.5); follow up on status of
and assist with obtaining certified copies of
Consent Judgments entered against certain
HW dealers for purposes of recording them
(.2); telephone calls to and from counsel for
Jager and his entities regarding liquidation of
certain of their assets and Jager's interest in
certain companies as partial satisfaction of
Judgment amount and Jager's proposal for
the continued operation of HW Financial,
Securities and Holdings with oversight by
and payments to the Receiver (.4); telephone
call with First Foundation Bank and the
Receiver regarding the continued use of the
accounts by HW Financial, Securities and
Holdings, the Bank's interest in closing the
accounts, the request to change the signatory
on those accounts, and the status of the
Receiver's efforts to reach an agreement with
those companies (.4); meet with Receiver
regarding telephone call with counsel for
Jager and strategize regarding obtaining
proposal from Jager regarding the continued
operation of his companies with oversight by
and payments to the Receiver, the liquidation
of various assets to make immediate
payments to the Receiver, and scheduling
Jager's deposition (.4); prepare and send
email to counsel for Jager regarding the
foregoing matters and possible dates for the
deposition (.2); search for and review various
documents related to HWIC and HWIT and
send to counsel or Jager (.8); telephone call
with counsel for Sabertooth regarding the
merits of the Receiver's claims, the limited
assets of Sabertooth, and the possible
scheduling of a mediation and discuss with
Receiver (.4).

| | | | |
|---|---|---|---|
| [Case administration] Letter from customer of SJ Woods regarding his involvement, investments and losses with SJ Woods and coordinate updating of customers list with his contact information and information regarding his claimed losses (.2). | 0.20 | 53.00 | KDM |
| [Asset analysis and recovery] Review Hunter Wise court orders regarding director and | 1.70 | 450.50 | MDV |

officer liability (1.5); conference regarding background information on Ds and Os (0.2).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] (No charge) Exchange e-mail correspondence with K. Murena regarding investor Fred Brett's response to my last communication. | 0.20 | 0.00 | SMP |
| [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 1.30 | 188.50 | mm |

| | | | | |
|---|---|---|---|---|
| Jun-05-14 | [Asset analysis and recovery] Confer with Receiver regarding possible deposition dates and send email to counsel for F. Jager regarding new proposed dates for the deposition (.2); work with team members on investigating non-managing members of Hunter Wise and related entities for purposes of pursuing avoidance claims against them and review emails with forensic accountant regarding investigation of transfers to those members (.4); continue working on recording Consent Orders and Order of Final Judgment against various Defendants in various jurisdictions, determining sufficiency of those Orders for purposes of recording and execution in several different jurisdictions, follow up on obtaining certified copies of the Consent Orders, and strategize with team members regarding execution on those final Orders (.9). | 1.50 | 397.50 | KDM |
| | [Case administration] Emails with counsel for plaintiff in ancillary litigation matter against Lloyds regarding the status of the enforcement action, the Consent Order against the Lloyds entities and principals, and the effect of that order on the stay provisions in the Order Appointing Special Monitor and Preliminary Injunction Order and discuss with team members response to counsel's inquiries and having Plaintiffs in remaining actions agree to Stipulation of Dismissal as against the Lloyds entities (.4). | 0.40 | 106.00 | KDM |
| | [Asset analysis and recovery] Email to Scott Hirsch regarding stipulation agreement to dismiss cases against Lloyds. | 0.10 | 15.00 | AF |

| | | | | |
|---|---|---|---|---|
| | [Asset analysis and recovery] Prepare e-mail correspondence to Forensic Accountant requesting their assistance in investigation of fraudulent transfers to Non-Managing Members when they received distributions or received payment for selling their HW shares and attaching certain documents for review. | 0.40 | 80.00 | SMP |
| | [Asset analysis and recovery] Prepare cover letters and packages to Clerk/Recorders for Dade County, Broward County, West Palm Beach County, Clark County and Orange County and send Certified Copies of the Final Judgment to be recorded in each county. | 0.70 | 70.00 | pl |
| Jun-06-14 | [Asset disposition] Follow up with one of the prospective auctioneers regarding estimate for the sale of the office furniture and equipment in South Florida, Las Vegas and Irvine, and getting estimates from other auctioneers in Las Vegas and Irvine (.3). | 0.30 | 79.50 | KDM |
| | [Asset analysis and recovery] Multiple emails to and from forensic accountant regarding investigation of distributions to various members of HWC and its subsidiaries and lists of those members, for purposes of pursing clawback claims against them (.7); multiple emails with both counsel for F. Jager regarding scheduling the deposition of F. Jager and related matters and follow up with counsel regarding proposal for the continued operation of F. Jager's HW entities (.2); work on determining best method for liquidating the metals at DDS, IDS and stored at ViaMat (.5). | 1.40 | 371.00 | KDM |
| | [Case administration] Telephone calls from and to customer regarding status of the enforcement action and the receivership, the claims administration process, and whether and when distributions will be made to customers (.3); continue working on strategy for Plan for claims process and distribution to be proposed to the Court (.4). | 0.70 | 185.50 | KDM |

| | | | | |
|---|---|---|---|---|
| Jun-08-14 | [Asset analysis and recovery] Meet with counsel regarding status and strategy for asset recovery. | 0.20 | 53.00 | MME |
| | [Asset analysis and recovery] Emails to and from initial counsel for Lloyds in the Sabertooth action regarding status of locating substitute counsel in Los Angeles and work on locating local counsel (.2). | 0.20 | 53.00 | KDM |
| Jun-09-14 | [Asset analysis and recovery] Strategize with Receiver regarding recovery of assets from judgment debtors, including F. Jager and Ed Martin, and follow up by email and telephone calls with counsel for F. Jager regarding scheduling of his deposition (.5); work with Receiver on logistics for trip to Orange County to depose F. Jager, turnover the furniture and equipment in storage to prospective auctioneer, and take over control and access to Hunter Wise's computer systems (.3); multiple emails and telephone calls with M. McCarthy regarding setting up meeting between her and B. Shoemaker for purposes of having him update all of Hunter Wise's computer systems, teaching her how to access and use those systems, and turning over control and access to those systems (.5); strategize with team members regarding negotiation fee for meeting with B. Shoemaker and investigate his salary at Hunter Wise (.2); coordinate locating and reserving court reporter for deposition of F. Jager and making other arrangements for deposition, turnover of furniture and equipment to prospective auctioneer and meeting with B. Shoemaker (.2). | 1.70 | 450.50 | KDM |
| | [Asset analysis and recovery] (D&O Action) Work on gathering Declarations and deposition transcripts for certain former officers of Hunter Wise, review those Declarations and transcripts, discuss with team members for purposes of preparation of complaint against former officers and directors, and work on formulating claims and developing facts in support thereof (1.0). | 1.00 | 265.00 | KDM |

| | | | | |
|---|---|---|---|---|
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 1.80 | 261.00 | mm |
| Jun-10-14 | [Case administration] Meet with counsel regarding proposed claims process. | 0.30 | 79.50 | MME |
| | [Asset disposition] Multiple emails with prospective auctioneer for sale of furniture and equipment in South Florida regarding recommendations for auctioneers in Irvine and Las Vegas and continue efforts to secure auctioneer to sell the furniture and equipment in each city (.4); review inventory for furniture and equipment in Irvine, CA, discuss with Receiver, and exchange emails with South Florida auctioneer regarding recommended auctioneer in Irvine (.3). | 0.70 | 185.50 | KDM |
| | [Asset analysis and recovery] Review Declaration that F. Brett prepared for purposes of the proceeding he will bring to have funds released from Baird, review his email requesting that we confirm certain facts, strategize with team members regarding responding to his requests, and review and revise draft response and coordinate finalizing and sending to F. Brett (.5); multiple telephone calls to both of the counsel for F. Jager regarding scheduling the deposition, the proposal to permit HW Financial, Holdings and Securities to continue to operate, partial payment of the Judgment amount from various sources,   and related matters (.9); meet with Receiver regarding status of F. Jager's providing proposal to permit HW Financial, Holdings and Securities to continue to operate and making partial payment of the Judgment amount from various sources (.2); follow up on scheduling court reporter and other plans for deposition of F. Jager (.2); continue working on preparing for meeting between B. Shoemaker and M. McCarthy and exchange emails with M. McCarthy regarding that meeting (.4); agree upon date and time of deposition with Receiver and counsel for F. Jager and coordinate revising and service of | 4.90 | 1,298.50 | KDM |

Notice of Deposition in Aid of Execution
(.3); meet with Receiver regarding claims
against members of HWC to recover
distributions from HWC to them and status of
forensics to determine total amounts each of
them received, review and discuss with
Receiver report of distributions to members
obtained from HWC (.5); exchange emails
with forensic accountant regarding
confirming that report against Quickbooks
files and preparing summary report reflecting
totals of all distributions to HWC members
and discuss with Receiver (.4); assist with
preparation of demand letter to members of
HWC (.3); meet with Receiver and team
members to formulate claims against former
directors and officers of HWC and to discuss
and locate evidence in support of those claims
(.2); exchange emails with counsel for DDS
and Fidelitrade regarding proposal for selling
metals being stored at DDS and strategize
with Receiver regarding timing for
liquidation of metals (.5); emails to and from
counsel for DDS regarding assistance with
selling metals that Receiver is storing at
storage facility in Miami and discuss with
Receiver (.3); coordinate contacting person at
IDS who can assist liquidation of metals
being stored at IDS and receive report
regarding communications with IDS
representative (.2).

| | | | |
|---|---|---|---|
| [Business operations] Review emails from CFO with disbursement requests for HW Financial and confer with Receiver regarding status of F. Jager's proposal for continued operation of that company and its affiliates (.2); telephone calls and email to counsel for F. Jager regarding HW Financial's latest disbursement requests (.2). | 0.40 | 106.00 | KDM |
| [Case administration] Meet with Receiver regarding strategy for Plan for the claims process and liquidation to be proposed to the Court, based on Court's finding of fact and conclusions of law, and discuss deadline to prepare draft of plan and deadline to file it with the Court (.3); assist with developing framework for the plan and determining the | 0.90 | 238.50 | KDM |

eligible claimants (.2); review letter from customer of SJ Woods and Hunter Wise regarding her involvement and investments and request to be considered as a claimant, confirm that she is on customers list, update that list with her contact information and begin reviewing her documents (.4).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Strategize with Monitor regarding Complaint against Ds & Os (.1). | 0.10 | 26.50 | MDV |
| [Asset analysis and recovery] Receipt and Review correspondence from Fred Brett requesting that we confirm receipt of Declaration and informing that he will seek costs against Receiver for petitioning court for release of his funds and receipt and review sworn Declaration of Fred Brett (.4); prepare correspondence to Fred Brett regarding the false statements in his Declaration and our disagreement with same (.4); strategize regarding same (.1); Revise correspondence to Fred Brett (.2). | 1.10 | 220.00 | SMP |
| [Asset analysis and recovery] Strategize regarding preparation of demand letter for fraudulent transfers to insiders that received distributions in exchange for selling shares of Hunter Wise entities or having received distributions in the course of business (.2). | 0.20 | 40.00 | SMP |
| [Asset analysis and recovery] (No charge) Search system for Deposition transcripts of Ed Martin, Fred Jager, JB Grossman, Tim Carey, David Manners and Tracy Luu and print copies for attorney M. Visconti's review (0.6); request copies of transcripts not in our possession from the CFTC (0.1). | 0.70 | 0.00 | pl |

| | | | | |
|---|---|---|---|---|
| Jun-11-14 | [Asset analysis and recovery] Review disbursements and strategize demand letter for shareholders and review of choice of law issues. | 0.80 | 212.00 | MME |
| | [Case administration] Meet with counsel regarding proposed claims process. | 0.40 | 106.00 | MME |

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Review material regarding potential claims. | 0.20 | 53.00 | PFV |
| [Asset analysis and recovery] Conference with Receiver regarding same. | 0.10 | 26.50 | PFV |
| [Asset disposition] Email with counsel for Fidelitrade regarding proposal for liquidation of metals stored at DDS and at Via Mat and the timing and procedures for such liquidation (.2); emails with prospective auctioneer for South Florida furniture and equipment regarding inventories in South Florida, Las Vegas and Irvine and status of providing proposals for all three auctions, and to schedule a call to further discuss these matters (.3); strategize with team members regarding timing of liquidation of metals and review research regarding the metals market and prices (.2). | 0.70 | 185.50 | KDM |
| [Asset analysis and recovery] telephone calls to and from counsel for CFTC regarding proposed Order against a particular Hunter Wise dealer and certain language to include to facilitate the Receiver's collection from that dealer and review language proposed in connection with the submission of Consent Orders against other dealers (.5); discuss with Receiver language to propose to counsel for the CFTC for Consent Order to facilitate collection of restitution amount (.2); work on drafting language to propose to CFTC for Consent Order and provide to Receiver for review and approval (.6); emails to and from counsel for CFTC regarding the powers and | 5.40 | 1,431.00 | KDM |

duties of the Receiver pursuant to the Final Judgment against Hunter Wise and its principals and send Judgment to counsel and explanation regarding entities within the scope of the Receivership (.3); meetings with Receiver and team members regarding pursing collection of restitution amounts from dealers and their principals against which CFTC Consent Judgments were entered,

locating those dealers and principals, and preparation of demand letters to each of them (.4); strategize with Receiver regarding bringing claims against all other HW dealers and locating those dealers and their principals (.2); exchange emails with forensic accountant regarding forensic analyses of distributions to members of Hunter Wise for purposes of formulating clawback claims against those members who were not defendants, and review analyses of those distributions and reconciliation of Hunter Wise's financial records (.6); meet with Receiver to review and discuss forensic accountant's analyses regarding distributions to Hunter Wise members and determine which members to pursue clawback claims against (.2); multiple meetings with Receiver and team members regarding demand letters and causes of action against Hunter Wise members who received distributions, applicable law, and preparation of complaints against them (.5); review law underlying claims against Hunter Wise members, review and revise demand letter to those members, and coordinate further revisions and citations to authority (.6); emails with forensic accountant regarding addresses for Hunter Wise members who received distributions, review certain Hunter Wise records containing those addresses and report listing addresses and disbursement totals, and coordinate confirmation of addresses for purposes of demand letters (.3); email from forensic accountant regarding separate analysis for each Hunter Wise member who received distributions and review those analyses to be included with demand letters (.4); gather and review all Judgments and Consent Orders against defendants other than Hunter Wise and follow up on preparation of demand letters to send to them (.3); gather and review all CFTC Consent Orders against non-defendant dealers and follow up on preparation of demand letters to them (.3).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Receive report regarding status of recording judgments against all defendants and recording CFTC Consent Orders against non-defendant dealers | 0.50 | 132.50 | KDM |

(.2); emails with forensic accountant regarding revisions to be made to the summary reports and individual reports for each Hunter Wise member who received distributions (.3).

| | | | | |
|---|---|---|---|---|
| | [Case administration] Strategize with Receiver and team members regarding certain provisions to include in Plan for claim process and distribution (.4). | 0.40 | 106.00 | KDM |
| | [Asset analysis and recovery] Draft demand letter to insiders (1.0); Research regarding unjust enrichment in California (1.0). | 2.00 | 300.00 | AF |
| Jun-12-14 | [Asset analysis and recovery] Review and revise proposed consent order for dealer (.4); review and revise form demand letter for claw back claims (.4). | 0.80 | 212.00 | MME |
| | [Asset disposition] Telephone calls with prospective auctioneer to strategize regarding auctions for furniture and equipment in South Florida, Irvine and Las Vegas, recommendation for the South Florida auction and bulk sale, and status of providing proposals for all three auctions (.5); email from counsel for Fidelitrade and DDS regarding proposal for liquidation of metals being stored at ViaMat (.2). | 0.70 | 185.50 | KDM |
| | [Asset analysis and recovery] Review Mandate regarding Judgment against Defendants entered by Eleventh Circuit (.1); emails with the forensic accountant regarding analyses of distributions to members of Hunter Wise other than Jager and Martin, as summaries, detailed reports, and individual reports for each member, both since the inception of Hunter Wise and since the effective date of Dodd-Frank (.5); review all member distribution reports prepared by forensic accountant and discuss with Receiver for purposes of demand letters to be sent out to each member (1.8); telephone calls and | 3.30 | 874.50 | KDM |

emails to and from counsel for CFTC
regarding language to be included in Consent
Order with Palm Beach Capital and discuss
with Receiver proposed language to be
inserted regarding powers and authority of
the Monitor and further revisions to that
language to make (.3); further revise
proposed language to insert in Consent Order
and prepare and send email to counsel for
CFTC with proposed language and revision
to certain sections of Consent Order (.3);
emails to and from counsel hired by Lloyds to
prosecute litigation against Sabertooth
regarding that counsel's outstanding invoices
for services provided pre-monitorship and
submitting those invoices with proof of claim
in claims administration process (.2); emails
with counsel for CFTC regarding
confirmation of F. Jager's attendance at his
scheduled deposition (.1).

| | | | |
|---|---|---|---|
| [Business operations] Email to CFO of HW Financial regarding the latest disbursement requests (.1); access and review online the accounts of HW Financial, Holdings and Securities at First Foundation Bank to confirm that no unauthorized transfers were made and that all transfers correspond to the disbursement requests that the Receiver previously approved (.8). | 0.90 | 238.50 | KDM |
| [Asset analysis and recovery] Revise demand letter to insiders. | 0.70 | 105.00 | AF |
| Jun-13-14    [Asset analysis and recovery] Review and revise final form demand letter for shareholder distributions (.3); conference with counsel regarding same (.1). | 0.40 | 106.00 | MME |
| [Asset disposition] Emails to and from IDS of Canada regarding procedure for liquidating metals of Hunter Wise at that depository (.2); review updated market report regarding prices of platinum and palladium (.1). | 0.30 | 79.50 | KDM |
| [Asset analysis and recovery] Telephone call counsel for CFTC in action against Palm Beach Capital regarding language proposed | 0.90 | 238.50 | KDM |

for Consent Order and form of the Consent Order to be submitted to the Court (.2); review Receiver's comments and edits to demand letter to be sent to members of Hunter Wise who received distributions and revise and finalize letter (.2); coordinate inserting into the letter the total amounts of distributions from forensic accountant's updated analyses of member distributions and the updated addresses for the members, review letter and separate distribution analysis to be sent to each member, sign letters, and coordinate sending them out (.5).

| | | | | |
|---|---|---|---|---|
| | [Business operations] Emails and telephone calls to counsel for F. Jager and his HW entities regarding the status of providing their proposal for the turnover of certain assets, the liquidation of other assets, and the continued operation of Mr. Jager's HW entities (.2); emails to and from CFO of HW Financial regarding the latest disbursement requests (.1); telephone calls to and from counsel for J. Jager regarding disbursement requests and deadline for proposal for operation of HW Financial, Securities and Holdings (.2). | 0.50 | 132.50 | KDM |
| | [Case administration] Strategize with Receiver and team members regarding certain aspects of the proposed Plan for claims administration and distribution (.4). | 0.40 | 106.00 | KDM |
| | [Asset analysis and recovery] Draft final letters to insiders and coordinate mailing out to all insiders. | 2.50 | 375.00 | AF |
| | [Asset analysis and recovery] (Reduced time) Assist attorney A. Fernandez in finalizing demand letters for turnover of funds to various shareholders (1.5); prepare shipment packages for each demand letter (2.0 - no charge). | 1.50 | 150.00 | pl |
| Jun-16-14 | [Asset analysis and recovery] Meet with counsel regarding status and strategy related to Fred Jager. | 0.20 | 53.00 | MME |
| | [Asset analysis and recovery] Emails and | 3.40 | 901.00 | KDM |

telephone calls to and from counsel for F. Jager and his HW entities regarding certain disbursements made from HW Financial, the Receiver's consideration of the pending disbursement requests, and their proposal for the continued operation of HW Financial, Holdings and Securities and F. Jager's initial payments to the Receivership Estate pursuant to the Final Judgment (.6); telephone call from counsel for CFTC regarding deposition of F. Jager and status of efforts to collect on judgment and from former members of HW who received distributions (.2); telephone calls from former member and alleged employee of Hunter Wise regarding the distributions that he and another member received and the salary and expense reimbursement that he received from Hunter Wise, locating documents to substantiate his assertions, and information regarding location of D. Manners (.7); review index of HW boxes to identify files in which such documents may be located (.1); telephone call from counsel for F. Jager confirming deposition of F. Jager and his flight to Miami to attend deposition, discuss timing of deposition with Receiver, and send email to counsel or CFTC confirming deposition (.2); review Order dismissing state court litigation against Lloyds entities and principals for lack of prosecution (.1); review copy of Final Judgment recorded in Broward County, Florida and follow up on having it recorded in various other jurisdictions (.1); review provisions of CFTC's Consent Orders for restitution against certain HW dealers related to Receiver's right to collect the restitution amounts and the NFA's appointment as Monitor to collect those amounts, coordinate contacting the NFA to determine status of their collection efforts and discuss the possible assignment of its right to collect the restitution amounts and distribute them to those dealers customers, and coordinate making revisions to demand letters to the dealers (.8); review and revise demand letter to dealers and their principals against which CFTC Consent Orders were entered and coordinate further revisions (.6).

| | | | | |
|---|---|---|---|---|
| | [Case administration] Telephone calls to and from customer of Pan American Metals regarding the claims administration process and his inclusion on list of customers to receive claims packages and confirm that his name and contact information is on customers list (.2). | 0.20 | 53.00 | KDM |
| | [Asset analysis and recovery] Review consent judgments entered into with CFTC to determine whether Receiver has authority to collect restitution amounts (1.0); Draft letter to collect on consent judgments (1.0). | 2.00 | 300.00 | AF |
| Jun-17-14 | [Asset analysis and recovery] Meet with counsel regarding preparation for F. Jagar's deposition. | 0.20 | 53.00 | MME |
| | [Asset analysis and recovery] Review and revise second draft of demand letter to dealers against which CFTC Consent Orders were entered (.4); have Receiver review demand letter and revise it in accordance with her requests (.3); coordinate finalizing of demand letter and adapting it for the other dealers against which CFTC Consent Orders were entered (.2); work with team members on locating those dealers, including reviewing various dealer lists, Accurint reports and other HW records (.5); work with team members on determining whether NFA collected any amount of restitution obligations from the dealers, whether it turned over collected amounts to the CFTC, whether the CFTC can turn those funds over to the Receiver to distribute to the defrauded customers, and related issues (.7); multiple telephone calls to and from different office of the CFTC regarding the CFTC Consent Order against certain HW dealers, the status of the NFA's collection efforts, the collectability of the dealers, and the possibility of transferring the authority to collect and any funds collected to the Receiver so she may continue collection efforts and return to the defrauded customers (1.0); strategize with team members regarding calls with counsel for CFTC and proposed transfer to Receiver of authority to collect and collected funds (.2); | 6.30 | 1,669.50 | KDM |

review letter from CFTC with certified copies of Consent Orders against certain dealers and follow up on having those Orders recorded in various jurisdictions (.1); continue gathering and reviewing documents produced by Jager including various bank statements and CFTC disclosure form completed for Jager and for South Peak, access, revise and print all First Foundation Bank statements for all accounts of Jager and his entities, prepare an outline of topics to discuss and information needed for the deposition in aid of execution of Mr. Jager, summarizing all of the Jagers' assets, income, related business entities, debts and transfers (2.9).

| | | | |
|---|---|---|---|
| [Case administration] Emails with M. McCarthy regarding certain HW customers and contact information and the notices that we sent out to all customers existing at the time the monitorship commenced (.2); emails and telephone calls with M. McCarthy regarding B. Shoemaker's proposal for updating of the HW computer system and teaching M. McCarthy how to access and utilize the system to recover data, information and records related to the customers, the dealers, the metals transactions,   and other aspects of HW's operations, and strategize regarding need to access the system for purposes of the claims administration process (.6). | 0.80 | 212.00 | KDM |
| [Asset analysis and recovery] Revise demand letter to collect restitution for CFTC judgment (0.8); Find contact person at NFA regarding collection of consent judgment with the CFTC (0.4); Phone call with Susan Cech at NFA regarding collection of restitution amounts from CFTC judgments (0.3); Phone call to Todd Kelley with the CFTC regarding collection of restitution from Newbridge Metals (0.1); Phone call to Jon Kramer with the CFTC regarding collection of restitution from Joseph Glenn Commodities (0.1); Phone call to Robert Howell with the CFTC regarding collection of restitution from Pan American Metals (0.1). Conference regarding | 2.40 | 360.00 | AF |

consent judgement amount turned over by
NFA to CFTC (0.2); Find dealer addresses
for demand letters (0.4).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Review Jager production and pull most recent bank statements for each account for attorney K. Murena's review in preparation for upcoming deposition of Fred Jager. | 0.50 | 50.00 | pl |
| [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 1.30 | 188.50 | mm |
| Jun-18-14 | [Asset analysis and recovery] Continue preparing for deposition of F. Jager in aid of execution, reviewing various documents, including bank statements and financial disclosures that he produced, gathering records to be addressed at deposition, and review draft of outline summarizing all of the Jagers' assets, income, related business entities, debts and transfers (2.3); meet with Receiver to discuss status of preparation for deposition, records being gathered, and further investigation into F. Jager's assets being performed (.2); coordinate running updated Accurint reports for F. Jager and certain of his companies, review those reports and work incorporate certain information into deposition outline (.3); strategize regarding certain statutes pursuant to which F. Jager transferred assets to family members and coordinate researching that statute (.3); discuss with Receiver status of F. Jager's proposal regarding the immediate turnover of assets and the continued operation of HW Financial, Holdings and Securities and send follow up email to counsel for F. Jager (.2); review letter from D. Manners in response to Receiver's letter demanding return of all distributions from Hunter Wise (.2); finalize and sign demand letters to dealers against which CFTC Consent Orders were entered, confirm accuracy of physical addresses and emails, and coordinate sending out letters (.3); receive update from FedEx regarding certain dealers' principals' refusal to accept | 3.90 | 1,033.50 | KDM |

demand letters and coordinate resending by
Certified Mail (.1).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery) Return calls to Tod Kelley regarding taking over payment reimbursement collection of restitution for Newbridge Metals (0.3). | 0.30 | 45.00 | AF |
| [Asset analysis and recovery] Finalize demand letters based on consent judgments with the CFTC and coordinate mailing. | 0.60 | 90.00 | AF |
| [Asset analysis and recovery] Review judgments against defendants in order to prepare demand letters (0.5). | 0.50 | 75.00 | AF |
| [Asset analysis and recovery] Review documents produced by Jager including various bank statements and CFTC disclosure form completed for Jager and for South Peak, access, revise and print all First Foundation Bank statements for all accounts of Jager and his entities, prepare an outline of topics to discuss and information needed for the deposition in aid of execution of Mr. Jager, summarizing all of the Jagers' assets, income, related business entities, debts and transfers | 2.80 | 700.00 | CP |
| [Asset analysis and recovery] Continue assisting with preparing for deposition of F. Jager in aid of execution, reviewing various documents, including bank statements and financial disclosures that he produced, gathering records to be addressed at deposition, and preparing deposition outline, summarizing all of the Jagers' assets, income, related business entities, debts and transfers. | 3.30 | 825.00 | CP |
| [Asset analysis and recovery] Assist attorney A. Fernandez in finalizing demand letters to dealers and prepare packages to be sent. | 1.00 | 100.00 | pl |

| | | | | |
|---|---|---|---|---|
| Jun-19-14 | [Asset disposition] Emails from and to prospective auctioneer for furniture and equipment in south Florida regarding the inventory of assets to be sold and the expected expenses for the auction and | 0.90 | 238.50 | KDM |

marketing (.2); work on determining whether
Final Judgment authorizes receiver to
liquidate all personal property of Defendants
without further court order (.3); review Order
and Opinion and Final Judgment for language
giving Receiver authority to liquidate assets
of Defendants (.4).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Strategize regarding findings from research regarding California law on transmutation and transfer of real property, law on qualified personal residence trust, and law on revocable and irrevocable trust and transfer of personal property into trusts and coordinate incorporating into outline for deposition of F. Jager (.5); revise outline for deposition of F. Jager concerning Jagers' trusts, residence and personal property (.6); continue preparing for deposition of F. Jager in aid of execution, including reviewing and organizing various documents to be addressed a deposition (1.9); telephone call from counsel for former member of Hunter Wise regarding demand letter for return of distributions from Hunter Wise, background of the CFTC Action and monitorship, the trial against Hunter Wise and its principals, the Court's Opinion and Order and Final Judgment and appointment of Receiver, and the applicable fraudulent transfer law (.5). | 3.50 | 927.50 | KDM |
| [Business operations] Emails and telephone calls to and from President of HW Financial regarding outstanding disbursement requests and status of F. Jager providing proposal for continued operation of that company (.3); multiple emails and telephone calls to and from counsel or Jager regarding outstanding disbursement requests and status of providing proposal for continued operation of the company (.4); review proposal and provide to Receiver for consideration (.2). | 0.90 | 238.50 | KDM |
| [Case administration] Continue working on formulating Plan for claims process and distribution, determining proposed eligible claimants and criteria for allowing and disallowing claims (1.0); report to Receiver | 1.10 | 291.50 | KDM |

| | | | | |
|---|---|---|---|---|
| | calls to and from customer regarding status of claims process and distributions to customers (.1). | | | |
| | [Asset analysis and recovery] Assist C. Perez with research regarding Section 850 of the California Family Code and qualified personal residence trusts. | 1.20 | 180.00 | AF |
| | [Asset analysis and recovery] Research California law on transmutation and transfer of real property (.6); research law on qualified personal residence trust (.3); research law on revocable and irrevocable trust and transfer of personal property into trusts (.4); strategize regarding research findings and update outline of deposition of F. Jager in aid of execution with research findings (.6). | 1.90 | 475.00 | CP |
| | [Asset analysis and recovery] Prepare exhibits to be used in Fred Jager's deposition for attorney review. | 2.50 | 250.00 | pl |
| Jun-20-14 | [Asset analysis and recovery] Review proposal from HW Financial and discuss with counsel (.6); begin preparing for Jager deposition (1.0). | 1.60 | 424.00 | MME |
| | [Asset disposition] Work on confirming Receiver's authority to liquidate personal property (.3) exchange emails with counsel for CFTC regarding liquidation of furniture and equipment through auction and liquidating the metals through the depositories and affiliated suppliers (.4). | 0.70 | 185.50 | KDM |
| | [Asset analysis and recovery] Telephone call from and emails to and from counsel for the Morse Family Trust regarding extension of deadline to repay distributions received from Hunter Wise as a member or otherwise respond to demand letter and coordinate updating of tracking chart for demand letters and calendaring new deadline for Morse Family Trust to respond (.2); work with team members on preparing demand letters to Defendants against which Consent Judgments | 3.20 | 848.00 | KDM |

or Default Judgments were entered in the
CFTC action (.4); revise outline for
deposition of F. Jager in aid of execution,
continue working on gathering and
organizing documents to be addressed at
deposition, and meet with Receiver to prepare
and strategize for deposition (.9); telephone
calls to and from President of HW Financial
regarding the continued operation of the
company, payments to the Receiver based on
amounts transferred to the company from
HWC, the remaining balance owed to the
Receiver, and proposal for future payments to
the Receiver (.5); review confirmation of
recording of Final Judgment and follow up on
recordings in various jurisdictions (.2);
telephone calls to and from T. DeMars
regarding extension of time to respond to
demand letter for return of distributions from
Hunter Wise and coordinate updating of
tracking chart and calendaring of new
deadline to respond (.3); emails to forensic
accountant regarding response to demand
letter of D. Manners and coordinate
investigation into the bases for the transfers
from Hunter Wise to D. Manners (.3); prepare
and send email to D. Manners regarding his
response to our demand letter, his retention of
legal counsel, and scheduling a call to discuss
the Receiver's demands and the transfers he
received from Hunter Wise (.2); email from
forensic accountant regarding documents
needed to confirm allegations of D. Manners
that funds he received were not member
distributions and work on obtaining those
documents (.2).

| | | | |
|---|---|---|---|
| [Business operations] Meet with Receiver regarding approval of payroll and expenses for HW Financial and notifying President of HW Financial and review expense disbursement requests (.3); telephone calls and emails to and from President of HW Financial regarding Receiver's approval of payroll and expenses and related matters (.2); email from President of HW Financial confirming Receiver's approval of latest payroll and expense disbursement requests for the company (.1). | 0.60 | 159.00 | KDM |

| | | | | |
|---|---|---|---|---|
| | [Case administration] Telephone call from representative of customer of Pan American Metals regarding participation in claims administration process in Hunter Wise receivership, CFTC Consent Order entered against Pan American Metals and appointment of NFA as monitor to collect restitution amount, and updated contact information (.2); continue working on formulating Plan for claims administration and distribution and assist with preparation of Motion to approve that Plan (1.0). | 1.20 | 318.00 | KDM |
| | [Asset analysis and recovery] Continue review of Hunter Wise documents and discovery materials regarding claims against Ds and Os (2.4). | 2.40 | 636.00 | MDV |
| | [Asset analysis and recovery] Draft demand letters for restitution payments from Defendants pursuant to Default Judgments (1.2); Revise these demand letters (0.2); search for addresses of Defendants for demand letters (0.2). | 1.60 | 240.00 | AF |
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.80 | 116.00 | mm |
| Jun-22-14 | [Asset analysis and recovery] Review financial disclosure, outline and documents to prepare for deposition of Fred Jager, and exchange email with counsel regarding same. | 1.40 | 371.00 | MME |
| | [Asset analysis and recovery] Emails with Receiver regarding preparations and further documents needed for deposition of F. Jager in aid of execution and coordinate making printing and making copies of various documents needed for deposition (.2); continue preparing for deposition of F. Jager in aid of execution, review certain documents and confirming certain financial disclosures by F. Jager (.7). | 0.90 | 238.50 | KDM |
| Jun-23-14 | [Asset analysis and recovery] Prepare for deposition with counsel (1.0); take deposition | 4.70 | 1,245.50 | MME |

of Fred Jager (2.7); meet with Carlin Metzger
regarding status (.3); meet with counsel
regarding follow-up (.4); meet with counsel
regarding clawback claims and demand (.3).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Conference with team regarding preparation of complaints. | 0.30 | 79.50 | PFV |
| [Asset analysis and recovery] Emails and telephone calls to and from counsel for F. Jager regarding confirmation of commencement of deposition (.2); meet with Receiver to prepare for deposition of F. Jager in aid of execution, review and strategize regarding certain financial disclosures by F. Jager, bank statements and checks, and other financial records and finish preparations for deposition (1.0); coordinate making additional copies of certain documents and organize all documents and materials for the deposition (.6); attend deposition of F. Jager (2.7); meet with Receiver and counsel for CFTC regarding F. Jager's deposition testimony, strategy regarding asset recovery and obtaining cooperation from Defendants and their counsel, and seeking Court approval for liquidation of personal property of Defendants (.4); strategize with Receiver regarding locating local counsel in Southern California for purposes of intervening in divorce proceeding of F. Jager and appearing as local counsel in action against Sabertooth and prepare and send email to potential counsel (.3); review notes from deposition of F. Jager and follow up on status of recording of Final Judgment in various jurisdictions (.1); telephone call and prepare and send email to counsel for Ed Martin and F. Jager regarding various issues and to schedule a call to further discuss them (.2); coordinate making final revisions to demand letters to all non-Hunter Wise defendants pursuant to Default Judgments or Consent Judgments and sending out those letters (.2); telephone call from counsel for several members of Hunter Wise regarding demand letter for return of distributions, background of the CFTC enforcement action and monitorship, the | 6.30 | 1,669.50 | KDM |

Final Judgment and receivership, and extension of time to respond to the demand letter and coordinate updating of tracking chart (.3); meeting with Receiver and team members regarding responses to demand letters to Hunter Wise members and preparation of complaints to recover distributions from them (.3).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Legal research regarding claims against Ds and Os (2.7). | 2.70 | 715.50 | MDV |
| [Case administration] (No charge) Prepare Fifth Fee Application (1.5). | 1.50 | 0.00 | MDV |
| [Asset analysis and recovery] Conference with Receiver, P. Valori, and K. Murena regarding strategy for complaints against insiders. | 0.10 | 15.00 | AF |
| [Case administration] Review Permanent Injunction and Final Judgment and Court's Opinion and Order concerning conversion to receivership, restitution ordered, and plan of distribution requirements (1.8); review Monitor's initial and most recent case status reports (.5); begin drafting Motion for Approval of Plan of Distribution, prepare case summary, terms of plan, and notice procedures (4.4). | 6.70 | 1,675.00 | CP |
| [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 1.30 | 188.50 | mm |

Jun-24-14

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Review and approve expenditures relating to HW Financial and exchange emails with counsel regarding same (.3); meet with counsel regarding status and strategy (.2). | 0.50 | 132.50 | MME |
| [Asset disposition] Emails to and from auctioneer in South Florida regarding plan to prepare and file Motion to approve sale of all personal property of the Estate and status of obtaining proposals from auctioneers in Irvine, CA and Las Vegas, NV (.2); strategize | 0.60 | 159.00 | KDM |

regarding Motion to approve sale of all
personal property of the Estate and coordinate
preparation of that Motion (.4).

[Asset analysis and recovery] Continue                     2.30        609.50        KDM
reviewing forensic analysis of transfers to
David Manners, calculate amount he received
as distributions and amount he received as
consulting fee, and follow up on updating of
tracking chart (.5); emails to and from
counsel for various insiders regarding
additional insiders that he represents,
confirming extension of time granted for
them to respond to demand letter, and
providing additional contact information (.2);
coordinate resending demand letters to certain
insiders who refused to accept demand letter
by Fed Ex and review and execute letters (.1);
review and sign demand letters to all dealer
defendants and their principals, pursuant to
Default Judgments and Consent Judgments
entered against those defendants (.2); follow
up on and assist with updating tracking charts
for all demand letters to and the responses
received from insiders, dealer defendants and
principals, and dealers against which CFTC
Consent Orders were entered (.5); prepare
and send email to J.B. Grossman demanding
turnover of shares in iron ore company held
by F. Jager and make follow up telephone call
to J.B. Grossman (.2); review letter from
CFTC providing certified copies of certain
CFTC Consent Orders entered against dealers
and coordinate recording those Orders in
various jurisdictions (.2); discuss with
Receiver accounts of HW International
Commodities and begin investigation into
location of that company's accounts (.2);
follow up with counsel for Jager and Martin
regarding various matters including Hunter
Wise International Commodities and
scheduling the deposition of Marcia Jager and
discuss scheduling that deposition with the
Receiver (.2).

[Business operations] Emails with Receiver                 1.20        318.00        KDM
regarding approval of Jager expenses and
send email to President of HW Financial
authorizing disbursement to F. Jager for those

expenses (.2); emails to and from President of HW Financial regarding pre-approval of disbursement of commissions for securities deal from HW Securities to registered representative and HW Financial and confirmation of amount HW Financial will transfer to Receiver pursuant to its to HWC, review documents regarding the securities deal and the commission structure, and send email to Receiver regarding the securities deal, HW Financial's request for pre-approval of commissions, and the commission structure (.8); emails to and from registered representative for that securities deal regarding the commission structure for the deal, past practices for similar deals, and requesting pre-approval of disbursement of commission (.2).

| | | | |
|---|---|---|---|
| [Case administration] (No charge) Emails and telephone calls with special insurance counsel and forensic accountant regarding invoices needed to prepare Fifth Fee Application, review latest invoices, coordinate having some of them revised, and coordinate revisions to Fee Application (.4). | 0.40 | 0.00 | KDM |
| [Case administration] Emails with prospective local counsel in Orange County and LA County for the Sabertooth action and the Jagers' divorce proceeding regarding the scope of the proposed representation and the work to be done, and coordinate preparation of Motion to employ local counsel (.4). | 0.40 | 106.00 | KDM |
| [Asset analysis and recovery] Legal research and review operating agreements regarding claims against Ds and Os and applicable laws (3.0). | 3.00 | 795.00 | MDV |
| [Asset analysis and recovery] Finalize demand letter to defendants under default and consent judgments and coordinate mailing. | 1.40 | 210.00 | AF |
| [Case administration] Conduct research concerning how eligible investors should be defined in light of the Dodd Frank Act and the CFTC's powers prior to and after passing | 4.80 | 1,200.00 | CP |

of Dodd Frank Act (1.5); review the
complaint and motion seeking appointment of
corporate monitor to make a determination on
scope of relief sought by the CFTC (.5);
review investors lists and determine
eligibility of investors and allowability of
claims based on post Dodd Frank investments
(.5); draft terms of plan of distribution
accordingly (2.3).

| Jun-25-14 | [Asset analysis and recovery] Emails to and from counsel for Plaintiff regarding intention to file Motion to set aside the dismissal of the action against the Lloyds entities in state court and strategize with team members regarding the effect of the Court's entry of the Consent Order against the Lloyds entities on the stay provision in the Injunction Order and coordinate contacting counsel for Plaintiff to discuss (.3); emails with prospective local counsel in California regarding the Jager's divorce proceeding and the Sabertooth action (.2); emails with the Receiver and the President and CFT of HW Financial regarding HW Financial's proposal to make payment to the Receiver pursuant to Order Unfreezing Accounts (.2); emails to and from counsel for various insiders of HWC confirming representation of an additional insider and coordinate resending demand letter to counsel setting forth amount being demanded and forensic analysis of funds transferred from HWC to that insider (.4); emails with Receiver regarding account of HWIC-Cayman at Standard Bank, review prior correspondence with Standard Bank and its counsel, and work on determining status of that account (1.0). | 2.10 | 556.50 | KDM |
| | [Business operations] Emails with CFO of HW Financial regarding the Receiver's approval of certain disbursement requests to F. Jager (.2); follow up emails with CFO, President and Managing Director of HW Financial regarding Receiver's approval of the proposed disbursement of commissions to HW Financial and the registered representative for a securities deal, and the proposed payment to the Receivership Estate | 0.80 | 212.00 | KDM |

in repayment of amount HWC transferred to
HW Financial (.4); emails with Receiver
regarding HW Financial's request for
pre-approval of disbursement request for Dux
Industries transaction and send email to
President and CFO of HW Financial
regarding the Receiver's approval of that
request (.2).

| | | | | |
|---|---|---|---|---|
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 1.00 | 145.00 | m |
| Jun-26-14 | [Asset analysis and recovery] Continue review of Hunter Wise documents and discovery (2.6); begin draft of complaint against Ds and Os (1.0). | 3.60 | 954.00 | MDV |
| | [Asset analysis and recovery] (No charge) Revise and finalize Fifth Fee Application. (.4). | 0.40 | 0.00 | MDV |
| Jun-27-14 | [Asset analysis and recovery] Review proposal from HW regarding Mrs. Jager's interest in certain property (.6); e-mail regarding same (.2). | 0.80 | 212.00 | MME |
| | [Asset analysis and recovery] Prepare and send email to President of Hunter Wise Financial regarding the amount that HWC transferred to HW Financial, the amount that HW Financial proposes to pay to the Estate, and the remaining amount that HW Financial owes to the Estate and forward summary of forensic analysis of transfers to HW Financial (.6); emails from President of HW Financial regarding amount to be paid to the Estate and forensic analysis of all transfers from HWC to HW Financial (.2); telephone call to President of HW Financial regarding the foregoing matters and the applicable fraudulent transfer law upon which the Receiver's claim to recover member distributions from HWC to HW Financial (.4); email from President of HW Financial regarding the applicable fraudulent transfers law (.1); receive confirmation of receipt of wire transfer from HW Financial and discuss with Receiver (.2); emails to and from | 2.60 | 689.00 | KDM |

President of HW Financial regarding
fraudulent transfer laws upon which
Receiver's claims to avoid those transfers are
based, review applicable sections of the
California and Nevada Civil Codes and send
to President (.3); multiple emails with counsel
for F. Jager regarding proposal for the
continued operation of HW Financial, the
payment of funds and assets towards the
restitution amount he owes, and Marcia
Jager's agreement to release her interest in
portions of her community property rights to
F. Jager's assets (.5); review proposal from
counsel for F. Jager and forward to the
Receiver (.3).

| | | | |
|---|---|---|---|
| [Case administration] Continue reviewing and revising Motion to approve claims administration process and distribution plan and strategize with team members regarding revisions to the sections addressing eligibility of the claimants (1.4). | 1.40 | 371.00 | KDM |
| [Asset analysis and recovery] Legal research regarding jurisdiction and venue for claims against the Ds and Os (1.6); work on draft of Complaint (.6). | 2.20 | 583.00 | MDV |

Jun-30-14

| | | | |
|---|---|---|---|
| [Business operations] Review and approve certain transaction involving HW Financial. | 0.40 | 106.00 | MME |
| [Case administration] Emails to and from counsel regarding motion to approve claims process. | 0.20 | 53.00 | MME |
| [Asset analysis and recovery] Emails to and from counsel for HW Financial regarding the proposal for the continued operation of HW Financial and the transfer of funds and assets to the Receiver in partial satisfaction of restitution obligation (.1); discuss with Receiver that proposal and further information and documentation needed from the Jagers and certain entities in which they have an (.3); telephone calls to and from counsel for HW insider/member DeMars regarding her representation and extension of time to respond to demand letter for return of | 1.10 | 291.50 | KDM |

distributions (.2); email from counsel for CFTC regarding recent CFTC Order for restitution entered against Empire Sterling and related entity and control person and whether any amount of restitution obligation has been collected or received and prepare and send email to counsel regarding status of payment of restitution obligation (.3); coordinate preparation of demand letter to Empire Sterling and related entity and control person and updating of the tracking chart and send email to Receiver and team members regarding same (.2).

| | | | |
|---|---|---|---|
| [Case administration] Continue reviewing and revising Motion to approve claims administration process and distribution plan (.9); exchange emails with the Receiver regarding the Motion and the proposed Notice and Claim Form to be prepared (.2). | 1.20 | 318.00 | KDM |
| [Asset analysis and recovery] Strategize with Monitor regarding claims against Ds and Os and applicable law issues (.3); legal research regarding choice of law issues (.5). | 0.80 | 212.00 | MDV |
| [Asset analysis and recovery] Phone call to Scott Hirsch regarding stipulation and consent judgment against Lloyds. | 0.10 | 15.00 | AF |
| [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 1.50 | 217.50 | mm |

| Jul-01-14 | [Business operations] Review proposal from HW Financial and HW Financial requests (.6); telephone call with counsel regarding status and strategy (.3). | 0.90 | 238.50 | MME |
|---|---|---|---|---|
| | [Asset analysis and recovery] Email from A. McGraw regarding the status of his efforts to obtain further documentation in support of his claim to the gold bars at DDS and our communications with counsel for HWIC-Cayman and strategize with team members (.2); emails and telephone calls to and from counsel for one of the insiders of HWC regarding our demand letter for the | 1.20 | 318.00 | KDM |

return of the distributions he received and additional time to respond to that letter (.4); review analysis from M. Visconti regarding choice of law, jurisdiction and venue for actions for breach of fiduciary duty and other claims and strategize with team members regarding claims being asserted against various parties (.4); emails to and from Lloyds' original counsel in Sabertooth action and our prospective substitute counsel for that action regarding substitution of counsel and coordinate preparation and filing of Notice to effect the substitution (.2).

| Date | Description | Hours | Amount | Initials |
|------|-------------|-------|--------|----------|
| Jul-02-14 | [Asset analysis and recovery] Emails with counsel for CFTC regarding status of collection from all entity and individual defendants other than the HW entities and their principals for reporting purposes, confirm amounts received from each of those defendants and send update to counsel (.3); emails with former counsel for HWC regarding the Iron Ore shares and report to Receiver status of obtaining possession of those shares (.2); telephone call and email from Receiver regarding status of First Foundation Bank accounts of F. Jager and his HW entities and access and review summary statements of those accounts online (.4). | 0.90 | 238.50 | KDM |
| | [Asset analysis and recovery] Research regarding causes of actions for Complaint in California (1.8); Draft complaint against insiders (1.0). | 2.80 | 420.00 | AF |
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.50 | 72.50 | mm |
| Jul-03-14 | [Asset disposition] Emails with counsel for CFTC regarding whether the Final Judgment and Permanent Injunction authorizes the Receiver to sell personal property and the Receiver's intention to seek Court approval to sell all personal property in an abundance of caution (.3); emails with prospective auctioneer regarding proposals for sale of | 0.50 | 132.50 | KDM |

furniture and equipment in storage in Irvine and Las Vegas (.2).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Emails and telephone calls with counsel for insider regarding additional time to respond to demand letter for return of distributions from HWC and certain matters related to demand (.2). | 0.20 | 53.00 | KDM |
| [Business operations] Emails with President of HW Financial regarding certain disbursement requests, review those request and underlying documentation, and confer with Receiver regarding whether to approve those requests (.2). | 0.20 | 53.00 | KDM |
| [Case administration] (No charge) Emails with counsel for CFTC regarding Fee Application and provide information regarding certain time entries (.2); receive email from counsel confirming no objection to fee application and send email to team members regarding same and coordinate filing of Fee Application (.1). | 0.30 | 0.00 | KDM |
| [Case administration] Review draft Motion to approve employment of local counsel in California for purposes of intervening in Jagers' divorce proceeding and for the Sabertooth litigation and coordinate making revisions and sending Motion to prospective local counsel to insert information and review Motion (.2). | 0.20 | 53.00 | KDM |
| [Asset analysis and recovery] Work on D&O complaint (.7); legal research regarding same (1.0). | 1.70 | 450.50 | MDV |
| [Asset analysis and recovery] Continue to draft complaint against insiders. | 0.50 | 75.00 | AF |

| | | | | |
|---|---|---|---|---|
| Jul-04-14 | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.30 | 43.50 | mm |
| Jul-07-14 | [Case administration] Review and revise motion to approve claims and distribution process. | 1.70 | 450.50 | MME |

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Emails with counsel for various insiders regarding information and documents to be provided in response  to the Receiver's demand for return of distributions from HWC and additional time needed to provide the information and documents (.2); review letter from counsel for another insider in response to demand letter for return of distributions from HWC and begin reviewing documents accompanying that letter (1.1); review letter from counsel for a third insider in response to demand letter for return of distributions from HWC and begin reviewing documents in support of defenses asserted in that letter (.8); follow up with counsel for F. Jager regarding obtaining information and documents related to HW Financial and divorce proceeding of the Jagers, and other matters for purposes of proposal for the partial payment of restitution amount and the continued operation of HW Financial (.3); emails with prospective local counsel in Orange County and Los Angeles County regarding finalizing Motion to employ local counsel (.2); work with team members on strategy for investigating and recovering certain potential assets of F. Jager (.3); work on following up on recording of Final Judgment in various jurisdictions and determining procedure for domesticating that Judgment in certain jurisdictions (.2). | 3.10 | 821.50 | KDM |
| [Asset analysis and recovery] Continue to draft D&O complaint (2.4). | 2.40 | 636.00 | MDV |
| [Asset analysis and recovery] Continue to draft complaint against insiders. | 4.70 | 705.00 | AF |

| | | | | |
|---|---|---|---|---|
| Jul-08-14 | [Case administration] Review claims process with counsel and review revisions to motion to approve claims process. | 1.00 | 265.00 | MME |
| | [Asset analysis and recovery] Emails with prospective local counsel in California regarding proposed Motion to substitute counsel in the Sabertooth litigation and review and approve that Motion (.2); | 1.40 | 371.00 | KDM |

exchange further emails with local counsel regarding Motion to approve employment of local counsel to be filed in CFTC enforcement action, confirm the billing rate, and request that he insert certain information regarding his experience and investigate the Jager divorce proceeding (.2); review letter from counsel for various insiders responding to letter demanding return of distributions they received from HWC and begin reviewing documents provided with that response letter (.7); coordinate updating of tracking chart with recent response letters received on behalf of insiders, review updated chart, and determine those insiders who have not yet responded for purposes of following up with them and preparation of complaints against them (.3).

| | | | |
|---|---|---|---|
| [Business operations] Review disbursement requests submitted by HW Financial on behalf of F. Jager for his personal expenses, discuss with Receiver, and exchange emails with President of HW Financial and F. Jager regarding Receiver's approval of those expense disbursements (.3). | 0.30 | 79.50 | KDM |
| [Case administration] Meet with Receiver to review and discuss revisions to the Motion to approve the claims administration process and distribution plan (.2); begin revising that Motion in accordance with the Receiver's suggestions and requests (1.3); meet with Receiver regarding further revisions to the Motion, make those revision, determine current cash on hand and total amount recovered since inception of the case, and update the Motion accordingly (1.4); send email to counsel for CFTC forwarding draft of Motion with explanation regarding the proposed Notice and Claim form and the deadline to file the Motion (.2). | 3.10 | 821.50 | KDM |

Jul-09-14   [Case administration] Telephone call with counsel to CFTC regarding proposed claim process (.7); meet with counsel regarding revisions to motion to approve claims process (.2).    0.90    238.50    MME

| | | | |
|---|---|---|---|
| [Asset disposition] Work on strategy and legal authority for Motion to approve sale of personal property, including precious metals, miscellaneous coins and jewelry, and furniture and equipment from offices of Defendants (.5); work with C. Perez on structure of the Motion to approve the sale and the proposals for the sale of each category of personal property to be sold (1.3); report to the Receiver the status of preparation of Motion to approve the sale (.1). | 1.90 | 503.50 | KDM |
| [Asset analysis and recovery] Strategize with team members regarding legal arguments raised in responses to demand letters for return of distributions from HWC to insiders and the applicable law supporting the Receiver's claims and relevant to the insiders' defenses(.6); analyze lists of alleged investments in HWC provided by insiders in response to demand letters and work on formulating arguments in support of the Receiver's avoidance claims (.3); work on investigating the location and assets of certain insiders of HWC for purposes of re-serving them with demand letters for return of distributions from HWC, review search results, coordinate preparation of new demand letters, review those letters, and coordinate service thereof (.5); email from former counsel for HWC regarding delivery of Certificates of shares in iron ore company and confirm receipt thereof (.1). | 1.50 | 397.50 | KDM |
| [Case administration] Emails with counsel for CFTC regarding our proposed Motion to approve claims administration process and distribution plan and schedule a call to discuss the Receiver's Motion (.2); emails with prospective local counsel in California regarding proposed revisions and insert to Motion to approve employment of local counsel, coordinate making those changes and revising the Motion, and send email to counsel for the CFTC regarding proposed employment of local counsel (.2); telephone call with Receiver and counsel for CFTC | 1.40 | 371.00 | KDM |

regarding the Motion to approve the claims
process and discovery plan, various
provisions of the proposed plan the pros and
cons thereof, certain revisions to be made to
the Motion, and F. Jager's proposal regarding
payments towards his restitution obligation
and for the continued operation of his HW
entities (.7); strategize with Receiver
regarding final revisions to be made to the
Motion and coordinate preparation of the
Notice to all customers and creditors and the
Claim Form (.2); send F. Jager's latest
proposal to counsel for the CFTC (.1).

| | | | | |
|---|---|---|---|---|
| | [Asset analysis and recovery] Exchange correspondence with K. Murena regarding correspondence from Investor, Alan McGraw (.1) | 0.10 | 20.00 | SMP |
| Jul-10-14 | [Asset analysis and recovery] Meet with counsel regarding Jager issues (.3); review response to fraudulent transfer letters and discuss with counsel (.8); discuss with counsel HW Financial's claim to have satisfied defendant's obligation to estate (.1). | 1.20 | 318.00 | MME |
| | [Asset analysis and recovery] Review letter from J.B. Grossman forwarding Certificate of shares in iron ore company, review that Certificate, and begin investigation into the value and marketability of those shares (.5); emails with counsel for the CFTC regarding deposition of F. Jager and facilitate the ordering of the transcript (.1); emails with counsel for the CFTC regarding the status of collection of restitution amount from a Hunter Wise dealer against which a CFTC restitution order was entered, confer with the Receiver and confirm that no funds were collected, and send email to counsel for the CFTC confirming same (.3); coordinate preparation of letter to that Hunter Wise dealer demanding payment of restitution amount (.2); emails with counsel for CFTC regarding the proposal from F. Jager regarding his payment towards the restitution amount and the continued operation of his HW entities, the additional information and | 3.10 | 821.50 | KDM |

documents we requested from F. Jager, and
the timing for responding to the proposal and
discuss with Receiver (.3); telephone call
from counsel for the CFTC regarding F.
Jager's proposal for initial payments towards
the restitution obligation, Mrs. Jager's
contribution and the asset she proposes to
retain, the continued operation of HW
Financial, and the memorialization of the
proposal in an agreement, the proposed
employment of local counsel in California for
the Sabertooth litigation and the Jager divorce
proceeding, and other matters (.5); discuss
with Receiver the CFTC's concerns regarding
F. Jager's proposal and status of obtaining the
information and documents requested from F.
Jager for purposes of analyzing his proposal
(.3); emails to and from counsel for F. Jager
following up on requests for information and
documents and schedule a call to discuss
those and other matters (.2); discuss with the
Receiver the letters from counsel for HW
members responding to our demand letters,
claiming that they made invested with HWC
and lost money, and strategize regarding the
law applicable to such claims by members
and insiders of fraudulent entities, and
confirmation of HWC's receipt of the
investments they claim to have made (.3);
send forensic accountant schedules of
investments that those HW members claim to
have made for purposes of investigating and
confirming whether HWC received those
investments and the amount received, and
provide explanation of the HW members'
claims (.3); email from President of HW
Financial regarding payments it has made
towards the amount it owes to HWC, the total
amount of its obligation, and the amount of
its debt as claimed by the CFTC and set forth
in the Court Order Unfreezing Certain
Accounts (.1).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Discuss with Receiver the HW Financial President's position with respect to the payments it has made and the satisfaction of its debt to HWC | 0.80 | 212.00 | KDM |

(.1); prepare and send President detailed response explaining the duties of the Receiver, her investigation of the transfers to HW Financial, and her authority and obligation to recover fraudulent transfers (.6); review confirmation of recording of Final Judgment in Clark County and coordinate preparation of tracking chart for recordings of Final Judgment in various jurisdictions and the commencement of actions to domesticate that Final Judgment (.1).

| | | | |
|---|---|---|---|
| [Case administration] Revise Motion to Approve Claims Administration Process and Distribution Plan based on comments and suggestions of counsel for CFTC and Receiver (1.5); strategize with M. McCarthy regarding the pros and cons and feasibility of the net loss and rising tide methods of distribution based on the customer records available and the preliminary calculations of customer losses and possible distributions using each method (.7); send revised version of the Motion to M. McCarthy and coordinate confirmation of feasibility of calculations contemplated under proposed plan and time table for all deadlines and determinations proposed therein, and inquire regarding the access to the records necessary to perform those calculations (.2); coordinate preparation of Notice to customers and Claim Form based on final version of the Motion to approve the plan (.2); confer with Receiver regarding latest revisions to the Motion to approve the plan (.2). | 2.80 | 742.00 | KDM |
| [Asset analysis and recovery] Work on draft complaint against Ds and Os (1.8). | 1.80 | 477.00 | MDV |
| [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.50 | 72.50 | mm |
| [Case administration] (Melissa McCarthy) Assist with proposal for claims process. | 1.30 | 188.50 | mm |

| | | | | |
|---|---|---|---|---|
| Jul-11-14 | [Asset analysis and recovery] Review Jager marital stipulation. | 0.30 | 79.50 | MME |

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Telephone calls and emails to and from counsel for F. Jager and his HW entities regarding the status of gathering documents related to the Jagers' divorce proceeding and certain companies in which the Jagers own shares and discuss status with Receiver (.4); review Stipulation entered in the Jagers' divorce proceeding, discuss with Receiver and follow up with F. Jager's counsel regarding obtaining the financial disclosures exchanged in the divorce proceeding (.7); multiple emails to and from counsel for customer of London Metal Market regarding whether his client can participate in the Hunter Wise claims process, whether any account at Hunter Wise was set up for or funds were received from that client, and the status of our respective efforts to locate that company and its principals (.6); telephone call from counsel for CFTC regarding proposal by F. Jager regarding his payments towards the restitution obligation and the continued operation of his HW entities, further documents needed to fully evaluate the proposal, identifying all known assets of Jager and his wholly owned companies, the preparation of an agreement with F. Jager and what releases will be required, and whether the CFTC will be a party to that agreement (.5); discuss with Receiver the CFTC's position with respect to the proposal by F. Jager and F. Jager's counsel's preparation of agreement memorializing that proposal (.2). | 2.40 | 636.00 | KDM |
| [Case administration] Emails with prospective local counsel in California for the Sabertooth litigation regarding a second Stipulation for Substitution of Counsel to be filed in that action, review and approve execution by prospective counsel (.1); emails to and from prospective California counsel regarding information related to the Jager divorce proceeding and regarding counsel's experience and normal billing rate to be inserted in the Motion to approve his employment to be filed in the Receivership Court and revise Motion accordingly (.3). | 0.40 | 106.00 | KDM |

| | | | | |
|---|---|---|---|---|
| | [Asset analysis and recovery] Legal research regarding fraudulent transfers issues (2.0). | 2.00 | 530.00 | MDV |
| Jul-13-14 | [Case administration] Continue making revisions to Motion to Approve Claims Administration Process and Distribution Plan, including updating the definitions of eligible claimants and the requirements for allowance of claims (1.3); assist with preparation of Legal Notice to all eligible claimants and the Proof of Claim form (1.3); review and revise Legal Notice and revise certain sections of Motion to Approve to conform to language included in Legal Notice (1.5). | 4.10 | 1,086.50 | KDM |
| | [Case administration] Review Final Version of Motion to Approve Claims Administration Process and Distribution Plan; draft and revise Proof of Claim and Release form; draft and revise Legal Notice of Claims Administration Process. (3.8). | 3.80 | 950.00 | CP |
| Jul-14-14 | [Asset analysis and recovery] Review and revise proposed Notice, claims form and Receiver's Motion to approve claims process and plan of distribution and meet with counsel regarding same (1.6). | 1.60 | 424.00 | MME |
| | [Asset analysis and recovery] Review statements relating to Jager assets (.4); meet with counsel regarding status of asset recovery efforts (.5). | 0.90 | 238.50 | MME |
| | [Case administration] Meet with counsel regarding motion to approve sale of personal property. | 0.20 | 53.00 | MME |
| | [Asset disposition] Meet with Receiver regarding status of preparation of Motion to approve sale of personal property of the Estate (.2); strategize with team members regarding latest communications with A. McGraw regarding our respective efforts to obtain information and records evidencing the transfer of Mr. McGraw's funds from the Metals Exchange to two suppliers and the | 0.50 | 132.50 | KDM |

suppliers' transfer of gold bars to DDS, and
coordinate following up with former counsel
to HWIC-Cayman to determine his
knowledge regarding those transactions, and
coordinate response email to A. McGraw (.3).

[Asset analysis and recovery] Receive and                1.60        424.00        KDM
review notice from the court in a state court
action against Lloyds and its principals and
determine whether any action in necessary
(.1); meet with Receiver regarding status of
demands sent to all dealers and Hunter Wise
members who received distributions,
responses received thus far, analysis of
defenses asserted in responses and forensic
investigation being done to confirm claimed
investments, sending discovery in aid of
execution to certain dealers, complaint
against the directors and officers, claims
against former counsel for Hunter Wise and
Lloyds, and strategy for recovering assets
from these and other sources of recovery (.5);
review letter from counsel for HW Financial
regarding defenses to claim to recover
additional amounts that Hunter Wise
transferred to HW Financial as member
distribution (.2); email from forensic
accountant regarding the findings from
investigation of investments that certain
Hunter Wise members claim to have made to
Hunter Wise prior to receiving member
distributions, analysis of those investments
and distributions, and calculations regarding
net gains or losses (.2); review statement
from Syndicated Capital to confirm amount
frozen in account of South Peak Texas
Investments and discuss with Receiver status
of all accounts of F. Jager, HW Financial,
HW Securities, HW Financial and South Peak
at First Foundation Bank (.2); review invoices
from Delaware Depository for storage of
metals and coordinate payment thereof (.1);
strategize with team members regarding
forensics regarding fraudulent transfers to
certain insiders for purposes of complaint
against officers and directors and coordinate
meeting with forensic accountant (.3).

| | | | |
|---|---|---|---|
| | [Case administration] Meet with Receiver regarding status of preparation of Motion to approve Claims Administration Process and Distribution Plan, Legal Notice and Proof of Claim and Release form (.2); continue working on revising and finalizing Legal Notice of Claims Administration Process and Plan of Distribution, discuss with Receiver, and make final revisions in accordance with Receiver's requests (2.8); review and revise Proof of Claim and Release form to be attached to Motion to Approve Claims Administration Process and Plan of Distribution and present to Receiver for review (2.1); discuss with Receiver revisions to be made to the Proof of Claim and Release form and revise that form in accordance with the Receiver's requests (.7); make final revisions to the Motion to Approve Claims Administration Process and Distribution Plan in accordance with the Receiver's requests and to conform various sections to language in revised Legal Notice and claim form (.9); make final revisions to Motion to employ local counsel in California for Sabertooth Action and Jager divorce proceeding and proposed Order granting that Motion and coordinate filing them with the Court (.2). | 6.90 | 1,828.50 | KDM |
| | [Asset analysis and recovery] Review and analyze status of matter, and last communications with Alan McGraw pertaining to his request for the release of gold bars being held at DDS, conference regarding same (.9); Telephone conference with Attorney Derek Jones in regards to confirming whether funds to purchase bars were transferred from HWIC Cayman account (.2); Prepare correspondence to A. McGraw to schedule phone conference (.1). | 1.20 | 240.00 | SMP |
| Jul-15-14 | [Asset analysis and recovery] Review proposed expenses for Fred Jager and HW Financial. | 0.40 | 106.00 | MME |
| | | 2.30 | 609.50 | KDM |

[Asset analysis and recovery] Begin reviewing documents provided by counsel for HW Financial in support of its defenses to the Receiver's claim to recover additional amounts that Hunter Wise transferred to HW Financial as member distributions, and discuss with Receiver (.8); review forensic accountant's analysis of   the investments that certain Hunter Wise members made to Hunter Wise and the member distributions they received for purposes of determining strategy for pursuing claims against those Hunter Wise members (.5); strategize with team members regarding the insolvency of Hunter Wise at various points in time and forensic accountant's investigation and determinations regarding insolvency (.5); strategize with team member regarding complaint against officers and directors (.3); meet with team members to discuss discovery in aid of execution to be propounded to various dealers, calculations to be done to determine amounts to be demanded from dealers against which Judgments or Consent Orders have not been entered, demand letters to be sent to those dealers, and discovery to be sent to companies in which the Jagers have an interest (.2).

| | | | |
|---|---|---|---|
| [Business operations] Email from President of HW Financial forwarding disbursement requests, review those requests and exchange emails with the Receiver regarding whether to approve them (.2). | 0.20 | 53.00 | KDM |
| [Case administration] Finalize the Motion to approve claims process and distribution plan, the Legal Notice to customers and creditors, the Proof of Claim and Release form, and the proposed Order granting the Motion and coordinate filing them with the Court (.9); coordinate having Motion and all attachments posted to the Receivership/Monitorship website, review that website to confirm that all information and summary of proceedings is up to date, and coordinate revising summary to include filing of Motion and notice to not file claims at this time (.5); review letter from customers Leonard and | 1.70 | 450.50 | KDM |

Dorothy Wester regarding requesting return of amounts they transferred to purchase metals, review the documents enclosed with the letter, and discuss with Receiver (.3).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Phone conference with Suruchi Banez regarding financial status of Hunter Wise entities over relevant time periods (.3); work on D&O Complaint (.6); research regarding LLC regulations in Nevada (1.4). | 2.30 | 609.50 | MDV |
| [Asset analysis and recovery] Conference regarding discovery in aid of execution to certain dealers, sending demand letters to miscellaneous dealers, and sending document requests to companies regarding South Peach and Jager. | 0.20 | 30.00 | AF |
| [Asset analysis and recovery] Exchange correspondence with Alan McGraw regarding scheduling telephone conference for Thursday to further discuss his request for release of gold bars (.1). | 0.10 | 20.00 | SMP |

Jul-16-14    [Asset analysis and recovery] Emails to and from counsel for HW Financial regarding the Receiver's claim to recover certain distributions made to HW Financial, HW Financial's defenses to that claim, and documents evidencing certain transfers to HWC, and schedule a call with counsel to discuss these issues (.3); continue reviewing documents provided by counsel for HW Financial in support of their defenses and forward response letter and supporting documents to forensic account to confirm certain transfers they claim they made to HWC and to prepare an updated spreadsheet of all transfers between HWC and HW Financial (.8).    1.10    291.50    KDM

[Business operations] Emails with President and CFO of HW Financial regarding a request to disburse commissions to brokers pursuant to a securities deal, review underlying documents, and coordinate setting    0.60    159.00    KDM

up a call to discuss the request and underlying deal (.4); review personal expense requests for F. Jager and discuss with Receiver (.2).

| | | | |
|---|---|---|---|
| [Case administration] Emails with website manager regarding latest revisions and postings to the Receivership website, review those revisions and request further revisions and updates (.4); emails with M. McCarthy regarding the filing of the Motion to approve the claims process and distribution plan, the list of HW dealers attached to the Motion and the corresponding customers proposed to be eligible to participate in the claims process, the time table for the Court's consideration of the Motion, the posting of the Motion on the website and provide other information for purposes of responding to customers' inquiries (.3);   exchange emails with M. McCarthy regarding notifying customers of the Motion to approve the plan and coordinate preparation of email to all customers and preparation of mailing list for all eligible customers (.2); letter to all customers updating them regarding the filing of the Motion to approve the plan and directing them to the website to review the plan (.6). | 1.50 | 397.50 | KDM |
| [Asset analysis and recovery] Review additional data regarding distributions to Ds & Os (.4). | 0.40 | 106.00 | MDV |
| [Business operations] (Melissa McCarthy) Respond to customer inquiries (1.3); emails with K. Murena regarding motion to approve claims process, notifying customers of status and related matters (.5). | 1.80 | 261.00 | mm |

Jul-17-14   [Asset analysis and recovery] Review and      0.90      238.50      MME
approve expenses for HW Financial and
discuss with counsel (.3); conference with
counsel regarding status of D & O complaint
and various issues including insolvency
analysis (.4); review and respond to
correspondence from investor victim (.2).

| | | | |
|---|---|---|---|
| [Asset disposition] Strategize regarding Motion to approve sale of personal property of the Estate, including furniture and equipment from Defendants' offices, metals at depositories and in storage, and miscellaneous personal property (.4); begin reviewing and revising Motion to approve sale of personal property and strategize regarding further revisions (.7). | 1.10 | 291.50 | KDM |
| [Asset analysis and recovery] Emails to and from counsel for HW Financial regarding issues to be addressed at upcoming call and consent to my speaking with President of HW Financial regarding various other issues (.2); telephone call with counsel for HW Financial regarding the Receiver's claims to recover distributions and other transfers to HW Financial, HW Financial's defenses and supporting documents, and the Receiver's forensic accountant's analysis of those documents (.5); discuss with the Receiver and team members the D & O complaint and the insolvency analysis for the HW Entities (.3); review and revise Complaint against officers, directors and control persons of the HW Entities (2.4); discuss with Receiver and team members further revisions, allegations to be added, and claims to be alleged (.1); review letter from counsel for David Manners and strategize with team members regarding response letter and gathering the information and documents requested, and coordinate updating the tracking chart (.4). | 3.90 | 1,033.50 | KDM |
| [Business operations] Emails with and telephone call to President of HW Financial regarding the recent disbursement requests for a securities deal, the fee earned by HW Securities, whether and under what circumstances HW Securities makes payments HW Financial and HW Financial makes distributions to its members, and various matters related to the operations of HW Financial (.5); discuss with Receiver the securities deal for which disbursements were requested and the approval of those disbursements (.1). | 0.60 | 159.00 | KDM |

| | | | | |
|---|---|---|---|---|
| | [Case administration] Email from website manager regarding further revisions made to the Receivership website and review website to confirm that revisions were made properly (.2). | 0.20 | 53.00 | KDM |
| | [Asset analysis and recovery] Strategize with K. Murena regarding D & O complaint (.3); strategize with Receiver regarding D & O complaint (.1); review financial information and background from accountants (.4). | 0.80 | 212.00 | MDV |
| | [Asset analysis and recovery] Review inventory of personal property remaining in the Estate including metals, jewelry, furniture and equipment (.2); draft Motion to Approve Sale of Personal Property (3.9); strategize with K. Murena concerning the methods to use to sell the property (.4); draft proposed Order approving Motion (.7). | 5.20 | 1,300.00 | CP |
| | [Asset analysis and recovery] Telephone Conference with Alan McGraw regarding his request for gold bars to be released from DDS, missing information and status of his follow up with Dillon Gage and NTR (.5); and confer with K. Murena regarding same (.1). | 0.60 | 120.00 | SMP |
| | [Asset analysis and recovery] Review Fred Jager's Financial Disclosures and deposition outline and create list of all of his potential assets and categories for attorney and CFTC review. | 1.50 | 150.00 | pl |
| | [Asset analysis and recovery] Update tracking charts for recorded judgments and demand letters sent to Hunter Wise Dealer Defendants and Insiders. | 0.50 | 50.00 | pl |
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.50 | 72.50 | mm |
| Jul-18-14 | [Asset analysis and recovery] Review email request for approval of expenses, exchange emails with counsel, and review and respond | 0.60 | 159.00 | MME |

to e-mail from counsel for HW Financial and
Fred Jager regarding potential resolution.

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Continue working on gathering documents and information to provide to counsel for D. Manners for purposes of negotiating the Receiver's claim to recover the member distributions he received, exchange emails with counsel, and coordinate setting up a call with him (.8); work on preparing list of all assets of F. Jager for purposes of negotiations with his counsel and for discussions with counsel for the CFTC regarding F. Jager's proposal for the initial payments towards the restitution amount and the continued operation of HW Financial (.7); exchange emails with counsel for F. Jager regarding status of providing us with draft of settlement agreement, documents regarding a particular company in which the Jagers have an interest, and the financial disclosures exchanged in the Jagers' divorce proceeding, and provide update to the Receiver (.4); review email from counsel for F. Jager with information related to the divorce proceeding of the Jagers, the financial disclosures exchanged in that proceeding, certain assets and interests in companies of the Jagers, and the status of preparation of the agreement memorializing F. Jager's proposal for initial payment towards restitution amount (.2); emails with the Receiver regarding status of preparation of the Complaint against the former officers and directors of the HW Entities (.1); revise and finalize demand letters to certain dealers and their principals against which the CFTC recently entered consent orders with restitution obligations and coordinate serving letter (.3); finalize and coordinate service of demand letters to certain insiders of HWC who received distributions, using new addresses recently located (.2). | 2.70 | 715.50 | KDM |
| [Business operations] Email from CFO of HW Financial with numerous disbursement requests, review those requests and exchange emails with the Receiver regarding the basis for certain requests and whether to approve | 0.50 | 132.50 | KDM |

all such requests (.5).

| | | | |
|---|---|---|---|
| [Case administration] Emails with M. McCarthy regarding letter to customers notifying them of the Receiver's proposed claims process and distribution plan, providing an update on the Receeivership, and directing them to the website (.1); review and revise letter and send revision to Receiver to approve (.4). | 0.50 | 132.50 | KDM |
| [Asset analysis and recovery] Revise/edit D&O complaint (.4). | 0.40 | 106.00 | MDV |
| [Asset analysis and recovery] Draft demand letters to PGS Capital Wealth management, PGS Capital Credit, Inc., and Charles Victoria, and coordinate mailing. | 1.00 | 150.00 | AF |
| [Asset analysis and recovery] Continue legal argument section for Motion to Approve Sale of Personal Property; research case law and statutes concerning judicial sales of personal property. | 2.70 | 675.00 | CP |
| [Asset analysis and recovery] Review file and gather documents to produce to Bivonas LLP (attorney for David Manners) in response to their letter requesting documents. | 1.00 | 100.00 | pl |

| | | | | |
|---|---|---|---|---|
| Jul-20-14 | [Case administration] Emails with counsel regarding approval of letter to customers. | 0.10 | 26.50 | MME |
| | [Case administration] Emails with Receiver regarding revisions to letter to investors notifying them of the Receiver's Motion to Approve the Claims Process and Distribution Plan, revise the letter accordingly, and forward to M. McCarthy to finalize and send out to all customers and creditors (.4). | 0.40 | 106.00 | KDM |
| Jul-21-14 | [Asset analysis and recovery] Initial review of the D & O complaint and meet with counsel regarding same (.5); reviewing and approving expenses of HW Financial and meet with counsel regarding same (.3). | 0.80 | 212.00 | MME |

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Meet with Receiver and team members regarding Complaint against director, officers and control persons of HWC and revisions to be made to the Complaint (.4); work with team members on investigating certain companies in which the Jagers have an interest and assist with the Subpoena and documents requests to be sent to certain of those companies (.3); follow up on conducting Accurint searches on each of the companies in which the Jagers have an interest (.2); work on updating the list of assets in which the Jagers have an interest (.2); follow up and strategize regarding the preparation of discovery requests in aid of execution to be sent to Dealer Defendants against which judgments were entered (.3); meet with Receiver regarding status of responses from insiders and members of HWC to our demand letters for return of member distributions from HWC, and strategize regarding the distributions and other transfers to D. Manners, his initial response to our demand, and the forensic accountant's analysis of all transfers between D. Manners and HWC (.3); emails with counsel for F. Jager regarding the information and documents we requested for purposes of considering the settlement proposal and obtaining certain financial disclosures from M. Jager's divorce attorney (.2). | 1.90 | 503.50 | KDM |
| [Business operations] Meet with Receiver regarding certain disbursement requests from HW Financial and her approval thereof (.2). | 0.20 | 53.00 | KDM |
| [Asset analysis and recovery] Phone call with forensic accountant regarding financial data (.4); revise D & O complaint (.6); prepare demand letter to insurance carrier (2.0). | 3.00 | 795.00 | MDV |
| [Asset analysis and recovery] Conference with K. Murena regarding determining shares in Great Western Iron Ore Property Inc. (0.2); Research regarding shares in Great Western Iron Ore (0.6); Phone call to Great Western | 0.90 | 135.00 | AF |

Iron Ore regarding the shares held by South
Peak (0.1).

| | | | |
|---|---|---|---|
| [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.50 | 72.50 | pl |

| | | | | |
|---|---|---|---|---|
| Jul-22-14 | [Asset analysis and recovery] Review and revise revised complaint against Ds & O's. | 1.30 | 344.50 | MME |

| | | | |
|---|---|---|---|
| [Asset disposition] Review and revise Motion to approve sale of personal property of the Estate and to be recovered from Defendants, review case law cited therein, and coordinate further revisions and research for cases authorizing proposed sale of personal property (1.6); review case law authorizing proposed sale of personal property and citations to such authority inserted into the Motion and revise as necessary (.7). | 2.30 | 609.50 | KDM |

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Continue working on investigating the Great Western Iron Ore shares held by South Peak Texas Investments, Inc., to determine their value and how they can be sold, receive report from A. Fernandez regarding communications with representative of that company, and report status of investigation to Receiver (.9). | 0.90 | 238.50 | KDM |

| | | | |
|---|---|---|---|
| [Business operations] Review statements from DDS for storage of metals and coordinate payments of amounts due (.1). | 0.10 | 26.50 | KDM |

| | | | |
|---|---|---|---|
| [Case administration] Review Order granting the latest Fee Application and coordinate payment of court-approved fees and costs to all professionals (.1); exchange emails with counsel for CFTC regarding whether certain customers are included on the post-Dodd-Frank customer list and whether they are eligible under the Receiver's proposed claims process, conduct investigation and review customer lists, exchange emails with M. McCarthy regarding confirmation of inclusion on list and eligibility under the proposed claims process, | 0.90 | 238.50 | KDM |

confer with Receiver, and send email to
counsel for CFTC with determination (.8).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Revise breach of fiduciary duty complaint against D & O per Receiver edits (.8); revise demand letter (.5); strategize with Receiver (.2). | 1.50 | 397.50 | MDV |
| [Asset analysis and recovery] Phone call from Kent Barrett at Great Western Iron Ore regarding South Peak's shares (0.2); Conference regarding selling the shares (0.1); Locate the original share certificates (0.1). | 0.40 | 60.00 | AF |
| [Asset analysis and recovery] Phone call to Kent Barret and Great Western Iron Ore regarding South Peak's shares (0.1). | 0.10 | 15.00 | AF |
| [Business operations] (Melissa McCarthy) Respond to customer inquiries and work on mass email send out regarding claims processes and submissions to court and confer with K. Murena. | 0.80 | 116.00 | mm |

| | | | | |
|---|---|---|---|---|
| Jul-23-14 | [Asset disposition] Revising Motion to approve sale of Personal Property (.8); review and revise proposed Order granting Motion (.4); discuss Motion to approve sale with Receiver (.1); follow up with prospective auctioneer for sale of the personal property regarding proposals from potential auctioneers in Irvine and Las Vegas for the furniture and equipment being stored there (.2). | 1.50 | 397.50 | KDM |
| | [Asset analysis and recovery] Coordinate and assist with preparation of tolling agreements with various fraudulent transferees (.3); receive report from A. Fernandez regarding investigation into the shares of Great Western Iron Ore Properties, Inc. owned by the Defendants and strategize regarding further investigation of the amount of shares and the ability to sell them (.4); review letter from President of Great Western Iron Ore Properties, Inc. to South Peak regarding its shares in the company and related matters and strategize with team members regarding | 2.60 | 689.00 | KDM |

locating the shares not yet turned over to the Receiver (.3); prepare and send emails to counsel for F. Jager and counsel for Ed Martin regarding their interests in various companies, including Great Western Iron Ore Properties, Inc. and scheduling telephone calls to discuss these and related issues (.2); continue investigation of information provided by counsel for F. Jager for purposes of evaluating proposal for initial payments to the Receiver (.5); emails to and from counsel for F. Jager regarding counsel for Mrs. Jager in the divorce proceedings (.2); review draft demand letter to insurance carrier for claims against officers and directors of HWC and latest draft of the Complaint and strategize with team members (.5); review emails with special insurance counsel regarding Complaint and demand letter and strategize with Receiver (.2).

| | | | | |
|---|---|---|---|---|
| | [Asset analysis and recovery] Revise D & O complaint and demand letter (.5); correspondence with forensic accountant and correspondence with insurance counsel (.2). | 0.70 | 185.50 | MDV |
| | [Asset analysis and recovery] Phone call with Dan, President of Great Western Iron Ore regarding South Peak's shares and Fred Jager's shares. | 0.70 | 105.00 | AF |
| | [Asset analysis and recovery] Revise Motion and Order to sell personal property (.8); review share price and trading of Great Western Iron Ore for inclusion in Motion and Order (.2). | 1.00 | 250.00 | CP |
| Jul-24-14 | [Asset analysis and recovery] Review and revise Motion to approve sale of all personal property. | 0.70 | 185.50 | MME |
| | [Asset disposition] Emails to and from prospective auctioneer for office equipment and furniture from South Florida offices of Defendants to clarify certain aspects of his proposal and to follow up on proposals from auctioneers in Irvine and Las Vegas (.3); telephone call to and emails to and from | 0.60 | 159.00 | KDM |

auctioneer in Irvine regarding proposal for
sale of office equipment and furniture from
Hunter Wise's office, send inventory of those
assets, arrange for inspection, and request
proposal for auction (.3).

[Asset analysis and recovery] Exchange                    3.10          821.50          KDM
emails with counsel for D. Manners regarding
upcoming call to discuss the Receiver's
demand letter for return of member
distributions and review list of documents
requested by counsel and related to transfers
to D. Manners in preparation for call (.3);
telephone call with counsel for D. Manners
regarding the Receiver's demand letter for
return of member distributions and various
documents supporting that the Receiver's
claim and other documents related to the
enforcement action (.4); gather various
documents in support of Receiver's claim and
send them to counsel for D. Manners with
explanation of those documents, the status of
the enforcement action, and the preliminary
forensic summary of transfers to D. Manners
to be provided as part of confidential
settlement negotiations (.8); exchange emails
with forensic accountant regarding updated
analysis and transfers from Hunter Wise to D.
Manners (.2); review summary of information
obtained from President of Great Western
Iron Ore Properties, Inc., prepare and send
email to counsel for F. Jager regarding
missing shares of that company and request to
locate and turn over those shares, and review
email from counsel for F. Jager regarding his
search for the shares (.5); review proof of
recording of CFTC Judgments against certain
dealers and letter of Exemplification for the
Final Judgment and follow up on recording of
all Judgments against Defendants and
non-defendant dealers to confirm that
Judgments were recorded in all pertinent
jurisdictions and strategize regarding use of
exemplified copies and recording of
Judgments to recover assets from Defendants
(.3); emails with forensic accountant
regarding documents produced by Haskell &

White in response to Subpoena and document request and strategize with forensic accountant and legal team members regarding review and analysis of those documents (.3); review updated analysis from forensic accountant of transfers to D. Manners and send to his counsel with explanation for purposes of settlement negotiations (.3).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Email to K. Murena regarding the number of shares South Peak, Hunter Wise, and Ed Martin own in Great Western Iron Ore. | 0.10 | 15.00 | AF |

| Jul-25-14 | [Asset disposition] Revise Motion to approve sale of personal property of the Estate in accordance with requests of the Receiver (.3). | 0.30 | 79.50 | KDM |
|---|---|---|---|---|
| | [Asset analysis and recovery] Follow up on obtaining detailed forensic reports for each member of HW Commodities who received distributions for purposes of calculating limitations period for each avoidable transfers and strategize regarding analysis to be done and possible entry into tolling agreement with certain fraudulent transferees (.3); review email from counsel for Global Commodities Group seeking return of funds sent to HWIC-Cayman, confer with Receiver, and prepare and send response email regarding our investigation of the accounts of HWIC-Cayman, the customer and creditor claims against HWIC-Cayman known to the Receiver, and the Receiver's position with respect to the release of any funds from those accounts (.5); exchange emails with counsel for F. Jager regarding certain shares of Great Western Iron Ore Properties, Inc. not turned over to the Receiver, the owner of those shares, Mrs. Jager's interest in those shares, and including those shares in the settlement agreement being negotiated (.3). | 1.10 | 291.50 | KDM |
| | [Case administration] Telephone call from HWC customer and coordinate responding to his inquiries and confirming that name and contact information is on our customer list (.1); emails with M. McCarthy regarding | 0.50 | 132.50 | KDM |

proposed updates to be made to the
Frequently Asked Questions page, revise
certain answers to questions, and coordinate
posting revised answers on the website (.4).

| | | | | |
|---|---|---|---|---|
| | [Asset analysis and recovery] Conference regarding complaint against Hunter Wise insiders (0.2). | 0.20 | 30.00 | AF |
| | [Asset analysis and recovery] Review demand letter to A&I dealer target and forensic analysis for same and prepare tolling agreement. | 0.80 | 200.00 | CP |
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries (1.5); exchange emails with counsel regarding revisions to frequently asked questions on website (.1). | 1.60 | 232.00 | mm |
| | [Case administration] (Melissa McCarthy) Investigate Chastek Account regarding Hunter Wise Metals. | 1.00 | 145.00 | mm |
| Jul-26-14 | [Asset analysis and recovery] Coordinate and assist with preparation of tolling agreement for the Receiver's claims against certain HWC members who received distributions from HWC to facilitate negotiations with those members or their counsel (.2). | 0.20 | 53.00 | KDM |
| | [Case administration] Emails from website manager regarding latest updates to the receivership website, including the frequently asked questions, and review those additions and revisions to confirm that website is up to date (.2). | 0.20 | 53.00 | KDM |
| Jul-28-14 | [Asset analysis and recovery] Review status updates from counsel. | 0.30 | 79.50 | MME |
| | [Asset disposition] Work with team members on locating an auctioneer for the sale of the furniture and equipment in storage in Las Vegas, consider the terms of the auction proposed by different auctioneers, and coordinate negotiating down the proposed | 0.60 | 159.00 | KDM |

commission and determining market budget and strategy (.4); follow up and exchange emails with prospective auctioneer in Irvine regarding proposal for the auctions sale of the furniture and equipment from HWC's office (.2).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Emails with counsel for F. Jager regarding status of preparation of settlement agreement and report status to the Receiver (.2); review letter from HWC member responding to the Receiver's letter demand return of distributions he received from HWC and strategize with team members regarding confirming allegations in response letter and their effect, if true, on the Receiver's claims against the HWC member (.4); strategize with team members regarding forensic analysis of investments claimed by other HWC members in response to the Receiver's demand letters and responding to those (.3); work with team members on updating list of the Jager's assets for purposes of negotiations of the settlement agreement for F. Jager's initial payments towards the restitution obligation (.3); strategize regarding issues to research related to the Jagers' divorce proceeding and community property under California law (.4). | 1.60 | 424.00 | KDM |
| [Case administration] Emails with M. McCarthy regarding communications from HWC customer and information requested by customer (.2); exchange emails with M. McCarthy regarding new contact information for certain HWC customers and coordinate updating customer list and sending those customers at the new addresses the latest Receiver's letter notifying them of the proposed claims process and distribution plan (.3). | 0.50 | 132.50 | KDM |
| [Asset analysis and recovery] Phone call with C. Steklof regarding breach of fiduciary duty complaint (.3). | 0.30 | 79.50 | MDV |
| [Asset analysis and recovery] Review CA | 1.60 | 400.00 | CP |

divorce court stipulation entered into by the Jagers; create a list of the parties' assets based thereon; contact auctioneers in Las Vegas for sale of the Las Vegas office inventory.

| | | | | |
|---|---|---|---|---|
| [Business operations] (Melissa McCarthy) Respond to customer inquiries (1.3); exchange emails with K. Murena regarding communications with customers and new contact information to send latest letter regarding proposed claims process (.3). | 1.60 | 232.00 | mm |

| Jul-29-14 | [Asset analysis and recovery] Review insurance counsel comments to D & O complaint and demand letter (.5); respond to counsel regarding same (.3); review and approve HW Financial expense and Fred Jager expenses (.4). | 1.20 | 318.00 | MME |

[Asset analysis and recovery] Access online and review accounts of Jager and his HW Entities at First Foundation Bank to confirm account balances and activity and update the list of the Jagers' assets for purposes of analyzing the settlement proposal for the initial payments towards F. Jager's restitution obligation (.5); continue working on updating list of the Jagers' assets with information obtained from various documents including filings in divorce proceeding and financial disclosures from F. Jager and South Peak (.5); email from counsel for F. Jager regarding settlement agreement for initial payments towards F. Jager's restitution obligation and review draft of settlement agreement (.5); review email from special insurance counsel regarding revisions to and assessment of Complaint against certain officers and directors of HWC and the demand letter to the D&O insurer based on the claims alleged in the Complaint, review counsel's redline revision of the Complaint, and confer with team members regarding further revising the Complaint (.7); review special insurance counsel's revision to demand letter to D&O insurer and strategize with team members (.3); confer with Receiver and team members regarding status of preparation of complaint

2.60     689.00     KDM

against former counsel to HWC and Lloyds (.1).

| | | | |
|---|---|---|---|
| [Business operations] Email from President of HW Financial regarding disbursement requests for personal expenses of F. Jager and review receipts and invoices for expenses (.2); email from CFO of HW Financial regarding disbursement requests for business expenses of HW Financial, review the documentation underlying those requests, and send email to Receiver regarding assessment of the requests for purposes of Receiver's approval (.2). | 0.40 | 106.00 | KDM |
| Emails with counsel for several retailers regarding the Wells Notice, correspondence related to a deposition and correspondence with the CFTC and search for particular correspondence (.2); assist with preparation of Motion to approve and confer with team members regarding form of the Motion (.1). | 0.30 | 79.50 | KDM |
| [Case administration] Follow up on the Court's entry of Order granting Application to Employ California Counsel for the Jagers' divorce proceeding and the Sabertooth litigation and coordinate re-submission of proposed Order granting Application (.2). | 0.20 | 53.00 | KDM |
| [Asset analysis and recovery] Review insurance counsel's comments/revisions regarding D&O complaint (.4); edit/revise complaint (1.8). | 2.20 | 583.00 | MDV |
| [Asset analysis and recovery] Prepare DVD copy of all documents produced by Haskell & White and send to forensic accountant for review. | 0.60 | 60.00 | pl |

| | | | | |
|---|---|---|---|---|
| Jul-30-14 | [Asset analysis and recovery] Review proposal from Fred and Marcia Jager and provide comments to counsel. | 0.60 | 159.00 | MME |
| | [Asset disposition] Follow up on negotiations with prospective auctioneer in Las Vegas for the sale of the furniture and equipment from | 0.40 | 106.00 | KDM |

HWC's office in Las Vegas and discuss
counteroffer regarding commissions and
expenses (.2); telephone call and email to
prospective auctioneer in Irvine regarding
proposal for sale of furniture and equipment
from HWC's office in Irvine (.2).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Review and revise Subpoenas and document requests to various companies in which F. Jager, Marcia Jager, and South Peak Texas Investments, Inc. claim to own an interest (.2); telephone calls to and from counsel for Marcia Jager regarding various issues related to her assets and the Settlement Agreement and scheduling her deposition (.3); review recent court filing in state court action against Lloyds and coordinate determining status of that case (.1); review notice of recording of judgment against HWC and its principals in Los Angeles county and follow up on status of recording judgment in various other jurisdictions and obtaining judgment lien certificates (.2); meet with Receiver regarding her proposed revisions to F. Jager's settlement agreement providing for initial payments towards the restitution obligation, discuss further information and documents to obtain from the Jagers and companies in which they have an interest and the status of Subpoenas to those companies, further revisions and deletions to be proposed, and sending agreement to counsel to the CFTC with our comments and proposed revisions (.4); prepare and send email to counsel for the CFTC forwarding F. Jager's proposed settlement agreement with our comments and revisions, and an updated list of all assets in which the Jagers have an interest, and the Stipulation from the Jagers' divorce proceeding (.4). | 1.60 | 424.00 | KDM |
| [Case administration] Telephone calls to and from counsel for CFTC regarding the status of the receivership and certain aspects of the case (.1); review email from customer seeking return of metals sent on date HWC accounts were frozen due to commencement of monitorship and discuss with M. McCarthy | 0.70 | 185.50 | KDM |

effect of monitorship on those metals and the investigation necessary before a determination can be made (.3); review letter from counsel for former law firm to Lloyds seeking to collect a debt and coordinate preparation of letter responding to that demand letter and explaining the status of the monitorship/receivership, the entry of the Judgment against Lloyds and the filing of the motion to approve claims process and distribution plan (.3).

| | | | | |
|---|---|---|---|---|
| | [Asset analysis and recovery] Draft subpoena duces tecum to all of the companies in which Fred Jager or his entities may have an interest. | 1.10 | 165.00 | AF |
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 1.30 | 188.50 | mm |
| Jul-31-14 | [Asset analysis and recovery] Discuss with counsel proposal from auctioneer and revise terms. | 0.20 | 53.00 | MME |
| | [Case administration] Telephone call with counsel to Dewey & LeBoeuf secured lender trust and strategize with counsel. | 0.30 | 79.50 | MME |
| | [Asset disposition] Review latest inventory report from ViaMat for the precious metals being stored at their secure facility and confirm the value of the metals at current market value (.2); discuss with Receiver and team members proposal from a third potential auctioneer in Las Vegas for the sale of the furniture and equipment from HWC's office and strategize regarding negotiating certain terms and revising the proposal (.2). | 0.40 | 106.00 | KDM |
| | [Asset analysis and recovery] Email from and to counsel for CFTC regarding F. Jager's initial draft of the settlement agreement for the initial payment towards his restitution obligation, our proposed revisions, and the involvement of the CFTC's general counsel's office and discuss with Receiver (.3); review email from counsel for Hunter Wise customer who allegedly sent metals to Hunter Wise and | 1.20 | 318.00 | KDM |

Delaware Depository after the commencement of the monitorship, exchange emails with M. McCarthy regarding the status of our investigation into the customer's claim, and review documents related to the customer's account and transfer of the silver (.6); prepare and send email to counsel for Delaware Depository regarding the customer's claim and the status of the account and the silver at issue and forward certain documents related to the customer (.3).

| | | | |
|---|---|---|---|
| [Case administration] Email from counsel for Dewey & LeBoeuf Secured Lender Trust regarding its claim against Lloyds Commodities and its intention to file an action against the company, and request to schedule a call with the Receiver and discuss with Receiver (.2); telephone call with Receiver to counsel to discuss his client's claim against Lloyds Commodities, the status of the Monitorship and Receivership, the proposed claims administration process and distribution plan and the client's desire to participate in that process and strategize with Receiver (.3). | 0.50 | 132.50 | KDM |
| [Asset analysis and recovery] Continue to draft subpoenas to companies that Fred Jager has interest in. | 0.70 | 105.00 | AF |
| [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.30 | 43.50 | mm |

Aug-01-14   [Asset analysis and recovery] Telephone call         0.90      238.50         KDM
from counsel for DDS regarding status of metals of E. Durfee and the background surrounding DDS's return of the metals pursuant to the authority and directions of the Receiver, and documentation regarding the shipment of the metals and delivery receipt (.4); review emails with team members, S. Morales and counsel for DDS regarding previous investigation into metals of E. Durfee shipped to DDS after commencement of monitorship and prepare and send email to M. McCarthy regarding previous investigation and decision to consent to return

of metals to E. Durfee (.3); email from
counsel for DDS confirming delivery of
metals to E. Durfee, review shipment and
delivery confirmations, and forward to M.
McCarthy with explanation so she can
discuss with E. Durfee (.2).

| | | | | |
|---|---|---|---|---|
| | [Case administration] Email and telephone call from counsel for CFTC regarding its investigation into the Hunter Wise dealer, Oakmont Financial, the customers of that dealer, how that dealer commingled its customers funds before transferring them to Hunter Wise, the accounts of Hunter Wise maintained for that dealer but not its customers, and investigation and tracing to be done to confirm which customers' funds were transferred to Hunter Wise (.5); investigate accounts of Hunter Wise maintained for Oakmont and its customers and review various records of Hunter Wise (.4). | 0.90 | 238.50 | KDM |
| Aug-03-14 | [Asset analysis and recovery] Finalize draft D&O Complaint and revise demand letter to carrier (.5); review data provided by forensic accountants regarding payments to attorneys (.3). | 0.80 | 212.00 | MDV |
| Aug-04-14 | [Asset analysis and recovery] Finalize subpoenas duces tecum to companies and financial institutions where defendant Fred Jager holds an interest including, Allenergy, Inc., Bill Barrett Corp., Liberty Star Uranium, Redwoods Group, Keller Financial, Regeneca, Inc. for service. | 0.60 | 159.00 | MME |
| | [Asset analysis and recovery] Telephone call with counsel to CFTC regarding update and proposed agreement with Fred and Marcia Jager (.2); discuss with counsel status of communications with counsel for Marcia Jager (.1). | 0.20 | 53.00 | MME |
| | [Asset analysis and recovery] Telephone call with counsel for Dewey & LeBoeuf regarding fee claim against Lloyds. | 0.30 | 79.50 | MME |

| | | | |
|---|---|---|---|
| [Asset disposition] Emails with prospective auctioneer for sale of furniture and equipment from HWC's offices in Irvine regarding inspection of the assets to be sold and the status of the proposal for the auctioneer services to be provided (.2). | 0.20 | 53.00 | KDM |
| [Asset analysis and recovery] Emails with forensic accountant regarding documents produced by accountant and auditor of Hunter Wise and schedule a call for the further discuss review and analysis of those documents (.2); telephone call with Receiver to counsel for CFTC regarding the Jagers' proposed Settlement Agreement for the initial payments towards F. Jager's restitution obligation (.2); discuss with Receiver status of communications with counsel for M. Jager and follow up on scheduling a call to discuss certain aspects of the proposed Settlement Agreement (.2). | 0.60 | 159.00 | KDM |
| [Asset analysis and recovery] Finalize demand letter to carrier (.5); review file regarding claims against former attorneys for Hunter Wise (2.0). | 2.50 | 662.50 | MDV |
| [Asset analysis and recovery] Continue to draft subpoenas to companies in which Fred Jager may have an interest. | 0.30 | 45.00 | AF |
| [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.30 | 43.50 | mm |

Aug-05-14

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Review and approve expenses for HW Financial. | 0.20 | 53.00 | MME |
| [Asset disposition] Coordinate sending keys for storage units in Las Vegas to potential auctioneer for sale of furniture and equipment from HWC's office, prepare and finalize letter forwarding keys, and coordinate sending to potential auctioneer (.3); email and telephone call from auctioneer in Irvine, CA regarding referral to another auctioneer interested in handling the auction sale of the | 0.70 | 185.50 | KDM |

furniture and equipment from HWC's office
and exchange emails with that auctioneer
regarding inspecting the items to be sold and
obtaining a proposal for the auction (.4).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Review Order granting Application to employ counsel in California and coordinate sending California counsel (.1); exchange emails with California counsel regarding scheduling mediation in Sabertooth litigation (.2); multiple emails with forensic accountant regarding preliminary analysis and documents produced by auditor of HWC and rescheduling call to discuss strategy and focus of investigation (.2); teleconference with forensic accountant regarding documents produced by Haskell & White pursuant to our requests, the scope and focus of the investigation of the services they provided to HWC, the applicable standard of care and strategy for conducting the investigation, and determining what further documents are required to complete investigation, and review certain documents produced by Haskell & White (.7); review further research findings regarding issues related to community property in California and forward to California counsel to analyze and coordinate scheduling conference call to discuss preliminary research findings and further research and investigation to be done (.3); exchange emails with California counsel regarding those preliminary research findings and scheduling a call to discuss them (.2). | 1.70 | 450.50 | KDM |
| [Case administration] Review and revise letter responding to inquiry of successor firm to Dewey & LeBoeuf discuss and enclosing the District Court's Appointment Order, Injunction Order, and Consent Order against Lloyds entities, and the Receiver's Motion to approve claims process and distribution plan, and coordinate finalizing and sending the letter (.3). | 0.30 | 79.50 | KDM |
| [Asset analysis and recovery] Review file regarding claims against former attorneys to HWC (2.4). | 2.40 | 636.00 | MDV |

| | | | | |
|---|---|---|---|---|
| | [Asset analysis and recovery] Draft letter to Klestadt and Winters regarding claims | 0.90 | 135.00 | AF |

process (0.6); Email to C. Perez and J. Serna regarding miscellaneous dealers (0.1); Finalize letter to Kelstadt & Winters and coordinate mailing (0.2).

| | | | | |
|---|---|---|---|---|
| Aug-06-14 | [Asset disposition] Email and telephone call from Tiger Group regarding another company they are proposing for the auction sale of the furniture and equipment from HWC's office in Irvine, requesting authority to forward the inventory of that furniture and equipment to the other company, and providing contact information for that company (.3); review resume of that other auction company conduct research regarding its qualifications and experience (.3); telephone call to principal of the other auction company to discuss the furniture and equipment to be sold, the location of the storage facility where they are being held, the proposed logistics, procedures, expenses and fees for the auction sale, and the need for a proposal to present to the Court for approval (.4). | 1.00 | 265.00 | KDM |
| | [Asset analysis and recovery] Review recent case law related to a receiver's claim for a tax refund and discuss with Receiver our investigation into the taxes paid by the Receivership entities and whether the Receiver has a claim for any refund (.3); review various tax filings for the Hunter Wise entities and report findings to the Receiver (.6); telephone call from party who received demand letter for return of member distributions from Hunter Wise confirming his companies' lack of connection to HWC member at issue and its connection to the third party processor in Luxembourg they have in common with that HWC member and coordinate updating the address information and tracking chart and searching for alternative address for the HWC member (.3); strategize with team members regarding analyzing and investigating defenses and | 2.20 | 583.00 | KDM |

explanations asserted by HWC members in response to demand letters for return of member distributions, applicable limitations periods, and possible entry into tolling agreements pending resolution of the Receiver's claims (.3); exchange emails with counsel for CFTC in action against Palm Beach Capital and its principals regarding District Court's entry of Consent Order of permanent injunction and determining restitution amount and directing that payments be made to Receiver, and the Order approving that Consent Order, review those Orders, and coordinate adding Judgment Debtors to the tracking chart and preparation of demand letter to those Judgment Debtors (.7).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Legal research regarding claims against former attorneys to HWC (1.7). | 1.70 | 450.50 | MDV |
| [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.30 | 43.50 | mm |

| | | | | |
|---|---|---|---|---|
| Aug-07-14 | [Asset analysis and recovery] Telephone call with CFTC regarding Jager proposal (.3); meet with counsel regarding Palm Beach Capital (.2) | 0.50 | 132.50 | MME |
| | [Case administration] Review of Order approving claims process and distribution plan and meeting with counsel to begin process (.4). | 0.40 | 106.00 | MME |
| | [Asset disposition] Telephone call from prospective auctioneer for sale of furniture and equipment from HWC office in Las Vegas and follow up on obtaining final proposal for auction sale (.1); email and telephone call from prospective auctioneer for sale of furniture and equipment from HWC office in Irvine, review proposal, request further information, and present to Receiver for review and approval (.3). | 0.40 | 106.00 | KDM |
| | [Asset analysis and recovery] Email from and | 1.70 | 450.50 | KDM |

telephone call to counsel for CFTC regarding the Jagers' proposed Settlement Agreement for initial payments towards F. Jager's restitution obligation, the CFTC's position with respect to that Agreement, the status of the Receiver's claims against and demand made upon certain third parties, the Court's entry of the Order approving claims process and distribution plan, the CFTC's settlement with DDS and working out logistics of recovering administrative fee from DDS, and another District Court's entry of Consent Order against the dealer Palm Beach Capital (.5); meet with Receiver regarding investigating the dealer Palm Beach Capital for purposes of recovering restitution obligation (.2); coordinate conducting Accurint search of Palm Beach Capital and its principals and updating tracking chart for dealers (.2); strategize regarding preparing statute of limitations analysis for all fraudulent transferees including members who received distributions from Hunter Wise, strategize regarding of discovery rule and applicable statute of repose, review Receivership Order for provision on tolling of statutes of limitations, determine whether to seek tolling agreement against certain fraudulent transferees for which further investigation is required (.4); strategize regarding defenses asserted by certain Hunter Wise members who received distributions, confirming those defenses through forensic analyses, further investigation needed into the factual bases for those defenses, and coordinate sending recent responses to forensic accountant to confirm amounts allegedly transferred to Hunter Wise (.4).

[Asset analysis and recovery] Review Order granting Receiver's Motion to approve claims process and distribution plan (.1); meet with Receiver regarding the foregoing matters and strategize regarding implementing the Court-approved claims administration process, the applicable deadlines, sending the Notice and Claim Forms to eligible claimants and updating the website to reflect the Court's approval and the institution of the                    1.10        291.50          KDM

|  |  |  |  |  |
|---|---|---|---|---|
|  | claims process (.4); coordinate and assist with calculating and calendaring the deadlines applicable to the claims administration process based on date of Court approval order (.2); emails with M. McCarthy and other team members regarding sending out the Notice and Claim Form to all eligible claimants (.2); telephone call from customer of Pan American Metals regarding status of receivership and whether he can participate in Hunter Wise claims process and coordinate updating customer list to include his contact information (.2). |  |  |  |
|  | [Asset analysis and recovery] Review responses to demand letters to insiders (0.3); Conference regarding responses to demand letters (0.1); Email to forensic accountant with response from Christopher Gayde and Dubois, Bryant, & Campbell LLP to confirm money in and out (0.1); Email to Scott Hirsch regarding stipulation to dismiss Lloyds from state court action (0.1); Review evidence sent by Joe Martin regarding demand to insiders (0.4); Review stipulation with Plaintiff in state court action against Lloyds (0.2); Send signed stipulation agreement to that Plaintiff's counsel (0.1). | 1.30 | 195.00 | AF |
| Aug-08-14 | [Asset analysis and recovery] Emails regarding procedures for claims process (.3); review proposals for auction in California and discuss with counsel (.2). | 0.50 | 132.50 | MME |
|  | [Asset analysis and recovery] Review and approve HW Financial expenses. | 0.30 | 79.50 | MME |
|  | [Asset disposition] Review updated proposal from prospective auctioneer in Las Vegas, NV, based on his physical inspection of the furniture and equipment to be sold, present proposal to Receiver for review and approval and discuss certain aspects of the proposal, and coordinate providing information to auctioneer regarding the timing of submitting the proposal to the Court and obtaining court approval (.3); discuss with the Receiver the proposals submitted by the prospective | 1.30 | 344.50 | KDM |

auctioneers for the furniture and equipment in South Florida and in Irvine, CA, and the possible reduction of the commission and the expenses for the Irvine auction (.2); exchange emails with Irvine auctioneer regarding the estimated expenses of the auction (.2); send draft Motion to approve sale of personal property of the Estate, along with the proposals from the three auctioneers, to counsel for the CFTC for review and approval (.2); email from counsel for CFTC consenting to the Motion to approve sale of personal property and finalize that Motion, inserting certain information from the auctioneers' proposals (.3); coordinate sending the keys to the Irvine storage units to the prospective auctioneer to inspect the inventory and prepare for the auction (.1).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Email from forensic accountant with analyses of the transfers to and from a particular HWC member who received member distributions, review those analyses and strategize with team members regarding responding to letter from counsel for that HWC member responding to Receiver's demand letter for return of distributions (.7); review notice of recording of Consent Order of Permanent Injunction against the Lloyds entities and follow up on the recording of that Order and all other Orders and Judgments against the Defendants (.2); telephone calls and emails to and from counsel for two HWC members who received distributions from HWC regarding their defenses to the Receiver's demand to recover those distributions and schedule a conference call to further discuss the Receiver's claims and their defenses (.3). | 1.20 | 318.00 | KDM |
| [Case administration] Emails with M. McCarthy and Receiver regarding service of Notice and Claim Form on all eligible claimants, preparation of cover letter to accompany court-approved Notice and Claims Form, the work to be done to implement and administer the claims process, the assignment of various tasks, and working out logistical issues (.5); follow up on final | 1.20 | 318.00 | KDM |

| | | | | |
|---|---|---|---|---|
| | calculations of all applicable deadlines for the claims process and inserting them into the court-approve Notice and coordinate calendaring of those deadline (.3); coordinate sending final version of Notice and Claim Form to M. McCarthy to email to all eligible customers and to the website manager to post to the website (.1); review website to confirm that the Notice and Claim form have been uploaded and all other related updates and revisions to the site have been made and request further revisions (.2); email from website manager confirming all revisions were made to the site and revise site to confirm (.1). | | | |
| | [Business operations] (Melissa McCarthy) Work on claims process. | 0.50 | 72.50 | mm |
| Aug-10-14 | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.50 | 72.50 | mm |
| | [Business operations] (Melissa McCarthy) Draft customer notifications. | 0.50 | 72.50 | mm |
| Aug-11-14 | [Asset analysis and recovery] Meet with Melissa McCarthy and counsel regarding claims administration process. | 0.40 | 106.00 | MME |
| | [Asset disposition] Receive confirmation of filing of Motion to approve sale of personal property and coordinate sending to Court our proposed Order granting that Motion (.1). | 0.10 | 26.50 | KDM |
| | [Asset analysis and recovery] Work with team members on Statute of Limitations analysis for claims against fraudulent transferees, research to be done on applicable California and Nevada statutes, and coordinate having forensic accountant confirm dates of transfers (.2); emails to and from counsel for HWC members who received distributions regarding upcoming call to discuss the Receiver's claims, their defenses, and the Court-approved claims administration process (.1); telephone call with counsel for HWC members regarding same (.5); meet with A. Fernandez regarding | 1.00 | 265.00 | KDM |

response to demands letter and findings of
forensic accountant (0.2).

| | | | |
|---|---|---|---|
| [Case administration] Meet with Receiver and M. McCarthy to discuss procedures and logistics of sending out Legal Notice and Claim Form to all eligible claimants(.1); formulate plan for the implementing and carrying out the claims administration process (.4); work on updates to the receivership website including the posting of the Legal Notice and Claim form (.1); work with M. McCarthy on reviewing various customer address lists and locating missing addresses (.4); supervise the reproduction of the Legal Notice and Claim form and determination of which investors will receive them by mail and which will receive them by email (.4); review and revise proposed cover letter to accompany the Legal Notice and Proof of Claim form being sent to all customers, investors and creditors and exchange emails with M. McCarthy and Receiver regarding revisions to that cover letter (.4). | 2.10 | 556.50 | KDM |
| [Asset analysis and recovery] Conference with K. Murena regarding response to demand letter and findings by forensic accountant (0.2); Phone call with counsel for DeMars regarding response to demand letter and filing of a claim (0.4). | 0.60 | 90.00 | AF |
| [Asset analysis and recovery] Create statute of limitation analysis chart for insiders. | 2.10 | 315.00 | AF |
| [Business operations] (Melissa McCarthy) Meet with team members to discuss claims process. | 0.30 | 43.50 | mm |
| [Business operations] (Melissa McCarthy) Prepare claims distribution list. | 2.50 | 362.50 | mm |

Aug-12-14      [Asset analysis and recovery] Telephone calls     1.40     371.00     MME
with various claimants and attorneys for
claimants regarding claims process and
distribution status (1.2); e-mails with counsel
regarding same and updating website to

answer common questions (.2).

| | | | |
|---|---|---|---|
| [Case administration] Meet with counsel regarding calls with customers. | 0.20 | 53.00 | MME |
| [Asset analysis and recovery] Telephone call from general counsel for Bill Barrett Corporation regarding Subpoena requesting documents related to F. Jager and his companies' interest in that company (.2); email from forensic accountant regarding updated detailed analysis of transfers to HWC members and review and discuss with team members for purposes of completing statute of limitations analysis for transfers to HWC members (.4); report to Receiver status of setting mediation in Sabertooth action and follow up with California counsel (.2); emails with M. McCarthy regarding customer's request for release of metals being stored at DDS and investigate that customer's claim, account at DDS,   and connection to HWC (.6); review letter from counsel for D. Manners regarding settlement offer to settle the Receiver's claim to recover the distributions he received and exchange emails with counsel to schedule a call to discuss the offer (.3); discuss with Receiver sending counsel for F. Jager the Receiver's revisions to the draft Settlement Agreement for the initial payment towards F. Jager's restitution obligation, revise that Agreement and send to counsel with explanation regarding the Receiver's revisions and the CFTC's position with respect to the Agreement, and seeking to schedule a call to discuss the Receiver's revisions (1.2). | 2.90 | 768.50 | KDM |
| [Business operations] Email from forensic accountant regarding preparation of 2013 tax returns for the entity defendants and discuss with the Receiver (.2); exchange emails with forensic accountant regarding having her accounting firm prepare the tax returns for the Hunter Wise and Lloyds entities and forward Order approving forensic accounting firm's employment as tax consultant to the Receiver (.2). | 0.40 | 106.00 | KDM |

| | | | |
|---|---|---|---|
| [Case administration] Meet with Receiver regarding calls she has received from customers inquiring about the claims process and customers who may be the victims of fraud committed by another company seeking funds to submit claims to the receivership estate and reporting that company to the authorities (.2); discuss with Receiver revisions to receivership website including adding deadlines set forth in Legal Notice of claims process and changing the contact information for the Receiver and counsel and coordinate having those revisions made (.2); email from Receiver regarding approval of cover letter to send with Legal Notice and Proof of Claim form, coordinate sending that letter to the customers with the Notice and Claim form, follow up on status of reproduction of Notice and Claim form for mass mailing, and supervise and assist with compiling final list of all customers to send Notice and Claim form to (.8); emails with M. McCarthy and M. Dhanji regarding additional persons to send Notice and Claim form to, locating their addresses, and preparation of cover letter to those persons (.2). | 1.40 | 371.00 | KDM |
| [Asset analysis and recovery] Research regarding statute of limitations for fraudulent transfers in California (1.4); Research regarding statute of limitations for fraudulent transfers in Nevada (1.1). | 2.50 | 375.00 | AF |
| [Asset analysis and recovery] Continue reviewing customer list to determine email addresses and mailing addresses in preparation for mail out of the Claims Packet. | 6.30 | 630.00 | pl |
| [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 0.30 | 43.50 | mm |
| [Business operations] (Melissa McCarthy) Prepare claims distribution list. | 4.00 | 580.00 | mm |

| Aug-13-14 | [Asset analysis and recovery] Meet with counsel regarding update on negotiation with David Manners, efforts to collect fund from HWIC and HWIT, and forensics on transfers to HWC members. | 0.50 | 132.50 | MME |

[Asset analysis and recovery] Emails to and from counsel for D. Manners regarding rescheduling of call to discuss his settlement offer (.1); telephone call with counsel for D. Manners regarding his settlement offer and the Receiver's counter offer, the proposed payment schedule, the preparation of a settlement agreement, and the procedures for having the Court consider and approve that agreement (.5); emails to and from counsel for F. Jager regarding the Receiver's revisions to the Settlement Agreement and scheduling a call to discuss those revisions, discuss with Receiver and calendar (.3); review email from counsel for Bill Barrett Corporation responding to Subpoena for records evidencing the Jagers' interest in that company, explaining that it has no responsive documents and that they are not aware of the Jagers or any of their affiliated entities having any interest in that company, and respond to that email (.3); discuss with Receiver the proposed settlement agreement with D. Manners, obtain the Receiver's approval of the terms of such agreement, and coordinate and assist with the preparation of Settlement Agreement and Motion to approve that Agreement (.5); meet with Receiver regarding status of efforts to recover funds from HWIT and HWIC accounts at foreign financial institutions and send emails to counsel for Baird & Associates and counsel for Standard Bank requesting form or language necessary for request to transfer funds to the Receiver (.5); discuss with Receiver forensic analysis of transfers to certain HWC members who received distributions, confirmation that they invested more than they received as distributions, and withdrawal of demands for return of distributions (.3); prepare and send email to counsel for certain HWC members

2.70     715.50     KDM

withdrawing the Receiver's demand for the
return of the distributions they received in
light of the amount they had invested in the
company (.2).

| | | | |
|---|---|---|---|
| [Case administration] Email from website manager regarding latest revisions and additions to the receivership website and review site to confirm that changes and additions were properly made (.2); discuss with M. McCarthy recent calls received from customers and coordinate posting of dealer list on the home page of the receivership website (.2); confer with M. McCarthy regarding further revisions to the substance and form of the cover letter being sent to potential eligible claimants with the Legal Notice and Claim form and approve the revisions (.2); discuss with M. McCarthy sending a separate cover letter to send with the Notice and Claim form to all dealers given the lack of addresses for certain of their customers and approve the form of that cover letter (.2); review and revise cover letters to be sent with Notice and Claim form to creditors and members of the HW entities (.2); continue supervising and assisting with confirming and locating addresses of potential eligible claimants for purposes sending them Legal Notice and Proof of Claim form for claims administration process and receive report regarding status of preparation of mass mail-out (.4); discuss with Receiver to discuss possible treatment of different categories of eligible claimants under the court-approved claims process (.2). | 1.60 | 424.00 | KDM |
| [Business operations] (Melissa McCarthy) Work on claims notification and answer inquiries from customers and validate claims. | 8.50 | 1,232.50 | mm |
| [Claims Process] Work with Hunter Wise manager in preparing mail out of claims packages to all customers and creditors with known email and physical addresses. | 8.80 | 352.00 | claims |
| [Claims Process] (Genesis Maulini) Work on preparations of claims packets to send to customers and creditors. | 5.00 | 200.00 | claims |

| Aug-14-14 | [Asset analysis and recovery] Review with attorneys and staff the claims notice and process issues (.4); review and approve expenses relating to metal storage (.2); review and approve HW Financial expenses (.3); exchange emails with counsel and discuss with counsel monitoring F. Jager's accounts (0.2). | 1.10 | 291.50 | MME |
|---|---|---|---|---|
|  | [Asset analysis and recovery] Telephone call with counsel for F. Jager regarding the Receiver's revisions to the Settlement Agreement for F. Jager's initial payments towards the restitution obligation and the CFTC's position, and discuss the law applicable to the transfers of funds from Hunter Wise to Mrs. Jager, the transmutation agreement providing for the transfer of real and personal property and the law applicable to such agreements, having F. Jager and the other directors of HWIC direct the transfer of account balances to the Receiver and related matters (.6); emails to and from in-house counsel at Baird & Associates regarding the forms necessary to effect the transfer of the balance of the account in the name of HWIT to the Receiver and the need for assistance from a compliance officer (.2); emails to and from California counsel regarding the Sabertooth litigation, status of scheduling the mediation, and rescheduling the call to discuss these and other matters (.2); discuss with Receiver monitoring of the bank accounts of F. Jager and his entities and access those accounts online to confirm disbursements and account balances (.5); review letter from Enervest in response to Subpoena requesting documents related to the Jagers' interest in that company and coordinate updating tracking chart (.2); review Notice of Lack of Prosecution and Court's Motion to Dismiss and Notice of Hearing in action against Lloyds Commodities and coordinate following up with counsel for plaintiff in that action regarding dismissal of Lloyds Commodities in light of Consent Order and commencement | 2.60 | 689.00 | KDM |

of claims process (.2); telephone call to counsel for DDS regarding an account containing metals that an investor claims to own, his request for the release of those metals, and the investigation into the ownership of that account and its connection to Hunter Wise (.5); discuss with counsel for DDS the status of the investigation into McGraw's claim to ownership of gold bars in an account at DDS and DDS's assistance with investigating that claim and communicating with certain suppliers to confirm source and transfer of metals (.2).

| | | | |
|---|---|---|---|
| [Business operations] Emails with Receiver regarding the latest disbursement requests from HW Financial, review the documents underlying those requests and discuss approval with Receiver (.2). | 0.20 | 53.00 | KDM |
| [Asset analysis and recovery] Draft Settlement Agreement with David Manners. | 1.00 | 150.00 | AF |
| [Business operations] (Melissa McCarthy) Work on claims notification and answer inquiries from customers and validate claims. | 7.30 | 1,058.50 | mm |
| [Claims Process] Continue working on mailing labels for claims packets to be sent out to customers and creditors. | 4.20 | 168.00 | claims |
| [Claims Process] (Genesis Maulini) Work on preparations of claims packets to send to customers and creditors. | 5.00 | 200.00 | claims |

Aug-15-14     [Asset analysis and recovery] Telephone call to California counsel regarding the Sabertooth action (.2); coordinate following up with Sabertooth's counsel to obtain documents he claims demonstrate full performance and to schedule the mediation (.2); review forensic analysis of transfers from Hunter Wise to D. Manners and prepare and send email to counsel for D. Manners regarding the discovery of an additional distribution and proposing a revised settlement amount and payment schedule (.6); review and revise proposed Settlement     2.80     742.00     KDM

Agreement with D. Manners (.8); prepare and send draft settlement agreement to counsel for D. Manners with explanation of certain terms (.3);   telephone call to and email to counsel for Ed Martin regarding various matters related to collection of restitution amount including turning over his interest in certain companies and signing certain documents to transfer funds from other companies and strategize with team members regarding Ed Martin's interests in certain companies (.3); email from counsel for Standard Bank regarding having control persons of HWIC-Cayman direct the transfer of its account balance to the Receiver and review previous correspondence regarding confirmation of freezing of that account (.2); email from California counsel regarding the Sabertooth Action and review Stipulation of Substitution of Counsel (.2).

| | | | |
|---|---|---|---|
| [Case administration] Continue supervising and assisting with confirming and locating addresses of potential eligible claimants for purposes sending them Legal Notice and Proof of Claim form for claims administration process and receive report regarding status of preparation of mass mail-out to all eligible claimants (.4); review statements from DDS regarding accounts of Hunter Wise that contain various precious metals and work on investigating whether those metals were paid for in full or the purchase was financed and they remain leveraged (.6); review claim filed by potentially eligible claimant (.2); coordinate and assist with preparation of Status Report (.3). | 1.50 | 397.50 | KDM |
| [Asset analysis and recovery] Revise settlement agreement with David Manners. | 0.60 | 90.00 | AF |
| [Asset analysis and recovery] Phone call to Paul Zacardoolas' Counsel regarding stipulation to dismiss action against Lloyds (0.1); Draft Stipulation with Paul Zacardoolas (0.7); Email to Paul Zacardoolas' counsel a copy of the Stipulation and the consent | 0.90 | 135.00 | AF |

| | | | | |
|---|---|---|---|---|
| | judgment against Lloyds entered in the enforcement action (0.1). | | | |
| | [Asset analysis and recovery] Contact counsel for Sabertooth to follow up on documents requested by K. Murena and dates for scheduling Mediation. | 0.10 | 10.00 | pl |
| | [Business operations] (Melissa McCarthy) Work on claims notification and answer inquiries from customers and validate claims. | 7.80 | 1,131.00 | mm |
| | [Claims Process] Continue working on mailing labels for claims packets to be sent out to customers and creditors. | 3.70 | 148.00 | claims |
| | [Claims Process] (Genesis Maulini) Work on preparations of claims packets to send to customers and creditors. | 5.00 | 200.00 | claims |
| Aug-18-14 | [Asset analysis and recovery] Email and telephone call from California counsel regarding strategy and status of Sabertooth litigation and the Jagers' divorce proceeding and following up on substitution of counsel in Sabertooth litigation (.4); review CFTC complaint against a particular dealer and determine the status of that enforcement action and the customers of that dealer (.5). | 0.90 | 238.50 | KDM |
| | [Case administration] Work with team members on resolving certain issues regarding information needed for certain customers and contacting the dealers to obtain such information and receive update regarding efforts to obtain the information and resolve the issues (.4); meet with team members regarding strategy for processing and analyzing all of the claims expected from claimants (.4). | 0.80 | 212.00 | KDM |
| | [Business operations] (Melissa McCarthy) Work on claims notification. | 3.80 | 551.00 | mm |
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries. | 4.50 | 652.50 | mm |

| | | | |
|---|---|---|---|
| [Claims Process] Continue to prepare claims packets to send to customers with returned emails and/or new addresses found. | 2.00 | 80.00 | claims |
| [Asset analysis and recovery] Work on information concerning the claims process (.3); Review list of claimants (.2); Began investigating missing information and cross checking the claimant files with hard-copies submitted (.5). | 1.00 | 60.00 | HO |

Aug-19-14

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Continue working with M. McCarthy on resolving issues associated with certain accounts at DDS containing metals and the customers claiming ownership thereof and determine whether we have sufficient records to determine whether the customers paid in full for or financed the purchase of the metals (.6); review response to Subpoena from entity that the Jager's were believed to own an interest in and coordinate updating tracking chart (.2); review and revise application for Judgment Lien Certificate in California and coordinate filing with the California Secretary of State (.2). | 1.00 | 265.00 | KDM |
| [Case administration] Meet with M. McCarthy regarding the claims administration process, review various documents related to retail customer accounts, and determine whether we have all of the customer account files (.7); receive several proofs of claim from retail customers, establish and implement a system for processing and keeping all claims organized by type of claimant, and meet with team members regarding that system (.5); confirm that email address for claimants to send their claims to is functional and that M. McCarthy has access to that email account (.1); assist with preparation of the Receiver's Quarterly Report (.3). | 1.60 | 424.00 | KDM |
| [Asset analysis and recovery] Review information for preparation of status report | 0.90 | 238.50 | MDV |

(.7); review information regarding Chastek (.2).

| | | | | |
|---|---|---|---|---|
| | [Business operations] (Melissa McCarthy) Respond to customer inquiries and validate claims. | 4.00 | 580.00 | mm |
| | [Business operations] (Melissa McCarthy) Work on claims notification. | 4.00 | 580.00 | mm |
| | [Claims Process] Continue to prepare claims packets to send to customers with returned emails and/or new addresses found. | 2.00 | 80.00 | claims |
| | [Claims Process] (Genesis Maulini) Work on preparations of claims packets to send to customers and creditors. | 1.00 | 40.00 | claims |
| | [Asset analysis and recovery] Research regarding missing customer addresses (.1); confer with various claimants regarding corrected mailing address (.2); telephone calls to potential claimants regarding missing mailing addresses (.7); work on new information gathered for potential claimants and cross-checked hard copy claims with claim amounts on file and update file (3). | 4.00 | 240.00 | HO |
| Aug-20-14 | [Asset disposition] Telephone call from auctioneer in Irvine, CA regarding his physical inspection of all of the storage units containing the furniture and equipment from HWC's offices and the condition of those items (.2). | 0.20 | 53.00 | KDM |
| | [Asset analysis and recovery] Email from counsel for Standard Bank regarding the status of the account of HWIC-Cayman and information that she requested from client regarding transferring the authority necessary to balance of that account to the Receiver (.1); follow up on preparation of complaint against former counsel to the entity defendants and receive update regarding remaining sections to draft (.2). | 0.30 | 79.50 | KDM |

| | | | |
|---|---|---|---|
| [Business operations] Review disbursement requests from CFO of HW Financial and exchange emails with Receiver regarding recommendation as to approval (.3). | 0.30 | 79.50 | KDM |
| [Case administration] Continue assisting M. Visconti with preparation of Receiver's Status Report, providing information regarding work performed and motions filed during the reporting period (.8); receive report from M. McCarthy regarding efforts to locate certain retail customers and the dealer they invested through and assist with continued investigation (.3); exchange emails with M. McCarthy regarding customers claiming ownership of metals in certain accounts at DDS, review list of customers and prepare and send email to counsel for DDS requesting information regarding these accounts and the metals contained therein (.4); receive proof of claim forms from customers, coordinate processing and analyzing of claims, and discuss logistics of claims process (.2). | 1.70 | 450.50 | KDM |
| [Case administration] (Fee Application) (No charge) Work on gathering invoices from professionals for purposes of preparing Fee Application (.2). | 0.20 | 0.00 | KDM |
| [Asset analysis and recovery] Strategize with K. Murena regarding status report and attorney malpractice complaint (.2). | 0.20 | 53.00 | MDV |
| [Asset analysis and recovery] Conduct Accurint search on Marcia Jager and entities in which Fred Jager has an interest. | 0.50 | 75.00 | AF |
| [Business operations] (Melissa McCarthy) Work on claims notification and validate claims. | 7.50 | 1,087.50 | mm |
| [Claims Process] Continue to prepare claims packets to send to customers with returned emails and/or new addresses found. | 1.50 | 60.00 | claims |

| | | | | |
|---|---|---|---|---|
| | [Claims Process] (Genesis Maulini) Work on preparations of claims packets to send to customers and creditors. | 0.50 | 20.00 | claims |
| | [Asset analysis and recovery] Work on list of customers with missing information and began researching for missing information (1.0); telephone calls to aforementioned parties (.5); draft emails to aforementioned parties (.5). | 2.00 | 120.00 | HO |
| Aug-21-14 | [Asset analysis and recovery] Emails from and to counsel for DDS regarding his investigation of various accounts of Hunter Wise containing metals that certain customers claim to own (.2); receive report from M. McCarthy on investigating with those metals were purchased in financed transactions and remain leveraged and discuss further investigation to be done (.4); follow up with counsel for F. Jager by email and telephone regarding his client's and Mrs. Jager's consideration of the Receiver's revisions to the settlement agreement and conditions for confirming certain facts and value and ownership of property, and certain records that the Receiver requires (.2); follow up with counsel for Ed Martin by email and telephone call regarding his cooperation in connection turning over assets of companies in which Ed Martin has an interest and certain shares in companies that Ed Martin owns (.2); email from counsel for CFTC regarding recent CFTC Order entered against SJ Woods and its principals and review that Order (.5); coordinate preparation of demand letters to SJ Woods and its principals demanding payment of restitution amount to the Receiver pursuant to the Order, and coordinate updating of tracking chart (.2); review letter from D&O carrier responding to the Receiver's demand letter and exchange emails with special insurance counsel and team members (.4). | 2.10 | 556.50 | KDM |
| | [Business operations] Review email from Receiver approving certain disbursement requests from HW Financial and send email | 0.20 | 53.00 | KDM |

to CFO of HW Financial regarding the Receiver's approval of those requests (.1); review invoices from website manager and coordinate payment thereof (.1).

| | | | |
|---|---|---|---|
| [Case administration] Receive numerous proofs of claims from customers and follow up on implementation of procedure for processing and analyzing claims and progress thus far (.3). | 0.30 | 79.50 | KDM |
| [Asset analysis and recovery] Draft status report (2.1); review response to demand to insurance company regarding D&O claims (.2); correspondence with insurance counsel regarding same (.1). | 2.40 | 636.00 | MDV |
| [Business operations] (Melissa McCarthy) Work on claims notification and answer inquiries from customers and validate claims. | 8.30 | 1,203.50 | mm |
| [Business operations] (Melissa McCarthy) Identify and notify SJ Woods customers regarding claims process. | 2.00 | 290.00 | mm |

| | | | | |
|---|---|---|---|---|
| Aug-22-14 | [Asset analysis and recovery] Review list of shareholders of HWIC-Cayman and work on confirming ownership interests and formulate strategy for having shareholders assign their shares to the Receiver (.4); receive update regarding the status of the preparation of the Complaint against former counsel to HWC and assist with preparation (.3). | 0.70 | 185.50 | KDM |
| | [Case administration] Receive report from M. McCarthy regarding recent communications with customers regarding the solicitations of Consumer Credit Services seeking funds from customers to submit claims on their behalf and the misrepresentations that company is making, review the letter that company is sending to customers and non-HWC customers seeking funds and forwarding our Legal Notice of Claim and Claim Form, and work with M. McCarthy on reporting that companies fraud to various government authorities (1.2); receive several proofs of claims from customers and obtain report | 2.30 | 609.50 | KDM |

regarding status of processing of claims the accuracy of claims as compared to HWC's records (.3); receive update regarding and continue supervising efforts to locate several customers whose addresses were not in HWC's database or otherwise unknown, and sending them the Legal Notice and Claim Forms, the return of numerous Legal Notices and Claim Forms sent to old or bad addresses, and resending them to newly discovered addresses (.4); continue assisting with preparation of the Receiver's Status Report, providing information regarding the claims process and proposed sale of personal property (.4).

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Review underlying materials and attorney depositions regarding attorney malpractice complaint (2.5); work on drafting complaint (2.3); legal research regarding attorney malpractice and applicable laws (1.7). | 6.50 | 1,722.50 | MDV |
| [Business operations] (Melissa McCarthy) Respond to inquiries from customers and validate claims. | 6.30 | 913.50 | mm |
| [Business operations] (Melissa McCarthy) Work on claims notification. | 2.00 | 290.00 | mm |
| [Claims Process] Continue to prepare claims packets to send to customers with returned emails and/or new addresses found. | 4.00 | 160.00 | claims |
| [Claims Process] (Genesis Maulini) Work on preparations of claims packets to send to customers and creditors. | 0.50 | 20.00 | claims |
| [Asset analysis and recovery] Continue working on cross-checking claim amounts with documentation provided by claimants and HWC's records and notifying respective claimants of discrepancies via email or phone call. | 3.00 | 180.00 | HO |
| Aug-24-14 [Case administration] (Fee Application)  (No charge) Review and revise invoices for the | 2.00 | 0.00 | KDM |

Receiver and counsel for purposes of
preparing Fee Application (2.0).

| Aug-25-14 | [Asset analysis and recovery] Emails to and from counsel for F. Jager regarding status of his client's and Mrs. Jager's consideration of the Receiver's revisions to the Settlement Agreement and scheduling a call to continue discussions (.2); emails to and from counsel for Ed Martin regarding certain of his assets and companies in which he has an interest and schedule a call to discuss those matters (.2); telephone call with counsel for F. Jager regarding the basis for the Receiver's various revisions to the Settlement Agreement, the list of shareholders of HWIC-Cayman, the status of F. Jager's position as officer and director, F. Jager's agreement to execute a letter directing certain banks to transfer account balances to the Receiver, and upcoming meeting with F. Jager and the meeting between Mrs. Jager's counsel and Mrs. Jager (.5); follow up on preparation of demand letter to dealer Palm Beach Capital against which CFTC recently issued Consent Judgment and preparation of Interrogatories to dealer defendants seeking financial information (.2); follow up on status of completion of Complaint against former counsel for HWC and Lloyds (.1). | 1.20 | 318.00 | KDM |
| | [Business operations] Email from member of HWC regarding issuance of K-1 for 2013 and confer with various team members including tax consultant (.2). | 0.20 | 53.00 | KDM |
| | [Case administration] Telephone call from the FTC Receiver of Rushmore Consulting Group and Premier Precious Metals regarding his claims process and likely distribution to the customers of those dealers, our claims process, and coordinating efforts to ensure that those customers do not receive any double recovery or profit (.4); alert team members to the FTC Receiver's claims process and the expected distribution to those dealers' customers to ensure appropriate treatment of their claims and distribution in | 1.90 | 503.50 | KDM |

our receivership (.3); emails to and from Receiver regarding issues related to distributions to be made to those dealers' customers and strategy for preventing double recovery and identifying other similar issues regarding recoveries by other customers (.2); receive several proof of claim forms from customers and meet with team members regarding progress of reviewing and analyzing claims (.3); email from counsel for DDS regarding DDS's investigation into the HWC accounts containing metals that certain customers claim to own, review DDS's findings from investigation and coordinate follow up by M. McCarthy to resolve issues with customers (.5); coordinate preparation of bulletin for the website to warn customers of fraud being committed by CCA which is soliciting substantial funds to submit claims on behalf of customers and propose certain information to be included (.2).

| | | | |
|---|---|---|---|
| [Case administration] (No charge - Fee Application) Finish revising invoices for the Receiver and counsel for purposes of preparing the Fee Application (1.5). | 1.50 | 0.00 | KDM |
| [Asset analysis and recovery] Continue drafting 6th Status Report (2.1); draft attorney malpractice complaint (2.4). | 4.50 | 1,192.50 | MDV |
| [Business operations] (Melissa McCarthy) Respond to inquiries from customers and validate claims. | 6.30 | 913.50 | mm |
| [Business operations] (Melissa McCarthy) Work on 2013 tax filing and confer with S. Banez. | 0.80 | 116.00 | mm |
| [Asset analysis and recovery] Work on claim amounts to respective claimants' documented claims (2.0); telephone calls to customers attempting to obtain correct mailing addresses (0.5). | 2.50 | 150.00 | HO |

| Aug-26-14 | [Case administration] Meet with counsel regarding claims process. | 0.20 | 53.00 | MME |
|---|---|---|---|---|
| | [Asset analysis and recovery] Review documents related to HWIC-Cayman and its shareholders and prepare and send email to counsel for F. Jager regarding certain terms to be included in Settlement Agreement related to HWIC-Cayman and its shareholders (.6); prepare and send email to counsel for D. Manners following up on proposed revision to the settlement proposal and the preparation of a formal settlement agreement (.2). | 0.80 | 212.00 | KDM |
| | [Business operations] Email from tax consultant regarding status of preparation of K-1s for members of HWC (.1). | 0.10 | 26.50 | KDM |
| | [Case administration] Review and revise draft of bulletin to be posted on receivership website to warn customers about CCA and other companies soliciting fees from customers to submit their claims, finalize revisions to the bulletin and send to website manager to post to website (.6); email from website manager confirming posting of bulletin, review website to confirm proper position, and provide update to Receiver (.2); telephone call to CCA regarding its recent call and various issues related to its communications and dealings with customers and dealers, and recent correspondence sent to the Receiver regarding a dealer unaffiliated with HWC, strategize with team members regarding dealing with CCA-related issues, and coordinate further investigation into CCA and certain dealers and customers (.5); receive numerous proof of claim forms from customers and receive report from M. McCarthy regarding the status of processing and analyzing those claims and certain issues presented, including returned claims packages, and plan for resolving those issues, including contacting customers by phone (.4); meet with Receiver regarding status of the claims administration process, the processing of claims, and the search for certain | 3.10 | 821.50 | KDM |

customers (.2); receive report from M. McCarthy regarding communications with FBI regarding customers dealings with CCA and the FBI's independent investigation of Hunter Wise and related matters and coordinate exchange of information and documents and confirm meeting to further discuss these matters (.5); work with M. McCarthy on notice to provide to customers of Rushmore Consulting Group and Premier Precious Metals regarding FTC Receivership of Rushmore, review Rushmore Receivership's website, and coordinate providing website address to customers (.5); review documents received regarding customer seeking to recover metals in HWC account at DDS and strategize with team members (.2).

| | | | | |
|---|---|---|---|---|
| | [Business operations] (Melissa McCarthy) Telephone call with Scott Schwartz at DDS regarding accounts. | 0.50 | 72.50 | mm |
| | [Business operations] (Melissa McCarthy) Telephone call with Brett Chabot regarding FBI and AUSA meeting. | 0.50 | 72.50 | mm |
| | [Business operations] (Melissa McCarthy) Respond to inquiries from customers and validate claims. | 10.00 | 1,450.00 | mm |
| | [Business operations] (Mary Dhanji) Work on accounting and information needed for 2013 tax filing and confer with L. Johnson regarding same. | 0.50 | 50.00 | pl |
| | [Asset analysis and recovery] Work on claim amounts to respective claimants' documented claims (3.0); email and call claimants attempting to obtain correct mailing addresses (1.0). | 4.00 | 240.00 | HO |
| Aug-27-14 | [Asset analysis and recovery] Receive updates from counsel regarding shareholders of HWIC and collection of restitution from Jager and Manners. | 0.50 | 132.50 | MME |

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Emails to and from counsel for D. Manners regarding his client's acceptance of the increase in the settlement amount but request to lengthen the payment schedule and other revisions to the Settlement Agreement and discuss with Receiver (.5); exchange emails with counsel for D. Manners regarding his confidentiality proposal and the Receiver's agreement to D. Manners' final revisions and explore the possibility of making the agreement confidential (.3); revise Settlement Agreement with D. Manners to incorporate final revisions agreed by the parties and send to counsel for D. Manners for review, approval and execution (.4); provide update to Receiver regarding investigation into accounts and shareholders of HWIC-Cayman and efforts to have officers and directors facilitate the transfer of account balances and shareholders transfer their shares (.3); provide update to Receiver regarding communications with counsel for Ed Martin and counsel for F. Jager regarding their cooperation in connection with the Receiver's efforts to recover restitution amounts and certain assets of those defendants (.2); emails to and from and telephone call from counsel for Ed Martin regarding various matters related to asset recovery and his cooperation with the Receiver (.4); review certain documents related to HWIC and prepare and send email to counsel for Ed Martin forwarding documents (.4); telephone calls from and to counsel for First Foundation Bank regarding responding to our Subpoena for records related to possible interest of Defendants in Bank or holding company, agreement to extension of time to respond to the Subpoena, and narrowing the document requests (.4). | 2.90 | 768.50 | KDM |
| [Case administration] Emails with M. McCarthy regarding requests from principal of Paramount Metals Exchange and communications with counsel for the CFTC, review certain documents regarding that | 1.40 | 371.00 | KDM |

| | | | | |
|---|---|---|---|---|
| | company, and coordinate providing information to counsel (.5); emails with M. McCarthy regarding Subpoena from FBI regarding documents related to customers, review Subpoena and related documents, strategize with McCarthy regarding gathering responsive documents and preparing for upcoming meeting with FBI, and search for certain information regarding customers (.5); receive several claims from customers and address certain issues related to claims process and deadlines with team members (.4). | | | |
| | [Asset analysis and recovery] Correspondence with insurance counsel regarding response from Chubb to demand regarding D&O policy (.1); research regarding legal malpractice complaint (1.6); finalize draft of complaint (3.6). | 5.30 | 1,404.50 | MDV |
| | [Business operations] (Melissa McCarthy) Respond to inquiries from customers and validate claims. | 2.30 | 333.50 | mm |
| | [Business operations] (Melissa McCarthy) Confer with CFTC regarding customer data for Churchill Clearing and Paramount Metals. | 0.50 | 72.50 | mm |
| | [Claims Process] (Genesis Maulini) Work on claims packets to send to customers and creditors. | 0.30 | 12.00 | claims |
| Aug-28-14 | [Asset analysis and recovery] Review and approve expenses (.2); update on claims process (.3); review issues with predatory companies (.3); meet with counsel regarding assets of the Jagers (.2). | 1.00 | 265.00 | MME |
| | [Asset analysis and recovery] Report to Receiver status of efforts to determine what shares and other interests that the Jagers own in certain companies, including communications with counsel for First Foundation Bank (.2); email from counsel for Standard Bank regarding requirements for transfer of funds in certain Hunter Wise | 0.60 | 159.00 | KDM |

account to the Receiver and work on obtaining necessary signatures for the letter directing the transfer and the documents evidencing the authority of the signatories (.4).

| | | | |
|---|---|---|---|
| [Case administration] Continue providing information and assist with preparation of the Receiver's Status Report (.8); meetings with M. McCarthy regarding treatment of certain customers' claims and particular amounts including expenses underlying those claim, tracing the funds of customers through dealers, and determining whether the dealers at issue transferred those funds to Hunter Wise, and discuss overall status of processing of claims (.7); meet with M. McCarthy regarding documents requested by FBI in its Subpoena, producing certain documents with customer information as confidential information, and preparing for meeting with FBI (.3). | 1.80 | 477.00 | KDM |
| [Asset analysis and recovery] Work on putting together information for exhibits to Status Report (.5); draft Status Report (1.5); review subpoena from USAO (.1). | 2.10 | 556.50 | MDV |
| [Business operations] (Melissa McCarthy) Respond to inquiries from customers and validate claims. | 7.50 | 1,087.50 | mm |
| [Business operations] (Melissa McCarthy) Work with CFTC to obtain information regarding Churchill Clearing. | 0.50 | 72.50 | mm |
| [Asset analysis and recovery] Continue research regarding identity and location of customers whose claim forms were returned (2.5); work on correcting addresses for customers and compiling a cumulative list of customers that have not been located (.2); work on preparing new claims packets with correct addresses of customers and assist with mail out (.5). | 3.20 | 192.00 | HO |

| Aug-29-14 | [Asset analysis and recovery] Emails with M. McCarthy regarding the actions and communications of Consumer Rights Legal Services towards customers, review certain written communications from that company and strategize with team members regarding protecting customers from that company (.6); receive various claims and confer with M. McCarthy regarding processing and analysis of certain claims and the total amount of claims received and processed thus far (.8); continue assisting with preparation of Receiver's Status Report, providing information related to claims against third parties, transfers to certain third parties and insiders, transfers from those parties to the Receivership Defendants, and related matters and (1.0). | 2.40 | 636.00 | KDM |
|---|---|---|---|---|
| | [Asset analysis and recovery] Email from counsel for F. Jager regarding F. Jager and Mrs. Jager's meeting with her divorce counsel to discuss various issues related to the settlement proposal and the Receiver's revisions thereto, and regarding F. Jager's alleged resignation from HWIC-Cayman, review letter in which he purportedly resigns, and strategize regarding having certain financial institutions transfer funds to the Receiver (.5). | 0.50 | 132.50 | KDM |
| | [Asset analysis and recovery] Review information regarding status for Report (.3); continue draft of Status Report (1.0). | 1.30 | 344.50 | MDV |
| | [Business operations] (Melissa McCarthy) Respond to inquiries from customers and validate claims. | 9.80 | 1,421.00 | mm |
| | [Business operations] (Melissa McCarthy) Prepare letter and documentation for FBI subpoena. | 0.50 | 72.50 | mm |
| | [Case administration] (Mary Dhanji) Reconcile accounts and work on SFAR report for the purposes of the status report. | 0.50 | 50.00 | pl |

| | | | |
|---|---|---|---|
| [Asset analysis and recovery] Work on compiling total list of missing claimants (1.5); continue working on locating missing claimants and contacting them for to obtain current addresses (2.0). | 3.50 | 210.00 | HO |

HOUR TOTALS:            747.30                    $152,609.50

## ATTORNEY/PARALEGAL SUMMARY

| NAME | INTIALS | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| Melanie E. Damian | MME | 46.90 | $265.00 | $12,163.50 |
| Peter F. Valori | PFV | 0.60 | $265.00 | $159.00 |
| Kenneth D. Murena | KDM | 295.70 | $265.00 | $75,896.00 |
| Melissa Damian Visconti | MDV | 75.50 | $265.00 | $19,504.00 |
| Amanda Fernandez | AF | 41.20 | $150.00 | $6,180.00 |
| Casandra Perez Murena | CP | 34.60 | $250.00 | $8,650.00 |
| David M. Carnright | DMC | 0.50 | $150.00 | $75.00 |
| Sara M. Paris | SMP | 18.70 | $200.00 | $3,660.00 |
| Melissa McCarthy | mm | 146.00 | $145.00 | $21,170.00 |
| Harrison Osle | HO | 23.20 | $60.00 | $1,392.00 |
| Paralegal | pl | 20.90 | $100.00 | $2,020.00 |
| Claims process | claims | 43.50 | $40.00 | $1,740.00 |

## DISBURSEMENTS

| | | |
|---|---|---|
| | Pacer Photocopy | 86.10 |
| May-08-14 | Postage   1 @ 0.49 | 0.49 |
| May-15-14 | AT & T Telephone Service HW Manager | 172.03 |
| May-16-14 | Postage   3 @ 0.49 | 1.47 |
| May-21-14 | Postage   1 @ 0.49 | 0.49 |
| May-28-14 | Postage   238 @ 0.49 | 116.62 |
| May-29-14 | Filing Fee: Certified copies of judgment | 88.00 |
| May-31-14 | Photocopies   600 @ 0.12 | 72.00 |
| | Lexis Nexis Data Research Joseph Glenn Commodities | 34.50 |
| | Lexis Nexis Data Research JGF, LLC | 34.50 |

|  | Lexis Nexis Data Research Scott Newcom | 19.00 |
|---|---|---|
|  | Lexis Nexis Data Research Anothy Pulieri | 23.00 |
|  | Lexis Nexis Data Research Isaac Grossman | 23.00 |
|  | Lexis Nexis Data Research London Metals | 34.50 |
|  | Lexis Nexis Data Research NewBridge Metals, LLC | 38.50 |
|  | Lexis Nexis Data Research Frank Lucido | 46.00 |
|  | Lexis Nexis Data Research Pacific Exchange | 8.00 |
|  | Lexis Nexis Data Research Matthew Hall | 23.00 |
|  | Lexis Nexis Data Research William Hionas | 31.00 |
| Jun-04-14 | Filing Fee: Record Fee (Orange County) | 33.00 |
|  | Filing Fee: Record Fee (Palm Beach County) | 88.50 |
|  | Filing Fee: Record Fee (Broward County) | 88.50 |
|  | Filing Fee: Record Fee (Miami Dade County) | 88.50 |
| Jun-05-14 | Postage   4 @ 1.61 | 6.44 |
|  | Postage   4 @ 1.40 | 5.60 |
| Jun-06-14 | Filing Fee: Certified copy of injunction order | 110.00 |
| Jun-11-14 | Filing Fee: certified copies | 29.40 |
| Jun-13-14 | AT & T Telephone Service HW Manager | 119.17 |
|  | Postage   1 @ 0.48 | 0.48 |
|  | Filing Fee: Record fee (Clark County) | 26.00 |
| Jun-16-14 | Filing Fee: certified copies | 1.00 |
| Jun-20-14 | Filing Fee: Record Fee (Orange County) | 6.00 |
| Jun-24-14 | Courier Federal Court 6/4/14 | 52.00 |
|  | Courier Dade Recorder 6/5/14 | 22.00 |
|  | Courier Federal Court 6/11/14 | 34.00 |
|  | Courier Federal Court 6/11/14 | 20.75 |
|  | FedEx Shipment Christopher Gayde 6/13/14 | 26.11 |
|  | FedEx Shipment Jon Baldwin 6/13/14 | 25.84 |
|  | FedEx Shipment Orange County - Clerk of Court 6/24/14 | 25.09 |
|  | FedEx Shipment US Capital Trust 6/25/14 | 14.85 |
|  | FedEx Shipment Newbridge Alliance 6/25/14 | 15.85 |
|  | FedEx Shipment Lloydes Services 6/25/14 | 19.52 |
|  | FedEx Shipment James Burbage 6/25/14 | 19.52 |
|  | FedEx Shipment David Moore 6/25/14 | 20.31 |
|  | FedEx Shipment Lloyds commodities 6/25/14 | 19.52 |
|  | FedEx Shipment Blackstone Metals 6/25/14 | 15.85 |
|  | FedEx Shipment Baris Keser 6/25/14 | 19.52 |
|  | FedEx Shipment Ezzat Jallad/AI Interantioanl Corp. 6/19/14 | 100.54 |
|  | FedEx Shipment:Ezzat Jallad/International Corp. 6/13/14 | 51.04 |
|  | FedEx Shipment Donald Barr 6/13/14 | 25.06 |
|  | FedEx Shipment James Bickel 6/13/14 | 22.45 |
|  | FedEx Shipment Thomas and Paula DeMars 6/13/14 | 26.11 |
|  | FedEx Shipment Gilbert Martin 6/13/14 | 29.70 |

| | | |
|---|---|---|
| | FedEx Shipment Phillip and Patricia Wilhite 6/13/14 | 25.06 |
| | FedEx Shipment Rosamond Red Ribbon Flip 6/13/14 | 26.11 |
| | FedEx Shipment Travis and Rosamond Wilhite 6/13/14 | 26.11 |
| | FedEx Shipment The 1992 Morris Family Trust 6/13/14 | 17.96 |
| | FedEx Shipment James Hogan 6/13/14 | 25.06 |
| | FedEx Shipment Isaac Grossman 6/18/14 | 19.52 |
| | FedEx Shipment Pacific Exchange Group 6/18/14 | 19.52 |
| | FedEx Shipment Pacific Exchange Group 6/18/14 | 14.77 |
| | FedEx Shipment Matthew Hall 6/18/14 | 14.77 |
| | FedEx Shipment Sally Carson 6/13/14 | 44.76 |
| | FedEx Shipment David Manners 6/13/14 | 44.76 |
| | FedEx Shipment Irwin Bray 6/13/14 | 44.76 |
| | FedEx Shipment   Robin Williams 6/2/14 | 18.69 |
| | FedEx Shipment Isaac Grossman 6/18/14 | 15.85 |
| | FedEx Shipment John King 6/25/14 | 19.52 |
| | FedEx Shipment Frank Gaudino 6/25/14 | 19.52 |
| | FedEx Shipment David Moore 6/25/14 | 25.06 |
| | FedEx Shipment Baris Keser 6/25/14 | 19.52 |
| | FedEx Shipment Chadewick Hopkins 6/25/14 | 25.35 |
| | FedEx Shipment Hopkins Financial 6/25/14 | 26.11 |
| | FedEx Shipment Clerk of Court Clark County 6/30/14 | 29.47 |
| | FedEx Shipment Clerk of Court Los Angeles County 6/30/14 | 25.09 |
| | FedEx Shipment Blackstone Metals 6/30/14 | 11.10 |
| | FedEx Shipment Paul Burkhar 6/30/14 | 11.10 |
| Jun-27-14 | Filing Fee: Record fee (Clark County) | 1.00 |
| | Filing Fee: Record Consent Order | 155.50 |
| | Filing Fee: Record Consent Order | 72.00 |
| | Filing Fee: Records Consent Order | 171.50 |
| | Filing Fee: Record Consent Order | 71.50 |
| | Filing Fee: Record Consent Order | 70.00 |
| | Filing Fee: Record Consent Order | 171.50 |
| | Filing Fee: Record Fee Order's Imposing Remedial Sanctions   (Palm Beach County) | 103.50 |
| | Filing Fee: Record Fee Order's Imposing Remedial Sanctions | 103.50 |
| | Filing Fee: Record Fee Order's Imposing Remedial Sanctions | 95.00 |
| | Filing Fee: Record Fee Order's Imposing Remedial Sanctions | 103.50 |
| | Filing Fee: Record Fee Order's Imposing | 80.00 |

|  |  |  |
|---|---|---|
|  | Remedial Sanctions | |
|  | Filing Fee: Record Consent Order | 100.00 |
| Jun-30-14 | Photocopies   1128 @ 0.12 | 135.36 |
|  | Filing Fee: Certified copies of Default Judgment | 172.00 |
|  | Lexis Nexis Data Research Harold Martin | 19.00 |
|  | Lexis Nexis Data Research Fred Jager | 23.00 |
|  | Lexis Nexis Data Research David Moore | 4.00 |
|  | Lexis Nexis Data Research Bert Barr Family LLP | 34.50 |
|  | Lexis Nexis Data Research Frank Lucido | 4.00 |
|  | Lexis Nexis Data Research Fred Jager South Peak Texas | 53.50 |
|  | Lexis Nexis Data Research Fred Jager Hunter Wise Com | 4.00 |
|  | Lexis Nexis Data Research Hunter Wise Financial | 39.00 |
|  | Lexis Nexis Data Research Hunter Wise Holdings | 33.25 |
|  | Lexis Nexis Data Research Hunter Wise Securities | 37.00 |
|  | Lexis Nexis Data Research Hard Asset Lending Group | 4.00 |
|  | Lexis Nexis Data Research Chadewick Hopkins | 4.00 |
|  | Lexis Nexis Data Research Barris Keser | 8.00 |
|  | Lexis Nexis Data Research Blackstone Metals | 4.00 |
|  | Lexis Nexis Data Research David Moore | 8.00 |
|  | Lexis Nexis Data Research Lloyds Commodities | 4.00 |
|  | Lexis Nexis Data Research Lloyds Services | 4.00 |
|  | Lexis Nexis Data Research James Burbage Lloyds Services | 4.00 |
|  | Lexis Nexis Data Research James Burbage Lloyds Commodities | 4.00 |
|  | Lexis Nexis Data Research James Burbage | 8.00 |
|  | Lexis Nexis Data Research Newbridge Alliance | 4.00 |
|  | Lexis Nexis Data Research Frank Gaudino | 4.00 |
|  | Lexis Nexis Data Research John King | 4.00 |
| Jul-01-14 | Postage   1 @ 1.82 | 1.82 |
|  | Postage   5 @ 1.61 | 8.05 |
|  | Postage   4 @ 2.03 | 8.12 |
| Jul-11-14 | AT & T Telephone Service HW Manager | 119.02 |
| Jul-15-14 | Postage   1 @ 1.19 | 1.19 |
|  | Postage   1 @ 3.08 | 3.08 |
|  | Postage   1 @ 1.82 | 1.82 |
|  | Postage   1 @ 2.03 | 2.03 |

|  |  |  |
|---|---|---:|
|  | Filing Fee: Record Consent Order | 1.00 |
|  | Filing Fee: Exemplified Copies of the Final Judgment | 52.00 |
| Jul-22-14 | Court Reporter: Depo. Fred Jager 6/23/14 Attendance and transcript | 619.01 |
|  | Courier Federal court 7/10/14 | 29.00 |
|  | Postage   2 @ 0.48 | 0.96 |
|  | FedEx Shipment James Bickel 7/9/14 | 26.11 |
|  | FedEx Shipment Christopher Gayde 7/16/14 | 26.11 |
|  | FedEx Shipment Ezzat Jallad/International Holdings 7/9/14 | 67.07 |
|  | FedEx Shipment Issac Grossman 7/2/14 | 19.52 |
|  | FedEx Shipment Chadwick Hopkins 7/2/14 | 21.62 |
| Jul-29-14 | Postage   2 @ 1.11 | 2.22 |
|  | FedEx Shipment PGS Capital Wealth Management 7/18/14 | 22.45 |
|  | FedEx Shipment Charles Victoria 7/18/14 | 26.11 |
| Jul-31-14 | Postage   1 @ 0.48 | 0.48 |
|  | FedEx Shipment PGS Capital Credit, Inc. 7/18/14 | 22.45 |
|  | FedEx Shipment Suruchi Banez 7/29/14 | 13.94 |
|  | Lexis Nexis Data Research AI International Corporate Holdings | 12.00 |
|  | Lexis Nexis Data Research PGS Wealth Management | 34.50 |
|  | Lexis Nexis Data Research PGS Capital | 33.25 |
|  | Lexis Nexis Data Research Charles Victoria | 8.00 |
|  | Lexis Nexis Data Research Christopher Gayde | 4.00 |
|  | Lexis Nexis Data Research Arevalo Jorge | 19.00 |
|  | Lexis Nexis Data Research Juan Arevalo | 19.00 |
| Aug-03-14 | Photocopies of Claims Package | 1,455.20 |
| Aug-06-14 | Postage   1 @ 2.24 | 2.24 |
|  | Postage   1 @ 34.00 | 34.00 |
| Aug-11-14 | Postage   9 @ 2.24 | 20.16 |
| Aug-15-14 | Postage   1093 @ 1.11 | 1,213.23 |
|  | Postage   89 @ 2.91 | 258.99 |
|  | Postage   4 @ 5.10 | 20.40 |
|  | Postage   1 @ 4.94 | 4.94 |
|  | Filing Fee: Judgment Lien | 10.00 |
|  | Filing Fee: Judgment Lien | 20.00 |
| Aug-18-14 | Postage   5 @ 2.91 | 14.55 |
|  | Postage   31 @ 1.11 | 34.41 |
| Aug-19-14 | Postage   58 @ 1.11 | 64.38 |
|  | Postage   36 @ 2.91 | 104.76 |
| Aug-20-14 | Postage   3 @ 2.91 | 8.73 |
|  | Postage   2 @ 5.10 | 10.20 |
|  | Postage   71 @ 1.11 | 78.81 |
| Aug-21-14 | Postage   4 @ 2.91 | 11.64 |

|  |  |  |
|---|---|---|
| | Postage   10 @ 1.11 | 11.10 |
| Aug-22-14 | Email Tool | 9.99 |
| | Postage   22 @ 2.91 | 64.02 |
| | Postage   3 @ 8.45 | 25.35 |
| | Parking 8/13/14 | 20.00 |
| | Parking 8/14/14 | 24.00 |
| | Parking 8/15/14 | 20.00 |
| Aug-25-14 | Postage   1 @ 1.11 | 1.11 |
| | Filing Fee: Judgment Lien | 35.00 |
| Aug-26-14 | Postage   4 @ 1.61 | 6.44 |
| | Postage   1 @ 2.24 | 2.24 |
| | Postage   1 @ 0.69 | 0.69 |
| Aug-27-14 | Postage   7 @ 1.61 | 11.27 |
| | Postage   8 @ 1.61 | 12.88 |
| | Postage   1 @ 1.50 | 1.50 |
| Aug-28-14 | Postage   1 @ 2.91 | 2.91 |
| Aug-29-14 | Postage   47 @ 1.61 | 75.67 |
| Aug-31-14 | Webpage design, renewal and hosting | 544.00 |
| | Store age Direct for Las Vegas Storage Fee | 55.00 |
| | Photocopies   13133 @ 0.12 | 1,575.96 |
| | FedEx Shipment Spencer Chupinsky 8/5/14 | 29.84 |
| | FedEx Shipment David Spear 8/8/14 | 25.09 |
| | Lexis Nexis Data Research Lawrence Spain | 27.00 |
| | Lexis Nexis Data Research Derek Bridges | 19.00 |
| | Lexis Nexis Data Research Marcia Jager | 19.00 |
| | Lexis Nexis Data Research Hunter Wise Holdings, LLC | 56.50 |
| | Lexis Nexis Data Research Hunter Wise Financial Group, LLC | 38.25 |
| | Lexis Nexis Data Research Hunter Wise Securities, LLC | 35.50 |
| | Lexis Nexis Data Research South Peak Investments, Inc. | 34.50 |
| | Lexis Nexis Data Research Jagar Family Trust | 18.25 |
| | Lexis Nexis Data Research Jagar Irrevocable Trust | 4.00 |
| | Lexis Nexis Data Research Hunter Wise Holdings | 40.75 |
| | Totals | $11,989.45 |

**Total Fee & Disbursements**                    $164,598.95

**Balance Now Due**                    $164,598.95

**Terms: Balance Due Upon Receipt**

TAX ID Number        20-1324240